# EXHIBIT 1

# HOSIE | RICE LLP



**FENWICK & WEST LLP**

Transamerica Pyramid, 34th Floor
600 Montgomery Street
San Francisco, California 94111
T: 415.247.6000
F: 415.247.6001

Spencer Hosie
(415) 247-6000
shosie@hosielaw.com

555 California Street, 12th Floor
San Francisco, CA 94104
Tel: 415.875.2300
Fax: 415.281.1350

Michael J. Sacksteder
(415) 875-2450
msacksteder@fenwick.com



213 North Fredonia
Longview, Texas 75601
T: 903.230.9090

Bo Davis
(903) 230-9090
bdavis@davisfirm.com

April 29, 2019

The Honorable Rodney Gilstrap
United States District Court for the Eastern District of Texas
Sam B. Hall, Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, Texas  75670

Re:   *Implicit, LLC v. Imperva, Inc.*, Civil Action No. 2:19-cv-00040-JRG-RSP

Dear Judge Gilstrap:

      Plaintiff Implicit, LLC ("Implicit") and Defendant Imperva, Inc. ("Imperva") submit this joint letter pursuant to the Court's Standing Order Regarding Motions Under 35 U.S.C. § 101.  The parties disagree on whether prior claim construction is not needed to inform the Court's analysis as to patentability.  *See* ECF No. 15 at 16.  Implicit contends that, because Imperva's motion seeks to broaden the scope of Implicit's patent claims far beyond their plain meaning—and far beyond the constructions this Court has previously provided, claim construction is needed.  Imperva contends that no construction of any claim term is necessary to inform the Court's analysis as to patentability.  Rather, under any reasonable construction of any of the terms, the challenged patents claim ineligible subject matter, and Implicit has failed to show otherwise.  Further, Implicit has not identified any terms that the Court needs to construe ***in this case***; it has only identified terms that the Court has ***already construed*** in other cases.  Even provisionally accepting these constructions, the Court can find the claims patent-ineligible.  The parties have met and conferred, but have been unable to resolve the dispute.

## IMPLICIT'S STATEMENT

Imperva's § 101 motion challenges three related Implicit Patents, U.S. Patent Nos. 8,056,779 (the '779 Patent), 8,056,075 (the '075 Patent), and 9,325,740 (the '740 Patent) (collectively, the "Applet Server Patents"). The Applet Server Patents all descend, through a chain of continuations, from a single parent, U.S. Patent No. 6,324,685 (the '685 Patent) and all share a common specification. The Court and Implicit have previously dedicated substantial resources to construing claim terms from both the '740 and '779 Patents (both at issue here) and the parent '685 Patent—twice.

In *Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-cv-80, ECF No. 115 (ED. Tex. March 29, 2017) (attached as Ex. A), the Court construed:

"applet" (which appears in the '779 and '075 claims) to mean "program instructions provided as a self-contained program or as a code fragment associated with a larger application";

"application" (which appears in the '740 claims) to mean "program designed to assist in the performance of a specific task";

"source code" (which appears in the '779 and '740 claims) to mean "code in the form of a higher level language such as C, C++, Java, Visual Basic, ActiveX, Fortran, and Modula";

"resource" (which appears in the '740 claims) to mean "data object containing code that: (1) is an application, (2) is an applet, or (3) can be used to build an application or applet";

"optimizing" (which appears in claims of all Applet Server Patents) to mean "making improvements to applets by substituting functionally equivalent code"; and

"transformation operation" (which appears in the '790 and '740 claims) to mean "operation that modifies code." Although "transforming" (which appears in the '075 and '779 claims) has not been construed, Implicit contends that it should receive a similar construction: "modifying code."

In *Implicit, LLC v. Huawei Technologies USA, Inc.*, No. 6:16-cv-182-JRG, ECF No. 101 (E.D. Tex. March 6, 2018) (attached as Ex. B) the Court construed "application," "source code," "transformation operation," and "resource" consistent with its constructions in *Trend Micro*. Although not a party to the prior claim constructions, Imperva appears to concede the correctness of those constructions in its half of this joint letter.

Without prior claim construction, Imperva's § 101 Motion turns on interpretations of these terms contrary to the meaning they have been given by this Court, Implicit, and (for many terms) prior defendants. The main thrust of Imperva's motion is that the Applet Server Patents are dedicated to no more than "retrieving, transforming, and sending requested **information**." *See, e.g.*, ECF No. 15 at 4. But that is wrong.

First, none of the Applet Server patent claims are related to the provision of generalized "information." The "claims of the '740 Patent are directed to providing applet source-code resources, not just any data object . . ." Ex. A. at 36. The '779 and '075 involve provision of "applets." As previously construed by this Court, these terms make plain that the inventions claimed by the Applet Server Patents are "directed to improvements in the functioning and operation of" a computer system, which "are patent eligible." *See, e.g., Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018). Contrary to Imperva's analogies (*see* ECF 15 at 8), applications, applets, and resources are not hamburgers or cans of paint.

Second, Imperva's § 101 Motion characterizes the "transforming" and "optimizing" steps as "functional and generic." ECF No. 15 at 12. Again, that conflicts with the Court's prior

April 29, 2019
Page 3

constructions. Transformation specifically involves modifying code—transformers "transform (change the form) of the application without changing the format of the application[.]" Ex. A. at 33. Transforming can include, among other things, "optimizing" and "verifying." Verification involves a particular and concrete task specific to computers: "analyz[ing] input code and determin[ing] areas that might not be safe" and then "encas[ing]" unsafe code "with new code that specifically prevents this unsafe code from being executed." Ex. A. at 45 (quoting parent '685 specification). And optimizing means "making **improvements** to applets by substituting functionally equivalent code." Ex. A at 13. Improving applets is neither functional nor generic – rather it is an "improvement[ ] in the functioning and operation of" a computer system.

The intrinsic evidence that supports the constructions above are set forth in the table below.[1]

| Term | Patent (Claims) | Intrinsic Evidence (all specification citations are to the '075 specification) |
|---|---|---|
| applet | '779 (1, 12, 18)<br>'075 (1-3, 6-13) | 3:19-24 |
| application | '740 (11) | Specification: 1:16-18, 3:19-24, 3:38-46; '740 Patent, claim 11 |
| source code | '740 (1, 3-4, 8, 12-13, 19-20)<br>'779 (1-3, 8-9, 12, 18) | Specification: 3:30-33 |
| resource | '740 (1-16, 18-20) | Specification: Figs. 1, 2A, 2B, 3; Abstract; 2:10-14, 2:21-25, 4:6-25, 4:43-45, 4:49-51 |
| optimizing | '740 (15)<br>'075 (1)<br>'779 (20) | Specification: 6:6-14 |
| transformation operation | '740 (1, 16, 19)<br>'779 (16) | Specification: 3:56-64, 5:23-33, 3:65-4:25, 4:49-51, 4:64-5:6, 5:34-60, 6:6-14; Fig. 3 |
| transforming | '075 (3)<br>'779 (9) | Specification: 3:56-64, 5:23-33, 3:65-4:25, 4:49-51, 4:64-5:6, 5:34-60, 6:6-14; Fig. 3 |

---

[1] Imperva claims that Implicit was unprepared at the parties' meet and confer held on April 18, 2019. But that is not true. Imperva refused to provide more than a high-level summary of its arguments and specifically refused to provide a draft of its motion to help inform the meet and confer. Nevertheless, Implicit identified both "source code" and "applet" prior to the meet and confer and also asked: "To which" of this Court's "prior constructions will you stipulate?" Imperva did not answer this question during the meet and confer, but now seems willing to concede that the Court's prior constructions are correct.

## IMPERVA'S STATEMENT

Implicit has failed to meet its burden of establishing that claim construction proceedings are necessary prior to resolving Imperva's motion under 35 U.S.C. § 101. The Court's Standing Order requires respondent to identify "in particular, any claim terms that the respondent believes need to be construed, why such is needed, and what intrinsic references support such position." (Standing Order at 2.) Implicit, however, fails to identify a single term that requires construction. Rather, it cites only prior constructions *already made* by this Court, which do not need to be further construed. Implicit also fails to provide any explanation of *why* any construction is necessary prior to resolving Imperva's motion. By its silence, Implicit tacitly admits that no additional claim construction is necessary for the Court to resolve Imperva's motion to dismiss. Imperva agrees.

### I. Implicit Identifies Only Prior Constructions

Implicit does not identify a single new term that needs to be construed prior to the Court's determination of Imperva's motion.[2] Instead, Implicit identifies six terms previously considered and construed by this Court.[3] Yet, the mere existence of prior constructions does not alone warrant delaying a ruling on Imperva's motion as argued by Implicit. To the contrary, courts routinely adopt provisional constructions, including prior constructions, that favor the non-moving party for purposes of deciding a motion to dismiss. *See, e.g.*, *DeLorme Publ'g Co., Inc. v. BriarTek IP, Inc.*, 60 F. Supp. 3d 652, 663 (E.D. Va. 2014), *aff'd*, 622 Fed. Appx. 912 (Fed. Cir. 2015). Therefore, to the extent the prior constructions are deemed relevant to Imperva's motion, the Court can apply the prior constructions as those most favorable to Implicit within the two-step *Alice* test and still conclude that the claims of the Applet Server Patents are unpatentable.

### II. Implicit Fails to Explain Why Construction Would Inform the Court's Analysis

Implicit offers no meaningful explanation as to why construction of any term would alter the Court's patentability analysis, and more importantly, why a ruling on Imperva's motion should be deferred until claim construction proceedings occur. Instead, Implicit argues that applying the Court's prior constructions *per se* demonstrates the Applet Server Patents are somehow patent-eligible. This conclusory argument provides no basis for delaying resolution of Imperva's motion. In any event, Implicit is free to make such arguments in its opposition briefing, but even on the merits, these arguments fall short.

First, construction of the identified terms—or any of the terms in the Applet Server Patents—is unnecessary to evaluate the abstract nature of the asserted claims because they are simple and straightforward, as this Court and others have found on several occasions. *See, e.g.*, *Clear with Computers, LLC v. Altec Indus., Inc.*, No. 6:14-CV-79, 2015 WL 993392, at *5 (E.D. Tex. Mar. 3, 2015) (Gilstrap, J.), *aff'd*, 636 F. App'x 1015 (Fed. Cir. 2016); *Lumen View Tech.*

---

[2] Prior to the meet and confer, Imperva informed Implicit of the patents it would be challenging under Section 101, and identified the representative claim and abstract idea. Nevertheless, Implicit was unprepared to meaningfully confer and was unable to identify any claim terms that required construction, much less explain their relevance to a Section 101 analysis, during the parties' telephonic meet and confer on April 18, 2019. As a courtesy, Imperva agreed to allow Implicit five days to review Imperva's motion as filed and to provide its claim construction position, on or by Wednesday, April 24. Implicit failed to do so, and did not provide a complete description of its positions until Friday, April 26, one business day before this letter was due to be filed.

[3] Contrary to Implicit's assertion, Imperva takes no position regarding the correctness of the Court's prior constructions.

*LLC v. Findthebest.com, Inc.*, 984 F. Supp. 2d 189, 205 (S.D.N.Y. 2013) (claim construction unnecessary where the claims at issue were "straightforward" and "[n]o components are opaque such that claim construction would be necessary to flush out its contours"); *Wireless Media Innovations, LLC v. Maher Terminals, LLC*, 100 F. Supp. 3d 405, 413 (D.N.J. 2015), *aff'd*, 636 Fed. Appx. 1014 (Fed. Cir. 2016) (where the "basic character of the claimed subject matter in dispute is clearly evident to the Court," no further construction of the claims is required) (citations omitted). As set forth in Imperva's motion, the Applet Server Patents functionally claim methods and systems for a generic computer server that: i) receives client requests for information (or "code" referred to as "applets" in the '075 patent and '779 patent, and as "resources" in the '740 patent); ii) retrieves the information from an external network; iii) transforms the information; and iv) sends the information to the requesting client. (*See* ECF No. 15 at 2.) There is nothing particularly complex or opaque about the Applet Server Patent claims which would require construction, and Implicit has not argued otherwise. *Cf. Clear with Computers*, 2015 WL 993392, at *5. The claims of challenged patents are simple and straightforward, and thus, there is no reason to delay ruling on Imperva's motion.

Second, even after provisionally adopting the Court's prior constructions for terms in the Applet Server Patent claims, the claims remain directed to the abstract idea of retrieving, transforming, and sending requested information, and further lack any an inventive concept to save the claims under Section 101. No claim construction is needed, because under any reasonable construction of the claims and terms, the Applet Server Patents are directed to this same abstract idea and fail to recite any unique methods or components to perform the claimed generic functions. *Pres. Wellness Techs. LLC v. Allscripts Healthcare Sols.*, No. 2:15-CV-1559-WCB, 2016 WL 2742379, at *6 (E.D. Tex. May 10, 2016) ("Where it is clear that claim construction would not affect the issue of patent eligibility, there is no requirement that the court go through that exercise before addressing the eligibility issue."). Even applying the prior constructions for "applet," "source code," and "resource," the claims still recite the same abstract idea of retrieving, transforming, and sending the requested "applet," "source code" or "resource." At best, these constructions merely limit these abstract concepts to a particular technical environment, but that by itself **cannot** impart patent eligibility. *See, e.g.*, *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014). Construction of these terms is therefore irrelevant and unnecessary to evaluating the abstract nature of the asserted claims.

Finally, Implicit's bare assertions fail to meet the spirit or letter of the Court's Standing Order. The Federal Circuit and this Court have rejected similar conclusory arguments where the patentee does not explain "how the analysis would change" with construction. *Network Architecture Innovations, LLC v. CC Network Inc.*, No. 2:16-cv-00914-JRG, 2017 WL 1398276, at *4 (E.D. Tex. Apr. 18, 2017) (Gilstrap, J.) (holding that further construction was not necessary to resolve defendant's 12(b)(6) motion where patentee "failed to explain how claim construction might alter the § 101 analysis"); *CyberFone Sys., LLC v. CNN Interactive Grp., Inc.*, 558 F. Appx. 988, 991 (Fed. Cir. 2014) (affirming decision not to engage in claim construction before deciding patent eligibility where patentee had not explained "how the analysis would change").

Implicit identifies no new terms and fails to explain why *any* claim construction would inform the Court's analysis of Imperva's motion. Under any reasonable construction, the Applet Server Patents fail to satisfy the two-part *Alice* test for patentability under Section 101. Imperva therefore respectfully requests the Court rule that prior claim construction is not needed before the Court can rule on Imperva's Motion to Dismiss.

April 29, 2019
Page 6

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Spencer Hosie* | */s/ Michael J. Sacksteder* |
| Spencer Hosie | Michael J. Sacksteder |
| *Lead Counsel for Plaintiff Implicit, LLC.* | *Lead Counsel for Defendant Imperva, Inc.* |