**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19-cv-00040-JRG-RSP |
| | ) | LEAD CASE |
| v. | ) | |
| | ) | Case No. 2:19-cv-00042-JRG-RSP |
| SOPHOS LTD. | ) | MEMBER CASE |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SOPHOS LTD.'S MOTION TO TRANSFER
BASED ON FORUM SELECTION CLAUSE IN LICENSE AGREEMENT**

## Table of Contents

FACTUAL AND PROCEDURAL BACKGROUND ................................................................. 2

    A.    The Intel License ........................................................................................... 2

    B.    Implicit's Allegations Against Sophos ............................................................ 3

          1.    Background on Sophos and the Accused Products .................................. 3

          2.    Implicit Voluntarily Dismisses Its First Lawsuit Against Sophos After Alleging Infringement Based on Intel Processors ........................... 4

          3.    Implicit Again Alleges Infringement by Sophos Hardware Despite the Intel License ................................................................................ 5

ARGUMENT .......................................................................................................... 6

I.    LEGAL STANDARD ........................................................................................ 6

II.    THE COURT SHOULD TRANSFER THIS CASE TO DELAWARE ........................... 6

    A.    The Case Could Have Been Brought In the District of Delaware ....................... 6

    B.    Sophos's License Defense Has Triggered the ██████████ ............... 7

          1.    Sophos Has A Strong License Defense Across All of Implicit's Claims ................................................................................................ 8

          2.    Implicit's Argument that the Intel License Does Not Extend to Certain Apparatus and "Computer Readable Memory" Claims is Wrong ............................................................................................. 11

    C.    The Public Factors Do Not Outweigh the ██████████ ................... 13

          1.    The administrative difficulties flowing from court congestion. .............. 14

          2.    The local interest in having localized interests decided at home............. 14

          3.    The familiarity of the forum with the law that will govern the case........ 15

          4.    The avoidance of unnecessary problems of conflict of laws or in application of foreign law. ................................................................ 15

CONCLUSION ....................................................................................................... 15

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Advanced Reimbursement Mgmt., LLC v. Plaisance*,
2019 WL 2502931 (D. Del. June 17, 2019)...................................................................14

*Advanceme Inc. v. RapidPay, LLC*,
509 F. Supp. 2d 593 (E.D. Tex. 2007),
*aff'd*, 277 F. App'x 1023 (Fed. Cir. 2008) ..................................................................13

*Atl. Marine Const. Co. v. United States Dist. Court*,
571 U.S. 49 (2013)...............................................................................................1, 6, 13

*Gen. Protecht Grp. Inc. v. Leviton Mfg. Co.*,
651 F.3d 1355 (Fed. Cir. 2011)........................................................................................8

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009).....................................................................................14

*Graphics Properties Holdings, Inc. v. ASUS Computer Int'l, Inc.*,
2014 WL 4929340 (D. Del. Sept. 29, 2014)..................................................................12

*Hadley v. Shaffer*,
2013 WL 21960406 (D. Del. Aug. 12, 2003) ..................................................................7

*In re HTC Corp.*,
889 F.3d 1349 (Fed. Cir. 2018)........................................................................................8

*Implicit, LLC. v. Netscout Systems, Inc.*,
2:18-cv-53-JRG (E.D. Tex.) .............................................................................................5

*Implicit, LLC. v. Sophos Ltd.*,
2:18-cv-47-JRG (E.D. Tex.) .............................................................................................4

*Ingres Corp. v. CA, Inc.*,
8 A.3d 1143 (Del. 2010) .................................................................................................14

*Jacobs v. Nintendo of Am., Inc.*,
370 F.3d 1097 (Fed. Cir. 2004).......................................................................................13

*Mirror Worlds Techs., LLC v. Apple Inc.*,
2015 WL 179072 (E.D. Tex. Jan. 14, 2015)..................................................................12

*Tessera Advanced Techs., Inc. v. Samsung Electronics Co.*,
2018 WL 8014281 (E.D. Tex. Sept. 5, 2018) ........................................................ *passim*

*Uniloc USA, Inc. v. Cisco Sys., Inc.*,
2017 WL 959856 (E.D. Tex. Mar. 13, 2017) ................................................................. *passim*

*Zix Corp. v. Echoworx Corp.*,
2016 WL 7042221 (E.D. Tex. June 9, 2016) .................................................................8, 10, 12

**Statutes**

28 U.S.C. § 1404 .................................................................................................................1, 6, 7

A ███████████████ in a license agreement between Implicit and Intel, the supplier of

██ processors and ████████ memory used in the Sophos products accused here, mandates that ██

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████ Fischer Decl., Ex. A § 12.12.  "Proper application of § 1404 requires that

a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atl.*

*Marine Const. Co. v. United States Dist. Court,* 571 U.S. 49, 59-60 (2013).  Thus, the court should

transfer this case to the District of Delaware.

Sophos has a substantial defense to Implicit's claim of patent infringement based on

Implicit's previous license agreement with Intel.[1]  Indeed, Implicit has already ████████████

████████████████████████████████████ in view of Sophos's license defense.

Implicit does not dispute that Sophos is a third party beneficiary to the Intel License.  Nor does

Implicit dispute that the Intel License applies to Sophos's products and to the asserted patents.

Nevertheless, Implicit attempts to thread the needle ███████████████████████████████

████████████████████████████████████████████████.  Implicit is

wrong on the merits, but that is an issue for another day.  By this motion, Sophos seeks only to

enforce the █████████████████████ in the Intel License that any████████████████████

████████████████████████████████████████████████████.

Under controlling Federal Circuit law, all Sophos needs to show is that its license defense

is "non-frivolous" and "viable."  Sophos easily clears that low bar.  Its license defense is

substantial; ███████████████████████████████████████████████████████████

█████████before claim construction and any fact discovery, yet Implicit still disputes whether the

---

[1] Sophos also has non-infringement and invalidity defenses to Implicit's claims that do not rely upon the
Intel License.

Intel License applies to the ████████████████████████████. Under the forum selection clause, the District of Delaware should resolve that dispute.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Intel License

On ███████████████, Implicit and Intel entered into a Patent Settlement and License Agreement (the "Intel License") to resolve a patent lawsuit Implicit filed against Intel alleging infringement of U.S. Patent No. 6,629,163 (the "'163 patent").  *See* Fischer Decl., Ex. A.  Under the agreement, █████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████.  *See id.* § 1.2(a).[2]  Intel also received the right to engage in ████████████████████████████████████████ █████████████ which was defined broadly to include ████████████ ██████████████████████████████████████████████████████ ███████████████████████████

In addition to the direct license granted to ██████████████████████ ████████████████████ For example, Implicit also granted██████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████ ██████████████████ █████████████████ ██████████████████████████████████████████████████████ ███████████████████████████████ ███████████████████

Similarly, ████████████████████████████████████████████████████:

────────────────────────────
[2] ███████████████████████ is defined to include ███████████████████████.  *See id.* ¶¶ 9-11.  It also extends to ██████████



Most relevant here, the Intel License contains a ████████████████████████████ ████████████████ that provides: ████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ also provides that the agreement should be interpreted in accordance with the ████████████ ████████████████████████████████████

## B.    Implicit's Allegations Against Sophos

### 1.    Background on Sophos and the Accused Products

Sophos is a global provider of end-user and network security solutions.  Its products include software and hardware devices that offer communication endpoint protection, web and network security, email security, and mobile security.  Among its many products, Sophos offers two products at issue in this case: the Sophos "SG" Unified Threat Management ("UTM") firewall and its next-generation firewall product, the "XG Firewall."  End-user customers may purchase Sophos SG and XG Firewalls as stand-alone hardware appliances, as downloadable software that customers may run on their own hardware devices, or as software that is run on the "cloud."  The

Sophos SG and XG hardware appliances ███████ use Intel-supplied chipsets for ██ processing. *See* Declaration of Udo Kerst ("Kerst Decl."), ¶¶ 3-4, Ex. 1  In addition, t█████████████████████████

████████████████████████████████████████████████████████████

███████████████ for long-term memory.  *See* Kerst Decl. ¶ 5.[3]

2. <u>Implicit Voluntarily Dismisses Its First Lawsuit Against Sophos After Alleging Infringement Based on Intel Processors</u>

Implicit[4] first sued Sophos in this Court on February 26, 2018.  *See Implicit, LLC. v. Sophos Ltd.*, 2:18-cv-47-JRG (E.D. Tex.).   In that case, Implicit alleged that Sophos's XG Firewall infringed three patents in Implicit's "Demux Patent Family"—U.S. Patent Nos. 8,694,683, 9,270,790, and 9,591,104.  *Id.*, D.I. 1.  The three patents share a specification with the '163 patent at issue in the Intel case and all claim priority to the application that led to the '163 patent.  Implicit served its Patent Rule 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions on Sophos on June 18, 2018.   In its Infringement Contentions, Implicit expressly based its infringement claim on publicly available information showing that Sophos's XG Firewall used Intel processors.  For example, in alleging infringement of apparatus claims that require a "processing unit," ███████████████████████████████████████████████████

██████████████████████████████  *See* Fischer Decl., Ex. B. at 1-2.

Implicit produced the Intel License to Sophos on August 10, 2018.  *See id.*  Sophos immediately informed Implicit that it had breached the Intel License ████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████.  *See id.* at 3-4.  In connection with

---

[3] ████████████████████████████████████████████████████████████

██████████████████████████████

[4] The named Plaintiff in this case, Implicit, LLC is the successor-in-interest to Implicit Networks, Inc. ████████████████████████████████████████████████████████████

████████████████████████████████.

those discussions and as part of its document production obligations under Patent Rule 3-4, Sophos produced to Implicit a hardware specification showing that ██████████████ ████████████████████████████████████████████████. Kerst Decl., Ex. 1. On October 31, 2018, Implicit filed an Unopposed Notice of Dismissal Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A). *See Implicit, LLC. v. Netscout Systems, Inc.*, 2:18-cv-53-JRG (E.D. Tex.), D.I. 64. The Court then dismissed the case. *See id.* at D.I. 66.

### 3. Implicit Again Alleges Infringement by Sophos Hardware Despite the Intel License

Three months after dismissing its first case against Sophos, Implicit—represented by new counsel—filed the instant lawsuit on February 4, 2019, alleging that Sophos's XG and SG Firewalls infringe four patents. Three of the patents are referred to as the "Applet Server Patents"—U.S. Patent Nos. 8,056,075, 8,856,779 (the "'779 patent"), and 9,325,740 (the "'740 patent"). U.S. Patent No. 10,225,378 (the "'378 patent") is a continuation of the "Demux" patents at issue in Implicit's initial case against Sophos. D.I. 14.

Sophos again promptly raised the Intel License and asked Implicit to dismiss this case. *See* Fischer Decl., Ex. C. Instead of dismissing the case, Implicit served elaborate infringement contentions in ████████████████████████. In its contentions, Implicit ██████████ ████████████████████████████████████████████████ ██████████████ For example, Implicit ██████████████████████████ ████████████████████████████████████████████████ ██████████████████ *Id.*, Ex. D at 2, 4. In other words, ██████████ ████████████████████████████████████████████████ ██████████████. ████████████████████████████████ ████████████████████████████████████████████████

█████████████████████████. As an example, Implicit alleges that claims 16-20 of the

'378 patent are infringed by ████████████████████████████

████████████████████████████ ███████████ Implicit's

contentions based on these claims ignore that the accused products include Intel processors and,

therefore, are ████████████████████.

## ARGUMENT

## I.  LEGAL STANDARD

Motions to transfer based on a forum selection caused are enforced through 28 U.S.C.

§ 1404. *See Atl. Marine*, 571 U.S. at 52. In most cases, the transfer inquiry under § 1404 is guided

by the court's evaluation of various private and public factors. If "the movant asserts a forum

selection clause in a motion to transfer" and the "court concludes that the forum selection clause

is" properly invoked, however, then the "§ 1404 analysis is altered in two relevant ways: (1) the

plaintiff's choice of forum merits no weight, and (2) the district court should consider arguments

about public interest factors only." *Uniloc USA, Inc. v. Cisco Sys., Inc.*, 2017 WL 959856, at *2

(E.D. Tex. Mar. 13, 2017) (citing *Atl. Marine*, 571 U.S. at 63-64). In addition, "[a]s the party

defying the forum-selection clause, the plaintiff bears the burden of establishing that the transfer

to the forum for which the parties bargained is unwarranted." *Atl. Marine*, 571 U.S. at 63.

"[P]roper application of § 1404 requires that a forum-selection clause be 'given controlling weight

in all but the most exceptional cases.'" *Id.* at 59-60. As a result, "[o]nly under extraordinary

circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."

*Id.* at 62. This is not one of those extraordinary cases.

## II.  THE COURT SHOULD TRANSFER THIS CASE TO DELAWARE

### A.  The Case Could Have Been Brought In the District of Delaware

Under § 1404, the Court may transfer this case "to any other district or division where it

might have been brought." 28 U.S.C. § 1404. Sophos claims third-party beneficiary status to the Intel License, and is subject ███████████████████ in the Intel License that provides

███████████████████████████████████████████████████████████

███████████████████████████████████████████ *see also Hadley v. Shaffer*, 2013 WL 21960406, at *4 (D. Del. Aug. 12, 2003) ("Delaware law prohibits third-party beneficiaries from reaping the benefits of a contract they seek to enforce, while, at the same time, avoiding the burdens or limitations of the contract, such as a forum selection clause.").

Moreover, Implicit also cannot argue that Sophos Ltd. is not subject to personal jurisdiction in Delaware. In opposing Sophos's motion to dismiss, Implicit claimed that this Court had personal jurisdiction over Sophos Ltd. because Sophos maintains a global website, sophos.com, "designed to be accessed by users in the United States" and that "indicates that a number of [Sophos's] partners are located in the United States and more specifically in [the Eastern District of Texas]." D.I. 23 at 3-4. Those arguments apply with equal force to Sophos Ltd.'s Delaware-based contacts.[5] Sophos Inc. has entered into reseller and partner agreements with third-parties in Delaware. Fischer Decl., Ex. E. And like the end-users and resellers in Texas that are able to access Sophos's global website, the end-users and resellers in Delaware have access to Sophos's website. Thus, if Sophos Ltd. is subject to personal jurisdiction in Texas, it is also subject to personal jurisdiction in Delaware. Nor can Implicit contend venue is improper in Delaware. *See In re HTC Corp.*, 889 F.3d 1349, 1361 (Fed. Cir. 2018).

   **B.     Sophos's License Defense Has Triggered the** ████████████████

The ███████████████ in the Intel License requires that ███████████████████

---

[5] Sophos Ltd. maintains that these allegations are insufficient for this Court to exercise personal jurisdiction over it. Nevertheless, this Court should only reach Sophos's Motion to Transfer if it has concluded that it can exercise personal jurisdiction over Sophos Ltd. In that scenario, the same arguments made by Implicit that convinced this Court that its exercise of jurisdiction is proper must apply equally to the District of Delaware.

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████. Federal Circuit law applies to the determination of whether an accused infringer's license defense triggers the application of a forum selection clause in a license agreement. *See Gen. Protecht Grp. Inc. v. Leviton Mfg. Co.,* 651 F.3d 1355, 1359 (Fed. Cir. 2011). "[W]hen making the threshold determination as to the applicability of the forum selection clause, the Federal Circuit has instructed that the nexus between the present case and the alleged license defense must be 'non-frivolous.'" *Tessera Advanced Techs., Inc. v. Samsung Electronics Co.,* 2018 WL 8014281, at *2 (E.D. Tex. Sept. 5, 2018) (quoting *General Protect Grp.*, 651 F.3d at 1359.) In evaluating the continuum between a "frivolous" defense at one extreme and a "conclusive showing of success" at the other extreme, this Court has remarked that the "attachment point" is "[a]lmost assuredly … found before we reach the mid-point of the spectrum" and it is "[p]robably … found nearer the one-quarter marker." *Zix Corp. v. Echoworx Corp.*, 2016 WL 7042221, at *3 (E.D. Tex. June 9, 2016). "Notably, the Court's inquiry at this stage is merely to determine the viability of [a party's] license defense as a procedural matter." *Uniloc*, 2017 WL 959856, at *2.

1.    <u>Sophos Has A Strong License Defense Across All of Implicit's Claims</u>

Implicit cannot in good faith dispute that Sophos's license defense is "non-frivolous" and "viable." The Intel License expressly ████████ that Implicit ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████  ████████████████████████

Sophos is a third-party beneficiary of the license. The Intel License provides, without

8

qualification, that ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████ There is also no dispute that the Intel License extends to t████████

██████. All four Asserted Patents in this case claim priority back ███████████████

███████████ and therefore ███████████████████████████████████████

████████████████████████. *See id.* at ¶ 16.[6]

Implicit has effectively conceded that Sophos's license defense has substantial merit.

Implicit *voluntarily dismissed* its first case against Sophos after Sophos raised the Intel License

defense and sought ███████████████████████████ Now, in this case, Implicit ████████

██████████████████████████████████████████████████. ████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████ *E.g.,* Fischer Decl., Ex. D at 2. Yet, █████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████ ███████

██████████████████████ This chart illustrates the tenuous line Implicit is trying to draw for the asserted

claims of the '740 patent. Implicit ███████████████████████████████████████

███████████████████████████████

---

[6] Accordingly, the Asserted Patents fall within the ████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████

| Claim 1 (███████████████████████████████) | Claim 19 (██████████████████████████████) |
|---|---|
| 1. A non-transitory computer-readable storage medium having stored thereon instructions that are executable to cause a computer system to perform operations comprising: | 19. A computer system, comprising: |
|  | a processor; and |
|  | a non-transitory computer-readable storage medium having stored thereon instructions that are executable by the processor to cause the computer system to perform operations comprising: |
| receiving, at the computer system, a first HTTP request from a first client computer for a resource, wherein the resource includes source code; | receiving, at the computer system, an HTTP request from a client computer for a resource, wherein the resource includes source code; |
| producing, by the computer system, the resource for the first client computer, wherein the producing includes: | producing, by the computer system, the resource, wherein the producing includes: |
| conveying, by the computer system, a request for the resource to an external network; | conveying, by the computer system, a request for the resource to an external network; |
| receiving, at the computer system, the resource from the external network; and | receiving, at the computer system, the resource from the external network; and |
| performing, by the computer system, a transformation operation on the resource; and | performing, by the computer system a transformation operation on the resource; and |
| sending, by the computer system, the produced resource to the first client computer in response to the first HTTP request | sending, by the computer system, the produced resource to the client computer in response to the HTTP request. |

As shown above, the two claims are substantively identical and directed toward the same alleged invention.  It defies all common sense that ████████████████████████████████ ████████████████████████████████.  The case for transfer here is considerably stronger than it was in *Zix, Uniloc,* and *Tessera.  See, e.g., Zix,* 2016 WL 7042221, at *4 (concluding that the "implied license defense is strong enough to not be wholly frivolous and to have traversed the continuum a sufficient distance to reach the point contemplated by the Federal Circuit"); *Uniloc USA,* 2017 WL 959856, at *4 (transferring where arguments in opposition to transfer "demonstrate nothing more or less than the fact that there is a live dispute between the

parties regarding Cisco's license defense."); *Tessera*, 2018 WL 8014281, at *3 (transferring "[r]egardless of the extent that the Court needs to interpret the [agreement]….").

2. Implicit's Argument that the Intel License ███████████ ████████████████████████████████████ Claims is Wrong

The crux of Implicit's (second) case against Sophos is the incorrect belief that it can craft contentions around the Intel License by alleging that Sophos's ████████████████████ ███████████████████████████████████████. Implicit contends that ███████████████████████████████████████████████████████████. According to Implicit, such allegations fall within █████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ As a threshold matter, Implicit cannot avoid the Intel License by pointing to the ███████ in Sophos's hardware because, ██████████████████████████████████████. For example, Implicit alleges that the Sophos SG 210, SG 230, SG 310, SG 330, SG 430, SG 450, SG 450, SG 550, and SG 650 appliances infringe claims 12-17 of the '779 patent, and claims 1-4 and 7-18 of the '740 patent. As explained above and in documents produced to Implicit's former counsel (who elected to voluntarily dismiss its case against Sophos), ████████████████████ ██████████████████████████████

Moreover, even for the SG and XG Firewalls that do not contain ████████████████ Implicit's argument fails on the merits. Implicit's premise—██████████████████████ ███████████████████████████████████—is wrong. As illustrated above, claim 1 of the '740 patent, for example, is directed toward instructions that cause "a computer

system" to take certain steps. In the case of the Sophos hardware products, the "computer system" *is* (or at least requires) the Intel processor. *See, e.g., Mirror Worlds Techs., LLC v. Apple Inc.*, 2015 WL 179072, at \*4 (E.D. Tex. Jan. 14, 2015); *Graphics Properties Holdings, Inc. v. ASUS Computer Int'l, Inc.*, 2014 WL 4929340, at \*17 (D. Del. Sept. 29, 2014). Similarly, Implicit alleges that Sophos's Intel-containing hardware infringes claim 16 of the '378 patent, which is directed toward an "apparatus" that comprises "one or more memories storing program instructions *executable by the apparatus*" to perform certain functions. Without the Intel processors in Sophos's accused hardware, the accused "program instructions" are not "executable by the apparatus." Implicit's claims do require the presence of processors in the accused devices, and in the case of the accused devices, those processors are supplied by Intel.[7]

Implicit is also wrong that it has limited its claims to alleged infringement that do not require "any steps actually be carried out." For example, Implicit claims "Sophos's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers *to use* the Server Accused Products … and instructing such consumers … how *to use* the Server Accused Products in the ordinary, customary, and intended way, which Sophos knows or should know infringes at least claim 1 of [the Asserted Patents]." D.I. 12 ¶ 28; *see also id.* ¶¶ 34, 40, 46. Similarly, whether Sophos can be liable as a willful infringer depends on, among other things, the reasonableness of its position that the Intel License extends to all claims of infringement against Sophos. *Advanceme Inc. v. RapidPay, LLC*, 509 F. Supp. 2d 593,

---

[7] *Uniloc* is particularly instructive. The Court rejected a similar argument by the patentee that "its claims of infringement are limited to Cisco's sale, production, use, etc. of its *own products* (as opposed to Microsoft Products), and that the Microsoft Agreement does not include Cisco products within its scope." *Uniloc*, 2017 WL 959856, at \*3. Instead, the court found that "Cisco has provided more than a 'bare allegation' that it is entitled to a license defense" and "Uniloc's arguments to the contrary fail to demonstrate conclusively that Cisco should not reap the benefit of the Microsoft Agreement." *Id.* at 4; *see also Zix*, 2016 WL 7042221, at \*4.

607–08 (E.D. Tex. 2007), *aff'd*, 277 F. App'x 1023 (Fed. Cir. 2008). Implicit's Infringement Contentions, however, ████████████████████████████████████████████████.

Finally, Implicit focuses entirely on its ████████████████████████████████████ ████████████████████████ wholly ignores the ████████████████████████. To the extent the express ████████████████ does not extend to all claims vis-à-vis Sophos, Sophos still enjoys an implied license to the Asserted Patents. Unlike the ████████████████, the license ████████████████████████████████████████████████████████████ ████████████████████████████ ████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ *See Jacobs v. Nintendo of Am., Inc.*, 370 F.3d 1097, 1099 (Fed. Cir. 2004). Like the affirmative right granted to the licensee in *Jacobs*, ████████████████████████████ ████████████████████████████ ████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████ *See id.* at 1100-01. Under "basic contract law principle[s]," "a party may not assign a right, receive consideration for it, and then take steps that would render the right commercially worthless." *Id* at 1101.

## C. The Public Factors Do Not Outweigh the ████████████████████

Having established that the ████████████████ in the Intel License applies, Implicit cannot carry its burden of demonstrating that this is one of the "extraordinary circumstances" that justify departing from its bargained-for choice of ████████ *See Atl. Marine*, 571 U.S. at 52, 62. At this point of the inquiry, the Court may only consider the public interest factors, which are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case;

and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Tessera*, 2018 WL 8014281, at *3 (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)). The majority of the public interest factors favor transfer or are neutral.

### 1. The administrative difficulties flowing from court congestion.

This factor is neutral. According to the most recent statistics from the Federal Judiciary, this Court and the District of Delaware are equally congested: Judges in Delaware carry, on average, 602 pending cases; judges in this District have, on average, 623 pending cases. *See* Fischer Decl, Ex. F, G, H. According to data compiled by Lex Machina, the median time to trial in patent cases since January 1, 2014 in this District is 719 days, whereas it is 747 days in Delaware. *See* Fischer Decl., Ex. F, G, H. To be sure, the Federal Judiciary reports that for all civil cases, the median time to trial is 32.3 months in Delaware, and 18.3 months in this Court. *See* Fischer Decl., Ex. H. The Federal Circuit has recognized, however, that speed with which a case may reach trial is the "most speculative" and that "when, as here, several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009); *see also Tessera*, 2018 WL 8014281, at *4.

### 2. The local interest in having localized interests decided at home.

This factor favors transfer. Delaware courts have a particularized interest in enforcing forum selection clauses. *See Ingres Corp. v. CA, Inc.,* 8 A.3d 1143, 1146 (Del. 2010) ("Forum selection clauses are presumptively valid and should be specifically enforced unless the resisting party clearly shows that enforcement would be unreasonable and unjust") Moreover, the interpretation of the Intel License will be controlled by ▮▮▮▮▮▮▮ Fischer Decl., Ex. A § 12.11; *see Advanced Reimbursement Mgmt., LLC v. Plaisance*, 2019 WL 2502931, at *4 (D. Del. June 17, 2019) ("[A]lthough this case involves only one Delaware entity, the Court finds that

the existence of the parties' choice-of-law clauses provides Delaware with a "substantial interest" in the parties' dispute.") (citing *Coface Collections N. Am. Inc. v. Newton*, 430 F. App'x 162, 168 (3d Cir. 2011) ("Delaware has a substantial interest in enforcing this voluntarily negotiated contract clause that explicitly designates Delaware law to govern.")).  In contrast, this District has no localized interest.  Sophos Ltd. has no offices, witnesses, employees, or evidence in Texas.  Indeed, even under Implicit's stream-of-commerce theory, Sophos Ltd. is attenuated from the actual acts of patent infringement.  Third-party resellers sell the accused products in Texas.  Sophos Inc. contracts with those third-party resellers, not Sophos Ltd.  Implicit LLC is a Washington corporation with a shared office in Texas and no apparent employees based there.

3. <u>The familiarity of the forum with the law that will govern the case.</u>

This factor favors transfer.  The ███████████████ in the Intel License specifies that the contract must be interpreted ███████████████ *See Tessera*, 2018 WL 8014281, at *5 (finding this factor favors transfer to Delaware where the agreement specified Delaware law); *Uniloc*, 2017 WL 959856, at *4 ("While Uniloc's contention that federal law controls the interpretation of the forum selection clause is accurate, the ultimate success of Cisco's license defense . . . will likely be controlled by Washington state law, as stipulated in the Microsoft Agreement.  As a result, this factor favors transfer.").

4. <u>The avoidance of unnecessary problems of conflict of laws or in application of foreign law.</u>

This factor is neutral.  The patent issues in this case will be governed by federal law and the contract issues will be ███████████████ There is no potential for problems of conflict of laws or in the application of foreign law.

## **CONCLUSION**

For the foregoing reasons, Sophos Ltd. respectfully requests the Court grant its motion.

July 1, 2019

Respectfully submitted,

By: */s/ Douglas J. Kline*
*(with permission by Jennifer P. Ainsworth)*
Douglas J. Kline (BBO #556680)
Robert Frederickson (BBO #670111)
Sarah J. Fischer (BBO #688878)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: 617-570-1000
Fax: 617-523-1231
*dkline@goodwinlaw.com*
*rfrederickson@goodwinlaw.com*
*sfischer@goodwinlaw.com*

Jennifer P. Ainsworth (Texas Bar
Card #00784720
**WILSON, ROBERTSON &
CORNELIUS, P.C.**
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Tel.: 903-509-5000
Fax: 903-509-5092
*jainsworth@wilsonlawfirm.com*

Counsel for Sophos Ltd.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document was filed electronically UNDER SEAL and served by e-mail on July 1, 2019, to all

counsel of record.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that a motion to seal defendant Sophos Ltd.'s sealed Motion to Transfer Based on Forum Selection Clause in License Agreement was filed with the Court on July 1, 2019.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth