**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC, <br>     Plaintiff, <br><br> v. <br><br> IMPERVA, INC. | § § § § § § § § § | Case No. 2:19-cv-00040-JRG-RSP <br> LEAD CASE |
| FORTINET, INC. | § § § | Case No. 2:19-cv-00039-JRG-RSP |
| JUNIPER NETWORKS, INC. | § § § | Case No. 2:19-cv-00037-JRG-RSP |
| SOPHOS LTD. <br><br>     Defendants. | § § § § | Case No. 2:19-cv-00042-JRG-RSP |

**JOINT MOTION FOR ENTRY OF DISPUTED DISCOVERY ORDER**

Pursuant to the Court's Order dated July 1, 2019, Plaintiff Implicit, LLC and Defendants Imperva, Inc., Fortinet, Inc., Juniper Networks, Inc., and Sophos Ltd. (collectively, "Defendants") respectfully move for entry of a discovery order in this action.  The parties agree to the attached proposed discovery order except for the following three provisions, which are in dispute:

1. In Paragraph 5(b), the number of requests for admission that may be served by each party other than common requests for admission and requests for admission not directed to establishing the authenticity of documents.  Plaintiff proposes 10 requests for admission; Defendants propose 20 requests for admission.

    a. **Plaintiff's Position**: Plaintiff does not believe it should be put in the position of fielding a combined 80 requests for admission, which will be unduly burdensome.

b. **Defendants' Position**: Plaintiff would only need to respond to 20 requests for admission for each individual defendant, and Plaintiff will have an opportunity to submit the same number of requests for admission to each individual defendant. Although the Court consolidated the action, there are separate facts and issues to address during discovery for each individual defendant, and 20 requests for admission for each individual defendant is not an amount that is unduly burdensome.

2. In Paragraph 5(c)(3), the number of hours to be allotted for third party depositions. Plaintiff proposes that each Side be allotted 36 hours of third party deposition time and that Plaintiff will promptly produce the transcripts of depositions of third party witnesses taken in the currently-pending cases against NetScout Systems, Inc. and Sandvine Corporation to the extent Plaintiff can do so without violating the Protective Order entered in those cases; Defendants propose each Side be allotted 49 hours of third party deposition time.

   a. **Plaintiff's Position**: Many of the third parties that defendants will likely wish to depose, *e.g.*, purported inventors of purported prior art, have already been deposed at least once (and some twice) in other cases. There is no need to burden the parties (and those third party witness) with further depositions on the exact same issues. Plaintiff therefore seeks to restrict the amount of third party deposition time allotted to each party to a reasonable amount.

   b. **Defendants' Position**: Given Implicit's licensing, patent prosecution, and litigation history, Defendants may want or need to depose a variety of third parties, e.g., third-party licensees and component suppliers for the accused

DM2\10122128.1
JOINT MOTION FOR ENTRY OF DISPUTED DISCOVERY ORDER

products. Also, unlike Implicit, Defendants have not participated in the depositions of the third parties that Implicit claims to be concerned about, and some Defendants may choose to depose these third parties, even if Implicit produces the transcripts it is already obligated to produce. In light of the number of potential third party witnesses, Defendants' proposal of 49 hours of deposition time is reasonable.

3. In Paragraph 5(c)(7), the number of hours allocated for expert depositions of expert whose report addresses issues specific to more than one defendant. Plaintiff proposes 1 additional hour per Defendant; Defendants propose 3 additional hours per defendant.

   a. **Plaintiff's Position**: Plaintiff's invalidity expert should not be subject to 7 hours plus 3 hours per defendant for a total of 19 hours on one expert report. That is excessive and beyond the needs of the case. A total of 11 hours ought to be sufficient.

   b. **Defendants' Position**: Although the Court consolidated the action, these are still separate cases, so giving each individual defendant just 3 additional hours to depose an expert on issues specific to that defendant will not be excessive and beyond the needs of the case. Moreover, as defendants' proposed language shows, the defendants do not automatically get these additional hours, but only "if an expert report from plaintiff addresses issues specific to more than one defendant."

Dated:  July 15, 2019

By: */s/Christopher L. Larson*

Michael J. Sacksteder
(CA Bar No. 191605)
Jessica Lee Benzler
(CA Bar No. 306164)
Christopher L. Larson
(CA Bar No. 308247)
**FENWICK & WEST LLP-San Francisco**
555 California Street
12th Floor
San Francisco, CA 94104
415/875-2300
Facsimile: (415) 281-1350
Email: msacksteder@fenwick.com;
jbenzler@fenwick.com;
clarson @fenwick.com

GEOFFREY ROBERT MILLER
(TX State Bar No. 24094847)
**FENWICK & WEST LLP-Mtn. View**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
650-988-8500
Facsimile: (650) 938-5200
gmiller@fenwick.com

*Counsel for Defendant Imperva, Inc.*

By: */s/Alice E. Snedeker*

Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Matthew C. Gaudet (GA SBN 287789)
Admitted E.D. Tex.
David C. Dotson (GA SBN 138040)

Respectfully submitted,

By: */s/Brandon C. Martin*

Spencer Hosie, pro hac vice,
(CA Bar No. 101777)
shosie@hosielaw.com
Diane S. Rice, pro hac vice,
(CA Bar No. 118303)
drice@hosielaw.com
Brandon C. Martin, pro hac vice,
(CA Bar No. 269624)
bmartin@hosielaw.com
Darrell Rae Atkinson, pro hac vice,
(CA Bar No. 280564)
datkinson@hosielaw.com
Francesca M.S. Germinario, pro hac vice,
(CA Bar No. 326208)
fgerminario@hosielaw.com
HOSIE RICE LLP
600 Montgomery St., 34th Floor
San Francisco, CA 94111
415.247.6000
Fax: 415.247.6001

William E. Davis, III (TX Bar No. 24047416)
bdavis@bdavisfirm.com
Christian J. Hurt (TX Bar No. 24059987)
churt@bdavisfirm.com
Edward Chin (Of Counsel)
(TX Bar No. 50511688)
echine@bdavisfirm.com
Debra Coleman (Of Counsel)
(TX Bar No. 24059595)
dcoleman@bdavisfirm.com
THE DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas  75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Counsel for Plaintiff Implicit, LLC

- 4 -

Admitted E.D. Tex.
John R. Gibson (GA SBN 454507)
Admitted E.D. Tex.
Alice E. Snedeker
Admitted E.D. Tex.
**DUANE MORRIS LLP**
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901
Email: mcgaudet@duanemorris.com;
dcdotson@duanemorris.com;
jrgibson@duanemorris.com
aesnedeker@duanemorris.com

Christopher J. Tyson (VA SBN 81553)
Admitted E.D. Tex.
**DUANE MORRIS LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Tel: 202.776.7800
Fax: 202.776.7801
Email: cjtyson@duanemorris.com

*Counsel for Defendant Fortinet, Inc.*

By: */s/Ingrid Marie Haslund Peterson*

**IRELL & MANELLA LLP-Newport Beach**
David McPhie
(CA Bar No. 231520) [Pro Hac Vice]
Ingrid Marie Haslund Peterson
(CA Bar No. 313927) [Pro Hac Vice]
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
Email: dmcphie@irell.com;
ipeterson@irell.com

**IRELL & MANELLA LLP-Los Angeles**
Jonathan S. Kagan
(CA Bar No. 166039) [Pro Hac Vice]
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

- 5 -

Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: jkagan@irell.com

**GILLAM & SMITH LLP**
Melissa R. Smith
(Texas Bar No. 24001351)
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendant Juniper Networks, Inc.*

By: */s/Sarah J. Fischer*

Douglas J. Kline (BBO #556680)
Robert Frederickson (BBO #670111)
Sarah J. Fischer (BBO #688878)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: 617-570-1000
Fax: 617-523-1231
dkline@goodwinlaw.com
rfrederickson@goodwinlaw.com
sfischer@goodwinlaw.com

Jennifer P. Ainsworth (Texas Bar Card #00784720)
**WILSON, ROBERTSON & CORNELIUS, P.C.**
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Tel.: 903-509-5000
Fax: 903-509-5092
Email: jainsworth@wilsonlawfirm.com

*Attorneys for Sophos Ltd.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email on this 15th day of July 2019.

*/s/ Brandon C. Martin*
Brandon C. Martin