**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC,<br>Plaintiff,<br><br>v. | §<br>§<br>§<br>§<br>§ | |
| IMPERVA, INC. | §<br>§<br>§ | Case No. 2:19-cv-00040-JRG-RSP<br>LEAD CASE |
| FORTINET, INC. | §<br>§<br>§ | Case No. 2:19-cv-00039-JRG-RSP |
| JUNIPER NETWORKS, INC. | §<br>§<br>§ | Case No. 2:19-cv-00037-JRG-RSP |
| SOPHOS LTD.<br><br>Defendants. | §<br>§<br>§ | Case No. 2:19-cv-00042-JRG-RSP |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials

bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3, together with:

(a) Interrogatories: Plaintiff may serve up to 15 common interrogatories on all defendants collectively and an additional 10 interrogatories on each individual defendant. Defendants may collectively serve up to 15 common interrogatories on Plaintiff and each individual defendant may serve an additional 10 interrogatories on Plaintiff.

(b) Requests for Admission: There is no limit to the number of requests for admission the parties may serve to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitation. In addition, Plaintiff may serve up to 20 common requests for admission on all defendants collectively and up to [***Defendants Propose***: 20] [***Plaintiff Proposes***: 10] requests for admission on each defendant. Defendants may collectively serve up to 20 common requests for admission on Plaintiff, and each defendant may serve up to [***Defendants Propose***: 20] [***Plaintiff Proposes***: 10] individual requests for admission on Plaintiff.

(c) Depositions of Parties, Third Parties, and Experts:

1. Party Depositions: Plaintiff is allowed no more than 35 hours of oral deposition of each Defendant (including Rule 30(b)(6) and Rule 30(b)(1) depositions but excluding experts). Defendants are collectively allowed no more than 21 hours of oral deposition of Plaintiff (including Rule 30(b)(6) and Rule 30(b)(1) depositions but excluding experts and the named inventors of the patents-in-suit). Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition or dismissal of any parties, in this case. These provisions, further, may be amended by agreement of the parties or upon order of the Court upon good cause shown.

2. Inventor Deposition: Defendants are collectively allowed up to 14 hours of deposition time for each named inventor of the patents-in-suit. For clarity, inventor depositions do not count against the hour limits for depositions of Plaintiff, and Defendants will collectively have up to 14 hours for each inventor deposition even if an inventor is designated as a Rule 30(b)(6) witness for Plaintiff.

3. Third Party Deposition: Third party depositions are to be conducted in accordance with the Federal Rules of Civil Procedure. Each Side is allowed up to [***Defendants Propose***: 49 hours of third-party deposition time] [***Plaintiff Proposes***: 36 hours of third-party deposition time and Plaintiff will promptly produce the transcripts of depositions of third-party witnesses taken in the currently-pending cases against NetScout Systems, Inc. and Sandvine Corporation to the extent Plaintiff can do so without violating the Protective

Order entered in those cases]. The parties shall coordinate depositions of third parties to reduce redundancy and inconvenience to the third parties.

4. The limitations set forth in the Federal Rules of Civil Procedure with respect to the length of depositions will apply, except as modified by this Order. If any party requests more than the total allowed time for a particular deposition, or if any party or side seeks more than its agreed-upon limit of deposition hours as set forth herein, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention by the Court.

5. Each non-expert deposition of Defendants shall be limited to seven (7) hours in accordance with the Federal Rules of Civil Procedure. The Rule 30(b)(6) deposition of Plaintiff shall be limited to 14 hours collectively for all Defendants. All other non-expert depositions of Plaintiff (excluding the inventors which are governed by section 5(c)(2) above) taken collectively by multiple Defendants shall be limited to seven (7) hours, plus one (1) hour per additional Defendant taking the deposition. In no event shall 30(b)(6) and 30(b)(1) depositions of Plaintiff exceed a combined total 21 hours (as stated in section 5(c)(1), above). In no event shall the depositions of any named inventor of the patents-in-suit exceed a total of 14 hours (as stated in section 5(c)(2), above). If one individual happens to be Plaintiff's sole 30(b)(6) designee, sole 30(b)(1) witness, and a named inventor, that person shall not be deposed for more than 35 hours.

6. No Witness (expert or non-expert) shall be subject to more than seven (7) hours of examination in a single day without agreement of the parties and the witness.

7. Expert Depositions: Depositions of expert witnesses are limited to 7 hours per witness per report. However, if an expert report from plaintiff addresses issues specific to more than one defendant, each defendant that the report addresses will be entitled to [***Defendants Propose***: 3 additional hours] [***Plaintiff Proposes***: 1 additional hour] to depose the expert. For clarity, any infringement opinions directed to an individual defendant shall be considered a single report under this section.
8. Plaintiff may designate up to three (3) testifying experts per Defendant, and Defendants may each designate up to three (3) testifying experts.
9. Service of Deposition Notices: The Parties agree that employees of the Parties may be served with deposition notices through the Party's counsel, rather than being served by a subpoena. Employees may only be deposed in the location in which they regularly reside, unless the parties mutually agree to another location.
10. Required Consultation Regarding Scheduling: For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel. A party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling, but may do so after serving the nonparty witness with a subpoena.

(d) The parties agree to meet and confer in good faith about reasonable adjustments to any of the proceeding limits as discovery progresses.

(e) Any party may later move to modify these limitations for good cause.

(f) "Side," as used in this paragraph 5., means a party or a group of parties with a common interest.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

**8. Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

**9. Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i).

Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10. No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11. Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12. Proposed Stipulations by the Parties Regarding Discovery.**

(a) E-Discovery Order: The parties will negotiate and move for entry of an appropriate Order Regarding E-Discovery by July 31, 2019.

(b) Items Not Required in Privilege Log: Except as provided under Local Patent Rule 3-7, no party is required to include in a privilege log any documents that came into existence on or after the filing date of the Original Complaint.

(c) Service by Email: The parties agree to accept service of letters, discovery requests, and other documents (except in the case of document required to be filed with the Court electronically, the service of which is governed by the Local Rules, or documents that are too voluminous for email) via email listserve address designated by each of the parties or via email to at least each attorney listed on the docket as attorney of record for the opposing party. The parties further agree that service via this method is deemed to have occurred on the date sent, so long as such is sent on or before 11:59 p.m. Central Time.

**13.** **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.