**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| IMPLICIT, LLC,<br>    *Plaintiff,*<br><br>v.<br><br>IMPERVA, INC.<br>    *Defendant.* | Civil Action No. 2:19-cv-00040-JRG-RSP<br>LEAD CASE<br><br><br>JURY TRIAL DEMANDED |
| v.<br><br><br>SOPHOS, LTD.<br>    *Defendant.* | Civil Action No. 2:19-cv-00042-JRG-RSP<br>CONSOLIDATED |

## PLAINTIFF IMPLICIT, LLC'S RESPONSE TO
## DEFENDANT SOPHOS, LTD.'S MOTION TO TRANSFER VENUE

### FILED UNDER SEAL

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

---

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND SUMMARY ...................................................................1

II.    FACTUAL BACKGROUND ..............................................................................1

    A.    █████████████████ ...........................................................1

    B.    Implicit's Infringement Contentions .....................................................2

III.   THE LAW ........................................................................................................4

IV.   ARGUMENT ....................................................................................................5

    A.    ████████████████████ is Irrelevant ....................................6

    B.    ████████████████ is Mooted.............................................11

    C.    The ████████████ Doesn't Apply & Arguments to the Contrary Are Frivolous ...............................................................................................12

    D.    Sophos Abandons its Personal Jurisdiction Argument .........................14

    E.    The Convenience Factors Weigh Against Transfer ..............................15

V.    CONCLUSION................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Page**

*Classen Immunotherapies, Inc. v. Biogen IDEC,*
 659 F.3d 1057 (Fed. Cir. 2011)........................................................................11

*CLS Bank Int'l v. Alice Corp. Pty. Ltd.,*
 717 F.3d 1269 (Fed. Cir. 2013).........................................................................4

*Comcast Corp. v. Rovi Corp.,*
 2015 WL 7235802 (S.D.N.Y. Dec. 14, 2016) .................................................13

*CyberSource Corp. v. Retail Decisions, Inc.,*
 654 F.3d 1366 (Fed. Cir. 2011)..................................................................4, 8, 10

*Deep9 Corp. v. Barnes & Noble, Inc.,*
 2012 WL 4336726 (W.D. Wash. Sept. 21, 2012).........................................4-5

*Finjan, Inc. v. Blue Coat Sys. Inc.,*
 2015 WL 3630000 (N.D. Cal. Jun. 2, 2015).....................................................5

*Finjan, Inc. v. Secure Computing Corp.,*
 626 F.3d 1197 (Fed. Cir. 2010)........................................................................5

*Graphics Properties Holdings Inc. v. ASUS Comp. Int'l., Inc.,*
 2014 WL 4929340 (D. Del. Sept. 29, 2014).....................................................9

*Implicit, LLC v. Juniper Networks, Inc.,*
 No. 2:19-cv-00037-JRG-RSP ........................................................................4

*Info. Prot. v. Symantech Corp.,*
 2011 WL 13136605 (E.D. Tex. Nov. 14, 2011) ..............................................6

*Innovative Display Techs. LLC v. Microsoft Corp.,*
 2014 WL 2757541 (E.D. Tex. Jun. 17, 2014)..................................................13

*Invensas Corp. v. Samsung Elects. Co., Ltd.,*
 2018 WL 3862060 (E.D. Tex. Aug. 13, 2018) ...........................................13-14

*Mears Techs., Inc. v. Finisar Corp.,*
 No. 2:13-CV-376-JRG, 2014 WL 1652603 (E.D. Tex. Apr. 24, 2014) ...........................15

*Mirror Worlds Techs. v. Apple Inc.,*
 2015 WL 179072 at *4 (E.D. Tex. Jan. 14, 2015)............................................9

*Radware, Ltd. v. F5 Networks, Inc.*,
  2016 WL 687979 (N.D. Cal. Feb. 2016) ...................................................................5, 9

*Tessera, Inc. v. Advanced Micro Devices, Inc.*,
  2008 WL 239215 (N.D. Cal. Jan. 28, 2008) .............................................................. 13-14

*Tessera Advanced Techs., Inc. v. Samsung Elects. Co.*,
  2018 WL 8014281 (E.D. Tex. Sept. 5, 2018) ...................................................................14

*Typhoon Touch Techs., Inc. v. Dell, Inc.*,
  659 F.3d 1376 (Fed. Cir. 2011) ..........................................................................................5

*UltimatePointer, L.L. C. v. Nintendo Co., Ltd.*,
  2013 WL 2325118 (E.D. Tex. May 28, 2013) ............................................................. 4-5

*Uniloc USA, Inc. v. Cisco Sys., Inc.*,
  2017 WL 959856 at *4 (E.D. Tex. Mar. 13, 2017) .........................................................14

*Zix Corp. v. Echoworx Corp.*,
  2016 WL 7042221, at *2 (E.D. Tex. Jun. 9, 2016) .........................................................14

# I.   INTRODUCTION AND SUMMARY.

The ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████

██████████████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████  Sophos argues that Implicit's assertion of *Beauregard* claims

against █████████████████ in Sophos hardware products invokes ████████████████████

██████ because the Sophos hardware products at issue happen to also have ████████████ (which

Implicit does not accuse of infringement).  Sophos's argument would write *Beauregard* claims out

of the law by requiring that such claims include a 'processor' limitation or by transforming them

into method claims that must be performed.  Sophos offers no rationale that would support such

radical action.  Sophos's Motion to Transfer is therefore premised on a non-viable theory.

# II.   FACTUAL BACKGROUND.

## A.  The ████████████████████

There are three clauses in the █████████ the Court must consider on which Sophos's

"Strong License Defense" relies: ██████████████████████████████████████████

█████████████████████████████████████████████████████

The first two clauses say the same thing and the third is exceedingly simple.

████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████.[1]  Put simply, if infringement exists independent of ████████ the █████ does not apply.



The claims Sophos argues invoke the ██████████ are *Beauregard* claims.  These claims are infringed when instructions are stored on computer readable media, and no processing is required, much less processing ██████████████.

## B.  Implicit's Infringement Contentions

Implicit asserts four patents against Sophos in the present case.  U.S. Patent Nos. 8,056,075 (the "'075"); 8,856,779 (the "'779"); 9,325,740 (the "'740"); and 10,255,378 (the "'378").  The '075 contains only method claims while the '779, '740, and '378 list a mix of method, non-transitory computer readable storage medium ("CRM"), computer system claims, and apparatus claims. ECF Nos. 12-1 – 12-4.  The '075, '779, and '740 belong to the "App Server" family of patents.  The '378 belongs to the "Demux" family of patents.

---

[1] Emphasis supplied by Implicit unless otherwise stated.

Sophos's VP of Finance affirms that the Accused Instrumentalities are ███████

████████████████████████████████████████████████████████

ECF No. 17-1 at ¶ 3.

Sophos says that Implicit's Infringement Contentions are "elaborate" and carefully "thread the needle." Sophos Br. at 1. The Contentions are clear on what is accused:

| Claim Type | Asserted Claims | Accused Instrumentalities |
|---|---|---|
| **App Server Asserted Claims** | | |
| Method | '075 claims 1-13<br>'779 claims 1-3 & 8-11<br>'740 claim 20 | ████████████████████████ |
| CRM | '779 claims 12-17<br>'740 claims 1-4 & 7-8 | ████████████████████████████ |
| System | '779 claims 18-20;<br>'740 claim 19 | ████████████████████████████ |
| **Demux Asserted Claims** | | |
| Method | '378 claims 1-3, 11, & 14-15 | ████████████████████████ |
| Apparatus | '378 claims 16-20 | ████████████████████████████ |

Sophos concedes Implicit's infringement allegations for the asserted method and system claims do not implicate ████████████ . *See* Sophos Br. at 5 ("Implicit alleges that the asserted *method* and *system* claims are infringed only by Sophos XG or SG software ████████████

████████████████████████ '"") (emphasis by Sophos). The only claims implicated by Sophos's motion are '779 and '740 CRM claims and the '378 Apparatus claims (collectively, the "asserted *Beauregard* claims").

The asserted CRM claims in the '779 an '740 patents all claim:

A non-transitory computer-readable storage medium having stored thereon instructions that are executable to cause a computer system to perform operations comprising: [certain tasks].

*See, e.g.,* '779 at Claim 12 and '740 at Claim 1.

The asserted Apparatus Claims of the '378 claim **one element** only, memory. Specifically:

An apparatus, comprising: one or more memories storing program instructions executable by the apparatus to: [perform certain tasks].

*See* '378 at Claim 16. That is, the '378 Apparatus Claims are written as *Beauregard* claims.

## III.   <u>THE LAW.</u>

The Court is familiar with section 1404 and it has been briefed *extensively* in prior Implicit cases and in cases consolidated here. *See, e.g., Implicit, LLC v. Juniper Networks, Inc.*, No. 2:19-cv-00037-JRG-RSP, ECF No. 29 (Opp. to Juniper Motion to Transfer Venue). Sophos ignores the central issue here: whether assertion of *Beauregard* claims against ▓▓▓▓ memory invokes the ▓▓▓▓▓▓▓

"A *Beauregard* claim—named after *In re Beauregard*; 53 F.3d 1583 (Fed. Cir. 1995)—is a claim **to a computer readable medium** (e.g., a disk, hard drive, or other data storage device) containing program instructions for a computer to perform a particular process." *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1368 (Fed. Cir. 2011); *see also Deep9 Corp. v. Barnes & Noble, Inc.*, 2012 WL 4336726 at *13 (W.D. Wash. Sept. 21, 2012) ("*Beauregard* claim is one that **recites an article of manufacture that is embodied in a computerreadable medium** such as a disk or CD."). "Claims in *Beauregard* format . . . recite a tangible article of manufacture—**a computer-readable medium**, such as a computer disk or other data storage device[.]" *CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 717 F.3d 1269, 1287 (Fed. Cir. 2013); *see also UltimatePointer, L.L.C. v. Nintendo Co., Ltd.*, 2013 WL 2325118, at *22 (E.D. Tex. May 28, 2013) (*Beauregard* claims are "a generally accepted style for claiming **a computer-readable medium**

containing program instructions"); *Radware, Ltd. v. F5 Networks, Inc.,* 2016 WL 687979 at *3 (N.D. Cal. Feb. 2016) ("a computer-readable medium claim . . . by its very nature, c[an] be infringed at the moment that software [i]s saved to a storage device.").

A *Beauregard* claim need not say in its preamble that it is directed to a "computer readable medium." An apparatus claim that recites only a computer readable medium is a *Beauregard* claim. The same is true of system claims. In *Deep9 Corp.*, for instance, the Western District of Washington held that an "independent system claim" definitely "constitutes a *Beauregard* claim because it merely discloses the embodiment of [a] method . . . in a computer readable medium encoded with a set of instructions to perform the method." *Deep9 Corp.* at *13. This Court has held that a "*Beauregard* claim, however, is considered to be directed to an apparatus[.]" *UltimatePointer* at *22; *see also* MPEP § 2106(II) ("random-access memory [is] statutory media")

Infringement of *Beauregard* claims does not require actually executing the program instructions. This is cannot be disputed.[2]

IV. **ARGUMENT.**

The Court need only answer two questions to dispose of Sophos's motion:

**First**, do Implicit's assertion of the *Beauregard* claims ████████████████ ████████████ Put another way: ███████████████ were ripped from the Sophos

---

[2] *See, e.g., Finjan, Inc. v. Blue Coat Sys, Inc.*, 2015 WL 3630000, at *13 (N.D. Cal. Jun. 2, 2015) ("clear that infringement doesn't not require performance of the [step] limitations."); *see also id.* ("infringed when an accused infringer makes, uses, offers to sell, or sells an apparatus containing a computer usable medium that stores computer readable program code"); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2010) ("claims at issue are 'system' and 'storage medium' claims, which do not require the performance of any method steps."); *Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1381 (Fed. Cir. 2011) ("district court . . . [properly] held that the 'memory for storing' clause requires that the memory is actually programmed or configured to store the data collection application.").

Accused Instrumentalities, would Implicit still have a case on those claims?  The answer is a clear yes.

**_Second_**, ██████████████████████, which protects ████████████,"

immunize Sophos?  The answer is no, Sophos ████████.

Sophos argues that Implicit's assertion of the asserted _Beauregard_ claims against Sophos hardware products triggers the ████████████████.  Sophos presents two bases for this argument: "Implicit alleges infringement based on 'memory' contained in Sophos's hardware products, notwithstanding that [1.] all of those hardware products also ████████████████ and [2.] certain versions of the SG and XG firewall ████████████████."  Sophos Br. at 9.  Neither argument passes the threshold of viability.

### A.  <u>The Presence of ████████████████ Is Irrelevant.</u>

The presence of ████████████ in Sophos hardware is no impediment to Implicit's claims of infringement—in fact, the presence (or absence) of any chip (regardless of maker) is wholly irrelevant to Sophos's claims.

The CRM claims of the '779 and '740 patents are classic _Beauregard_ claims.  So are the Apparatus claims of the '378.  They are all claims on computer memory containing instructions. Implicit "**_alleges infringement based on 'memory' contained in Sophos's hardware product_**," Sophos Br. at 9, not the presence ████████████.  _Beauregard_ claims are not method claims.

The Court dealt with a similar issue in _Info. Prot. v. Symantech Corp._, 2011 WL 13136605 (E.D. Tex. Nov. 14, 2011).  In that case, some of the claims, _e.g._ claim 1 of the '717 patent, were apparatus claims that explicitly recited "[i]n a digital computer system having a digital data processing means."  _Id._ at *4.  Other claims, _e.g._, claim 120, were method claims reciting steps similar to those in the apparatus claims.  _Id._  Defendant "argue[d] that because the claims require

a processor, [defendant]'s sale of software cannot constitute direct infringement." *Id.* at *3. The Court disagreed, holding that while "the claimed . . . apparatuses must involve a processor in the manner recited by the preambles, . . . the process[or] is not itself part of the claim[ed] . . . apparatuses." *Id.* at *6. The Court therefore rejected defendant's "argument that it cannot be a direct infringer merely because its software contains no processor." *Id.*

The patent claims at issue in *Info Prot.* were not clearly *Beauregard* claims. Implicit's claims are very clearly and indisputably *Beauregard* claims. Infringement of *Beauregard* claims does not require a processor or the carrying out of any of the instructions. *See* § III., above. And even Sophos agrees that Implicit's Contentions accuse only the "memory" within the Sophos hardware products of infringement. *See* Sophos Br. at 5.

Implicit's allegations of infringement of asserted *Beauregard* claims are therefore not ███████████████████████████████████████████. *See* ██████████████████████████████ Implicit's allegations of infringement of these claims ███████ and indeed do, ██████████████ ████████████████ *Id.* If the ████████ (regardless of manufacture) were ripped from every single piece of Sophos hardware, Implict's claims of infringement would be wholly unaffected. The presence of ██████████████ do not trigger the ██████████████████████.

Sophos's arguments to the contrary are wrong on their face.

***First***, Sophos argues that Implicit "effectively conceded that Sophos's license defense has substantial merit" because Implicit voluntarily dismissed another "case against Sophos." Sophos Br. at 9. Sophos is wrong. The prior case involved different patents, different claims, and different allegations of infringement. Implicit's present infringement allegations in the present case are the only thing that is relevant to whether the present case should be transferred.

**Second**, Sophos argues that the similarities of some of the limitations in claim 1 and claim 19 of the '740 patent mean that the two claims are "identical and directed toward the same alleged invention." Sophos Br. at 10. Sophos's own comparison of the claims belies its argument. Claim 1 is a *Beauregard* claim. Claim 19 is a "computer system" claim. Claim 19 claims a processor. Claim 1 does not. *See* Sophos Br. at 10. Bereft of any argument based on the text of the claims, Implicit's Infringement Contentions, the law, or the plain words of the ███████, Sophos can only make a half-hearted appeal to purported "common sense." *Id.* Claim 19 and Claim 1 are not the same invention. One claims a computer readable medium storing certain instructions. The other claims a computer system with a processor and a computer readable medium storing the same instructions. These are very different things.

**Third**, Sophos makes a peculiar argument that the asserted *Beauregard* claims contain "a processor limitation" because they are "directed toward instructions that cause 'a computer system' to take certain steps." Sophos Br. at 11-12. But, a "*Beauregard* claim . . . is a claim **to a computer readable medium** (e.g., a disk, hard drive, or other data storage device) containing program instructions for a computer to perform a particular process." *CyberSource Corp.*, 654 F.3d at 1368 (Fed. Cir. 2011). That is the law. The asserted *Beauregard* claims are not directed towards instructions. They *are* directed towards a computer-readable storage media *having stored thereon* instructions. The distinction is important.

Sophos's hardware products contain memory—Sophos does not dispute this. Sophos Br. at 11. Implicit accuses only that "memory" of infringing the asserted *Beauregard* claims. Sophos agrees. Sophos Br. at 9 ("based on 'memory' contained in"). The fact that the hardware products containing the accused memory also contain a processor is irrelevant to the infringement analysis. The hardware products containing the accused memory probably contain lots of other things—

wires, screws, circuit boards, fans, power supplies, etc.  But their presence has no bearing on Implicit's claims of infringement.  *See* ████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████.

As Judge Whyte explained in *Radware* "a computer-readable medium claim . . . by its very nature, c[an] be infringed at the moment that software [i]s saved to a storage device."  2016 WL 687979 at *3 (N.D. Cal. Feb. 2016).   Does an infringing DVD (which does not have a processor) become ███████████████████ if it is put into a computer with an ██████████?  What if one put the infringing DVD in a cardboard box along with a handful of ████████████—████████████████████████  That is the absurd argument that Sophos is making.  *See* Sophos Br. at 12 (████████████████████████████████████████████████████

████████████████████████████).  Accepting Sophos's argument that Implicit's *Beauregard* claims "require the presence of processors" would abrogate *Beauregard* itself along with a quarter century of jurisprudence based on it.  And it would re-write all *Beauregard* claims to require a processor and execution.

The cases Sophos cites do not support the demolition of *Beauregard* that Sophos demands. In *Mirror Worlds Techs.*, the Court construed "computer system," to mean "a processing device[.]" 2015 WL 179072 at *4 (E.D. Tex. Jan. 14, 2015).  In *Graphics Properties Holdings*, the Court held that the term "digital computer system," meant "[o]ne or more processing devices."  2014 WL 4929340, at *17 (D. Del. Sept. 29, 2014).  So what?  The Court could construe "computer system" in the asserted *Beauregard* claims to mean "processing device" and the asserted *Beauregard* claims would still be *Beauregard* claims.  That is, they would still be claims on "***a computer readable medium*** (e.g., a disk, hard drive, or other data storage device) containing

program instructions for a computer to perform a particular process." *CyberSource Corp.*, 654 F.3d at 1368 (Fed. Cir. 2011). As an exercise, replace "computer system" in the preamble of claim 1 of the '740 Patent with "processing device" like so:

> A non-transitory computer-readable storage medium having stored thereon instructions that are executable to cause a <u>processing device</u> ~~computer system~~ to perform operations comprising:

Claim 1 is still a *Beauregard* claim. It is still infringed by hard drive, a disk, or other data storage device. The presence of a processor in the same box as an infringing storage device makes no difference to the infringement analysis one way or the other. *See* ███████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████ )

**Fourth**, Sophos's argument about indirect infringement, Sophos Br. at 12, was not raised by Sophos before filing it motion, *see* Exs. 1-3, and improperly confuses infringing acts ("use") with the type of asserted claim and the precise instrumentality accused. Furthermore, Implicit's Infringement Contentions do not (and are not required) to identify for which claims and which accused instrumentalities Implicit assets induced infringement. Nevertheless, Implicit's Amended Infringement Contentions (Ex. 4) make clear that Implicit **does not** assert that Sophos induces infringement of the asserted *Beauregard* claims by encouraging Sophos's customers' "use" of Sophos's hardware products.

**Fifth**, Sophos's argument about willful infringement, Sophos Br. at 12-13, is nonsensical. The standard for willful infringement has nothing to do with whether *Beauregard* claims "require 'any steps actually be carried out.'"

***Finally***, Sophos's position regarding ██████████████████, *see* Sophos Br. at 13, is pure fantasy. ████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████. Sophos ██████████. *See* ████████████████████████ ████████ In any event, Sophos admits that for the asserted *Beauregard* claims, Implicit alleges infringement only by "'memory" in Sophos's hardware products, Sophos Br. at 9, not ██████████

In sum, Sophos tries many different ways to rewrite *Beauregard* claims to include a processor limitation. "The *Beauregard* claim form, however, [i]s for 'computer programs embodied in a tangible medium.'" *Classen Immunotherapies, Inc. v. Biogen IDEC*, 659 F.3d 1057, 1074 (Fed. Cir. 2011). Nothing, absent action by Congress, the Federal Circuit, or the Supreme Court can change that fact. Until one of those entities acts, Sophos's arguments that Implicit's infringement allegations somehow require a processor and therefore ████████████████ are flat-out wrong and non-viable.

**B.** ██████████████████████████ **is Mooted.**

████████████████████████████████████████— which is not a party to this lawsuit—swears under oath that certain ██████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████

The parties exchanged numerous letters before Sophos filed its brief (and indeed before Implicit served its Infringement Contentions)—and indeed stretching back almost a

year. *See* Exs. 1-3 & 5-6. Sophos repeatedly asserted that "█████████ ████████" Ex. 1 (August 2018) at 1; the █████████████████████████" Ex. 2 at 2; and Ex. 3 at 2 ("█████████████████████████ █████"). Implicit explained that the ***Beauregard*** claims are claims on memory storing instructions. *See, e.g.*, Ex. 6 at 3 ("[t]he law on computer readable medium claims is exceedingly clear: 'a computer readable medium claim . . . by its very nature, could be infringed at the moment that software was saved to a storage device.'"). Yet Sophos's lawyers never once mentioned █████████████████████████████████ █████████████████.[3]

Had Sophos so informed Implicit, Implicit would have █████████████████████ █████████████████████. No matter. Implicit does so now. Implicit's Amended Infringement Contentions (Ex. 4) no longer ████████████████████████████ ███████████████████████████████████████████████████████ █████████████████████████████." Kerst Decl. at ¶¶ 2 & 5. Implicit notes that the ███████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████ Implicit will seek leave to amend its Infringement Contentions.

### C. The ██████████████████ Doesn't Apply & Arguments to the Contrary Are Frivolous

Sophos admits that Implicit's assertion of its method and system claims does not trigger the forum selection clause. Sophos Br. at 5. Sophos admits that Implicit's assertion

---

[3] This fact appears to be non-public—Sophos sealed the declaration so stating. *See* ECF No. 67 at 1.

of its *Beauregard* claims are directed only towards the "'memory' contained in Sophos's hardware products." Sophos Br. at 9. As a matter of law, those assertions, have nothing to do ████████ and therefore cannot ████████████████████ *See* above, Section IV.A.. And Implicit has affirmatively disavowed infringement assertions against ████████████. *See* above, Section IV.B. And Sophos doesn't argue that the remaining accused memories are ████████████████. There is nothing left of Sophos's motion. At least nothing viable.

Sophos therefore has "not shown [Implicit's] contentions give rise to a legitimate dispute as to whether a specific product or component is licensed under the ████ ████ or that the ████████ is ambiguous and requires interpretation." *Invensas Corp. v. Samsung Elects. Co., Ltd.*, 2018 WL 3862060, at *3 (E.D. Tex. Aug. 13, 2018). Just as in *Invensas*, although Sophos "allege[s] a dispute as to what accused products are covered by the ████ license" Sophos "offer[s] no evidence showing such a dispute legitimately exists." *Id.* Sophos's arguments are just that, arguments that have no basis in fact or law.

Courts frequently reject demands to apply venue selection clauses in cases where claims do not arise under the agreement in question. *See, e.g.*, *Innovative Display Techs. LLC v. Microsoft Corp.*, 2014 WL 2757541, at *6 (E.D. Tex. Jun. 17, 2014) ("forum selection clause . . . not applicable" where plaintiff made "clear that it only seeks to recover damages . . . based on . . . alleged infringement" taking place "after the expiration date of the license"); *Comcast Corp. v. Rovi Corp.*, 2015 WL 7235802 at *4 (S.D.N.Y. Dec. 14, 2016) (same); *Tessera, Inc. v. Advanced Micro Devices, Inc.*, 2008 WL 239215 at *3 (N.D. Cal. Jan 28, 2008) (venue selection clause inapplicable where patentee "represented to

court that it [wa]s not pursuing an ITC action against any products" that would have been covered by the license). There is no reason to do otherwise here.

None of *Zix*, *Uniloc*, or Sophos's *Tessera* demand, or even counsel, a different result. In *Zix*, the Court explained that the Federal Circuit has "rejected the extreme idea that all that is required to trigger . . . a forum selection clause is a license and a bare allegation that it provides a defense to the claims in suit." 2016 WL 7042221, at *2 (E.D. Tex. Jun. 9, 2016). But that is all that Sophos offers the Court. And as *Zix* held, "the determination" of whether a defense is non-frivolous "is tied to the particulars of the case and must be evaluated on a case-by-case basis." *Id.* at *3. The facts of this case are closer to *Invensas* than to *Zix*. In *Uniloc*, the defendant came "forward with colorable, factually specific arguments as to why it sues and sale of certain [accused] products falls within the third party beneficiary provision of the [settlement] Agreement" at issue. 2017 WL 959856 at *4 (E.D. Tex. Mar. 13, 2017). In contrast, Sophos relies on legal arguments that are wrong as a matter of law. The *Tessera* that Sophos cites involved an agreement relating to the use of communications to prove willfulness and bears no similarity to the issues presented by Sophos's motion. *See* 2018 WL 8014281 at *3-*4 (E.D. Tex. Sept. 5, 2019).

**D.  Sophos Abandons its Personal Jurisdiction Argument**

On June 4, 2019, Sophos moved to dismiss the present case because, according to Sophos, this Court lacked personal jurisdiction over Sophos Ltd. Implicit opposed that motion on June 18, 2019. On June 26, 2019, Sophos replied. The primary thrust of Sophos's Reply was that Implicit's Opposition "FAILED TO ESTABLISH THAT SOPHOS LTD. IS SUBJECT TO PERSONAL JURISDICTION IN THIS DISTRICT." ECF No. 58 at 2 (heading). Now, in its Motion to Transfer, filed just five days later (July 1), Sophos admits that the arguments made by Implicit that

Sophos is subject to personal jurisdiction in the Eastern District of Texas indicate that Sophos "is also subject to personal jurisdiction in Delaware." Sophos Br. at 7. If this is true, why did the parties spend time and expense on the prior rounds of briefing?

**E. The Convenience Factors Weigh Against Transfer**

Sophos offers no evidence whatsoever to support the Court's private convenience factors analysis. Having failed to offer proof, Sophos forces the Court to improperly speculate as to the convenience factors. *See Mears Techs., Inc. v. Finisar Corp.,* No. 2:13-CV-376-JRG, 2014 WL 1652603, at *2 (E.D. Tex. Apr. 24, 2014).

The convenience factors clearly weigh against transfer. Sophos clearly maintains a significant presence in Texas. Numerous Sophos employees are located in the Dallas/Fort Worth Area. *See* Ex. 7. Sophos provides a partner portal for those Texas-based partners to access, references a physical training location in Dallas, and allows prospective customers, including those in Texas, to receive services regarding XG Firewall and Web Server Protection products. *See* ECF No. 49 at 5-6. Sophos also hosts a quarterly meetup for Sophos customers, partners, and anyone interested in IT Security, the most recent of which was in the Eastern District of Texas. *Id.* Further, keeping this case in this Court would serve judicial economy because this Court has significant, recent familiarity with Implicit's technology and the Asserted Patents.

**V. CONCLUSION.**

For the reasons set forth above, Implicit respectfully requests that this Court deny Sophos's Motion to Transfer Venue.

 **Dated July 15, 2019**                                          Respectfully submitted,

                                                                                */s/ Brandon C. Martin*
                                                                                Spencer Hosie, *pro hac vice*,
                                                                                CA State Bar No. 101777
                                                                                Brandon C. Martin, *pro hac vice*,

CA State Bar No. 269624
Darrell Rae Atkinson, *pro hac vice,*
CA State Bar No. 280564
Francesca M. S. Germinario, *pro hac vice,*
CA State Bar No. 326208
**HOSIE RICE LLP**
600 Montgomery St., 34th Floor
San Francisco, CA 94111
415.247.6000
Fax: 415.247.6001
shosie@hosielaw.com
bmartin@hosielaw.com
datkinson@hosielaw.com
fgerminario@hosielaw.com

William E. Davis, III
Texas State Bar No. 24047416
Christian J. Hurt
Texas State Bar No. 24059987
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
bdavis@bdavisfirm.com
churt@bdavisfirm.com
echin@bdavisfirm.com
dcoleman@bdavisfirm.com

*Counsel for Plaintiff Implicit, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this July 15, 2019, on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

*/s/ Francesca Miki Shima Germinario*
Francesca Miki Shima Germinario

**STATEMENT BY COUNSEL**

Counsel for Plaintiff Implicit, LLC certifies that Plaintiff has filed a Motion to Seal the foregoing document.

*/s/ Brandon C. Martin*
Brandon C. Martin