**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19-cv-00040-JRG-RSP |
| | ) | LEAD CASE |
| v. | ) | |
| | ) | Case No. 2:19-cv-00042-JRG-RSP |
| SOPHOS LTD. | ) | MEMBER CASE |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SOPHOS LTD.'S REPLY TO IMPLICIT, LLC's RESPONSE TO**
**MOTION TO TRANSFER BASED ON FORUM SELECTION CLAUSE IN**
**<u>LICENSE AGREEMENT</u>**

## <u>TABLE OF CONTENTS</u>

A.      Implicit Concedes the Intel License Applies to this Case.................................... 1

B.      Sophos Clearly Has a Non-Frivolous License Defense......................................... 2

C.      This Case Could Have Been Brought in Delaware and Implicit Fails to
        Contest the Public Interest Factors ....................................................................... 5

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*,
571 U.S. 49 (2013)..................................................................................................5

*In re Beauregard*,
53 F.3d 1583 (Fed. Cir. 1995)..........................................................................3, 4, 5

*Finjan, Inc. v. Secure Computing Corp.*,
626 F.3d 1197 (Fed. 2011)......................................................................................4

*Info. Protection v. Info. Prot. v. Symantech Corp.*,
2011 WL 1316605 (E.D. Tex. Nov. 14, 2011) .......................................................5

*Innovative Display Techs. v. Microsoft Corp.*,
2014 WL 2757541 ....................................................................................................2

*Invensas Corp. v. Samsung Electrs. Co., Ltd.*,
2018 WL 3862060 (E.D. Tex. Aug. 14, 2018) .......................................................2

*Jacobs v. Nintendo of Am., Inc.*,
370 F.3d 1097 (Fed. Cir 2004)...............................................................................3

*PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*,
260 F.3d 453 (5th Cir. 2001) ..................................................................................5

*Saint Lawrence Commc'ns LLC v. Amazon.com, Inc.*,
2019 WL 2904756 (E.D. Tex. July 5, 2019) ..........................................................3

*Tessera Advanced Techs., Inc. v. Samsung Electrs. Co., Ltd.*,
2018 WL 8014281 (E.D. Tex. Sept. 5, 2018)..........................................................4

*Uniloc USA, Inc. v. Cisco Sys., Inc.*,
2017 WL 959856 (E.D. Tex. Mar. 13, 2017) .........................................................3

Implicit's opposition brief confirms that the outcome of its case against Sophos is inherently and inextricably linked to the interpretation and application of the Intel License Agreement ("Intel License").  Implicit's Complaint broadly alleges that Sophos directly infringes "at least" one claim of four asserted patents and that Sophos induces its customers to "use" the accused products in an infringement manner.  Before fact discovery began, Sophos raised a license defense that was strong enough to cause Implicit to disavow large portions of its infringement case in its preliminary infringement contentions.  In its opposition to Sophos's motion to transfer, Implicit again concedes that Sophos has a meaningful license defense.  Implicit (without seeking leave of the Court) voluntarily amended its already truncated infringement contentions to further disclaim its infringement case against Sophos solely *because of the Intel License*.  There is no question that the Intel License applies to this case and will have a direct and meaningful impact on its ultimate outcome.  The precise contours of the defense, however, cannot and should not be drawn now.  The parties have conducted no discovery bearing on the interpretation of the Intel License or the technical operation of Sophos's products.  Claim construction is still months away. As set forth below, Implicit's opposition only reinforces Sophos's point:  the exact application of Sophos's license defense will depend on the interpretation of the Intel License, fact discovery concerning Sophos's products and the parties' intent when entering into the Intel License, and claim construction—all of which must occur in Delaware pursuant to the mandatory forum selection clause that Implicit bargained for.

A.  <u>**Implicit Concedes the Intel License Applies to this Case**</u>

In its motion, Sophos set forth in detail the precise reasons the Intel License applies to this case and is implicated by Implicit's infringement allegations.  Implicit concedes in its opposition that the Intel License is a valid and enforceable contract.  Implicit does not dispute that the agreement contains an enforceable forum selection clause.  Nor does Implicit challenge that

Sophos is a third party beneficiary to the Intel License. There is no argument that the Intel License is expired or that it does not apply to the accused products or the asserted patents. Sophos submitted a declaration and exhibits demonstrating the presence of Intel-supplied components in all accused products. Simply put, Sophos has put forth much more than a bare allegation that the Intel License govern this dispute. *See* Opp. at 14.

As a result, Implicit's reliance on *Innovative Display* and *Invensas* fails. In *Innovative Display*, it was undisputed that the license agreement had expired and the complaint expressly limited allegations to acts of infringement that post-dated the expiration of the license. *See Innovative Display Techs. v. Microsoft Corp.*, 2014 WL 2757541, at *6. Here, there is no question that the Intel License is still in full force—otherwise, there would be no reason for Implicit to disclaim infringement theories. In addition, Implicit's Complaint does not expressly limit its infringement theories. *Invensas* is also inapplicable because there the Court faulted the Defendants for not showing whether "an accused product is covered by [the license], or that specific terms of the [license] require some interpretation as to their meaning…." *See Invensas Corp. v. Samsung Electrs. Co., Ltd.*, 2018 WL 3862060, at *3 (E.D. Tex. Aug. 14, 2018). In sharp contrast, here, the parties *agree* the Intel License applies to Sophos's products—the dispute is the *extent* of its application. Unlike in *Invensas*, Implicit's attempt to amend its Infringement Contentions does not remove the parties' dispute regarding the interpretation of the Intel License. To resolve that dispute, as set forth below, the Court must resolve competing interpretations of the implied license grant in Section 1.4 and the express license grant in Section 6.2.

## B. Sophos Clearly Has a Non-Frivolous License Defense

The only disputed issue appears to be whether Sophos has a "non-frivolous" or "viable" license defense based on the Intel License. *See* Motion at 8-11. To begin, Implicit's opposition basically ignores Sophos's *implied* license defense based on Section 1.4 of the Intel License. *See*

2

Motion at 13.  In a single, short paragraph relegated toward the end of its opposition, Implicit asserts—without addressing any of the cases cited by Sophos or advancing any case law of its own—that Sophos defense is "pure fantasy" because Section 1.4 "excuses Intel from liability for indirect infringement" and "Sophos is not Intel." Opp. at 11.  Implicit's argument is precisely the type of contractual interpretation argument that is reserved for Delaware courts under the forum selection clause.  *See Uniloc USA, Inc. v. Cisco Sys., Inc.*, 2017 WL 959856, *4 (E.D. Tex. Mar. 13, 2017).  Implicit also misunderstands the defense.  A defense based on an *implied* license is not limited to the specific entities named in the agreement.  For example, in *Jacobs*, the express license was between Jacobs and non-party Analog Devices, Inc.  *See Jacobs v. Nintendo of Am., Inc.*, 370 F.3d 1097, 1098 (Fed. Cir 2004).  Nevertheless, the Federal Circuit held that one of Analog's customers, Nintendo (who was not a party to the agreement nor had any express rights) enjoyed an implied license.  *See id.* at 1101-02.  In *Uniloc*, the patent holder made the same argument Implicit advances here, which the Court concluded must be resolved in Washington pursuant to a forum selection clause.  *See Uniloc*, 2017 WL 959856, at *3.

The bulk of Implicit's opposition is directed towards Sophos's express license defense under Section 6.2.  Relying almost entirely on cases involving the patentability of software under § 101, Implicit advances a sweeping legal proposition that so-called *Beauregard* claims do not require a processor "as a matter of law" and therefore Implicit has successfully alleged infringement despite the Intel License.  This argument fails both as a matter of procedure and on the merits.  Procedurally, the forum selection clause was triggered as soon as Implicit made its allegations.  *Cf. Saint Lawrence Commc'ns LLC v. Amazon.com, Inc.*, 2019 WL 2904756, at *2 (E.D. Tex. July 5, 2019) (noting that whether an action could have been brought in the proposed transfer district is evaluated "as of the time of filing").  Implicit cannot un-ring that bell by amending its infringement contentions (without leave) every time factual or legal developments in

3

the case implicate the agreement.  Implicit's argument is also premature.  Implicit asks the Court

to wade deep into the merits of infringement, claim construction, and contractual interpretation to

rule in its favor.  This is not summary judgment, no fact discovery has taken place, the Court has

not issued any claim construction rulings.   Implicit effectively concedes this point in its opposition

when it "notes" that Sophos's exhibit "also states that all Sophos hardware products include

'Memory' provided by someone other than Intel.  If it turns out that this non-Intel memory actually

stores the executable programs that run the Sophos SG UTM and XG firewall products, Implicit

will seek leave to amend its Infringement Contentions."  Opp. at 12.  In other words, Implicit's

disclaimer is no disclaimer at all, and Implicit admits that it *depends on fact discovery*.  *See Tessera*

*Advanced Techs., Inc. v. Samsung Electrs. Co., Ltd.*, 2018 WL 8014281, at *2 (E.D. Tex. Sept. 5,

2018) (transferring pursuant to a forum selection clause where fact discovery was anticipated to

bear on communications exchanged by the parties).

Implicit's argument also fails on the merits.   There is no special rule concerning

infringement of so-called *Beauregard* claims.  Indeed, *Beauregard* itself had nothing to do with

infringement.  *See In re Beauregard*, 53 F.3d 1583 (Fed. Cir. 1995).[1]  The Federal Circuit has,

however, repeatedly "cautioned" that "in every infringement analysis, the language of the claims,

as well as the nature of the accused product, dictates whether an infringement has occurred."

*Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. 2011) (quotations omitted).

Here, the claims do recite the presence of a "processor" or "computer system."  In the case of the

accused Sophos products, ███████████████████████████████████████████

███████.  Implicit appears to contend that the Intel License only applies when a "processor" is a

---

[1] In *Beauregard*, the Patent Office had rejected Beauregard's claims based on the "printed matter doctrine."
*Id*. at 1584.  By the time the case reached the Federal Circuit, the Patent Office reversed course and agreed
that "computer programs embodied in a tangible medium … are patentable under 35 U.S.C. § 101."  *Id*.  As
a result, the Federal Circuit dismissed the appeal for lack of subject matter jurisdiction.

separate, stand-alone limitation of an asserted claim.  *See* Opp. at 8 (addressing claims 1 and 19 of

the '740 patent).  But that is not what the Intel License says.  Rather, the Intel License requires

only that ███████████████████████████████████████████  Thus, the § 101

law regarding *Beauregard* claims has no bearing on the contractual interpretation issue raised by

Sophos's express license defense:  whether Implicit's allegations (even as limited) are ████████

████████████████████████████  Intel License § 6.2 (emphasis added).[2]  In the end,

Implicit's own opposition frames the dispute as one of contract interpretation that must be resolved

in Delaware on a full record.

### C.   This Case Could Have Been Brought in Delaware and Implicit Fails to Contest the Public Interest Factors

Implicit does not dispute that this case could have been brought in Delaware.[3]  It also does

not take issue with Sophos's analysis of the public convenience factors, which are the only § 1404

factors the Court should analyze in the context of a motion to transfer based on a forum selection

clause.  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013).  As

such, Implicit's suggestion that Sophos improperly failed to offer proof on the private factors is

entirely misplaced.  Having failed to provide any analysis or argument as to why this case is so

"exceptional" such that the public interest factors outweigh the forum selection clause, this case

must be transferred to Delaware.

---

[2] For that reasons, Implicit's heavy reliance on *Info. Protection*—a case decided on summary judgment—is misplaced.  Opp. at 6-7.  In that case, the court reached the unremarkable conclusion, based on the claims at issue, that the language "[i]n a digital computer system having a digital data processing means for executing" found in the preamble were non-limiting because it "only set forth 'the environment'" in which the accused infringer must act.  *See Info. Protection v. Info. Prot. v. Symantech Corp.*, 2011 WL 1316605, at *6 (E.D. Tex. Nov. 14, 2011) (quotations omitted).  The outcome of that case has no bearing on whether

[3] Implicit is wrong that Sophos abandoned its personal jurisdiction argument.  *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 460 n.7 (5th Cir. 2001) ("In any event, a motion for transfer is fully consistent with an objection to personal jurisdiction, as a court may transfer a case even though it lacks personal jurisdiction.").

July 23, 2019

Respectfully submitted,

By:  */s/ Douglas J. Kline*
*(with permission by Jennifer P. Ainsworth)*
Douglas J. Kline (BBO #556680)
Lana S. Shiferman (BBO #645024)
Robert Frederickson (BBO #670111)
Sarah J. Fischer (BBO #688878)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.:  617-570-1000
Fax:  617-523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com
rfrederickson@goodwinlaw.com
sfischer@goodwinlaw.com

Jennifer P. Ainsworth
(Texas Bar Card #00784720)
**WILSON, ROBERTSON &
CORNELIUS, P.C.**
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Tel.:  903-509-5000
Fax:  903-509-5092
jainsworth@wilsonlawfirm.com

Counsel for Sophos Ltd.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document was filed electronically UNDER SEAL and served by e-mail on July 23, 2019, to

Plaintiff's counsel of record.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that a motion to seal defendant Sophos Ltd.'s sealed Reply to Implicit, LLC's Response to Motion to Transfer Based on Forum Selection Clause in License Agreement was filed with the Court on July 23, 2019.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth