**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC,<br>　　　　Plaintiff,<br><br>v. | § § § § § | |
| IMPERVA, INC. | § § § | Case No. 2:19-cv-00040-JRG-RSP<br>LEAD CASE |
| FORTINET, INC. | § § § | Case No. 2:19-cv-00039-JRG-RSP |
| JUNIPER NETWORKS, INC. | § § § | Case No. 2:19-cv-00037-JRG-RSP |
| SOPHOS LTD.<br><br>　　　　Defendants. | § § § | Case No. 2:19-cv-00042-JRG-RSP |

### JOINT MOTION FOR ENTRY OF DISPUTED PROTECTIVE ORDER

Pursuant to the Court's Docket Control Order dated July 16, 2019 (Doc. No. 89), Plaintiff Implicit, LLC and Defendants Imperva, Inc., Fortinet, Inc., Juniper Networks, Inc., and Sophos Ltd. (collectively, "Defendants") respectfully move for entry of a protective order in this action. The parties agree to the attached proposed discovery order except for the following two provisions, which are in dispute:

1. In Paragraph 11(b), the number of days of notice required before a source code inspection. Plaintiff proposes that no specific notice period be identified.  Defendants propose seven (7) business days' notice prior to the first inspection and four (4) business days' notice for additional inspections.

    a. **Plaintiff's Position**: The Court's Model Protective Order does not impose time limits for requesting inspection, but Defendants in this case have requested such

limits.  A week and a half advance notice for a first inspection is unreasonable and burdensome.  And almost a week of notice for follow-on inspections is not reasonable either.  Defendants are already required by the Court's Scheduling Order to make source code available for inspection by a date certain.  The notice periods Defendants propose would be operable to provide additional notice even after the Court ordered source code production date. What purpose can such long notice periods serve other than to inhibit Plaintiff's ability to review the code produced in this case?

b. **Defendants' Position**: Specifying explicit time limits for Plaintiff requesting a source code review will prevent future disputes between the Parties (in view of the Parties meet and confer process on this issue), and is necessary to give Defendants adequate time to provide the source code for review subject to the necessary protections set forth in the Protective Order.  Source code is among the most confidential information Defendants have, and ensuring it is made available for inspection pursuant to the necessary security protocols can take several days.  For example, retrieving the source code review computer from client facilities and transporting it to the review location, ensuring availability of a review room (at either client facilities or law firm offices), and ensuring appropriate personnel are available at the review location to facilitate the review and secure the source code review computer once the review is completed.  Defendants' proposed notice periods are reasonable in view of the logistical challenges source code review necessarily entails, yet Plaintiff does not agree.  Thus, it appears the parties already have a dispute about what constitutes "reasonable notice" (Plaintiffs' current

proposal), and establishing explicit notice periods now will help foreclose future disputes as to whether Plaintiff has provided reasonable notice.

2. In Paragraph 11(h), whether there should be a limit on the number of continuous pages of source code that can be printed.  Plaintiff proposes there should be no additional language as to this issue.  Defendants propose that there should be a twenty-five page limit when printing continuous blocks of code.

   a. **Plaintiff's Position**:  The Model Protective Order does not contemplate a consecutive page limit.  Further, the provision Defendants propose flips the burden of overcoming presumptive unreasonableness based purely on an arbitrary page limit bearing no relationship whatsoever to the size of the potential code bases or files. *See FarStone Tech., Inc. v. Apple Inc*., No. 8:13-CV-01537-ODW, 2014 WL 2865786, at *3 (C.D. Cal. June 24, 2014) ("Neither does the Court find numerical limitations reasonable. The 30–page threshold for the presumption of excessiveness to apply, as well as the 250–page or 10–percent printing limits, all appear to be arbitrary. Apple has not indicated that these numbers bear any actual relationship to the total source code available. … If, for example, 250 pages should really be the limit on source-code printing once the parties know the full extent of the source code at issue, then the Court can impose that limit at a later date after being more informed about the relevant facts.") Individual code files are frequently longer than 25 pages—some function definitions are even longer than that. Calls to important functions or data structures can often be spread throughout a file such that more than 25 consecutive pages is needed to trace how a particular function is defined and used within that file.  More, Defendants' concerns that the

printed pages should not be used for first instance review are addressed and agreed to elsewhere in the Disputed Protective Order—additional language to this effect is unnecessary.

b. **Defendants' Position**:  Specifying a limit to printing of a continuous block of Defendants' respective source code will prevent future disputes between the Parties, and is necessary to give provide adequate security for the source code in printed copy and to ensure the protections of the Protective Order. Source code is among the most confidential information Defendants have, and permitting printed copies containing significant and continuous block of Defendants' source code increases the risk of improper disclosure of Defendants' valuable trade secrets and intellectual property contained therein that is disproportionate to Plaintiff's needs in discovery subject to a showing of good cause.  Moreover, as the Parties agree in paragraph 11(h) of the Proposed Protective Order, a Party shall not use the printing process as an alternative to reviewing that Source Code Material electronically on the stand-alone, secure computer, which "the Parties acknowledge and agree that the purpose of the protections of the Protective Order would be frustrated by printing portions of code for review and analysis elsewhere."  A twenty-five page continuous block printing limit would protect against such potential abuse. To the extent Implicit believes there is a genuine need to print more than twenty-five pages of continuous block printing of source code in a particular situation, Implicit may still make such a request subject to a showing of good cause.  *See Cherdak v. Koko Fitclub, LLC*, No. CIV.A. 14-10371-IT, 2015 WL 1895992, at *3 (D. Mass. Apr. 27, 2015) (provision limiting source code printing to "25 pages of a continuous

DM2\10246793.2

block" deemed "reasonable" and "appropriately included" in court's protective

order).

| | |
|---|---|
| Dated:  July 25, 2019 | Respectfully submitted, |
| By: */s/Christopher L. Larson* | By: */s/ Francesca Miki Shima Germinario* |
| Michael J. Sacksteder<br>(CA Bar No. 191605)<br>Jessica Lee Benzler<br>(CA Bar No. 306164)<br>Christopher L. Larson<br>(CA Bar No. 308247)<br>**FENWICK & WEST LLP-San Francisco**<br>555 California Street<br>12th Floor<br>San Francisco, CA 94104<br>(415) 875-2300<br>Facsimile: (415) 281-1350<br>Email: msacksteder@fenwick.com;<br>jbenzler@fenwick.com;<br>clarson @fenwick.com<br><br>GEOFFREY ROBERT MILLER<br>(TX State Bar No. 24094847)<br>**FENWICK & WEST LLP-Mtn. View**<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041<br>(650) 988-8500<br>Facsimile: (650) 938-5200<br>Email: gmiller@fenwick.com<br><br>*Counsel for Defendant Imperva, Inc.*<br><br>By: */s/Alice E. Snedeker*<br><br>Deron R. Dacus<br>State Bar No. 00790553<br>**THE DACUS FIRM, P.C.**<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Phone: (903) 705-1117 | Spencer Hosie, pro hac vice,<br>(CA Bar No. 101777)<br>shosie@hosielaw.com<br>Diane S. Rice, pro hac vice,<br>(CA Bar No. 118303)<br>drice@hosielaw.com<br>Brandon C. Martin, pro hac vice,<br>(CA Bar No. 269624)<br>bmartin@hosielaw.com<br>Darrell Rae Atkinson, pro hac vice,<br>(CA Bar No. 280564)<br>datkinson@hosielaw.com<br>Francesca M.S. Germinario, pro hac vice,<br>(CA Bar No. 326208)<br>fgerminario@hosielaw.com<br>HOSIE RICE LLP<br>600 Montgomery St., 34th Floor<br>San Francisco, CA 94111<br>(415) 247-6000<br>Fax: (415) 247-6001<br><br>William E. Davis, III (TX Bar No. 24047416)<br>bdavis@bdavisfirm.com<br>Christian J. Hurt (TX Bar No. 24059987)<br>churt@bdavisfirm.com<br>Edward Chin (Of Counsel)<br>(TX Bar No. 50511688)<br>echine@bdavisfirm.com<br>Debra Coleman (Of Counsel)<br>(TX Bar No. 24059595)<br>dcoleman@bdavisfirm.com<br>Ty William Wilson<br>(TX Bar No. 24106583)<br>twilson@bdavisfirm.com<br>THE DAVIS FIRM, PC<br>213 N. Fredonia Street, Suite 230 |

Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Matthew C. Gaudet (GA SBN 287789)
Admitted E.D. Tex.
David C. Dotson (GA SBN 138040)
Admitted E.D. Tex.
John R. Gibson (GA SBN 454507)
Admitted E.D. Tex.
Alice E. Snedeker
Admitted E.D. Tex.
**DUANE MORRIS LLP**
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: (404) 253-6900
Facsimile: (404) 253-6901
Email: mcgaudet@duanemorris.com;
dcdotson@duanemorris.com;
jrgibson@duanemorris.com
aesnedeker@duanemorris.com


Christopher J. Tyson (VA SBN 81553)
Admitted E.D. Tex.
**DUANE MORRIS LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Tel: (202) 776-7800
Fax: (202) 776-7801
Email: cjtyson@duanemorris.com


*Counsel for Defendant Fortinet, Inc.*



By: */s/Ingrid Marie Haslund Peterson*


**IRELL & MANELLA LLP-Newport
Beach**
David McPhie
(CA Bar No. 231520) [Pro Hac Vice]
Ingrid Marie Haslund Petersen
(CA Bar No. 313927) [Pro Hac Vice]
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Implicit, LLC*

DM2\10246793.2

Email: dmcphie@irell.com;
ipetersen@irell.com

**IRELL & MANELLA LLP-Los Angeles**
Jonathan S. Kagan
(CA Bar No. 166039) [Pro Hac Vice]
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: jkagan@irell.com

**IRELL & MANELLA LLP-Los Angeles**
Jonathan S. Kagan
(CA Bar No. 166039) [Pro Hac Vice]
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: jkagan@irell.com

**GILLAM & SMITH LLP**
Melissa R. Smith
(Texas Bar No. 24001351)
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Defendant Juniper Networks, Inc.*

By: */s/Sarah J. Fischer*

Douglas J. Kline (BBO #556680)
Lana S. Shiferman (BBO #645024)
Robert Frederickson (BBO #670111)
Sarah J. Fischer (BBO #688878)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: 617-570-1000
Fax: 617-523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com

DM2\10246793.2

| rfrederickson@goodwinlaw.com<br>sfischer@goodwinlaw.com<br><br>Jennifer P. Ainsworth (Texas Bar<br>Card #00784720)<br>**WILSON, ROBERTSON &**<br>**CORNELIUS, P.C.**<br>909 ESE Loop 323, Suite 400<br>Tyler, Texas 75701<br>Tel.: 903-509-5000<br>Fax: 903-509-5092<br>Email: jainsworth@wilsonlawfirm.com<br><br>*Counsel for Sophos Ltd.* | |
| --- | --- |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email on this 25th day of July 2019.

*/s/ Francesca Miki Shima Germinario*
Francesca Miki Shima Germinario