**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC,<br>　　　Plaintiff,<br><br>v. | § § § § § | |
| IMPERVA, INC. | § § § | Case No. 2:19-cv-00040-JRG-RSP<br>LEAD CASE |
| FORTINET, INC. | § § § | Case No. 2:19-cv-00039-JRG-RSP |
| JUNIPER NETWORKS, INC. | § § § | Case No. 2:19-cv-00037-JRG-RSP |
| SOPHOS LTD.<br><br>　　　Defendants. | § § § | Case No. 2:19-cv-00042-JRG-RSP |

**E-DISCOVERY ORDER**

The Court **ORDERS** as follows:

1.　This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.　This order may be modified in the court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3.　A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4.      Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata, other than for the following fields: the date and time that the document was created, the author, and/or the custodian, shall generally be included in the production if such fields exist.

5.      Federal Rule of Civil Procedure 26(b)(1) as amended effective December 1, 2015, regarding proportionality of discovery will apply to this case, namely, that the scope of discovery will be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.      Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

> **A.      General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF"), Joint Photographic Experts Group ("JPEG") format, or in multi-page PDF format. TIFF or JPEG files shall be single page, and produced documents shall be named with a unique production number followed by the appropriate file extension. If produced in a different format in a prior case, a given electronic document may be produced in the same format as in the prior case. To the extent that the Producing Party is reproducing documents it received from a third party, those documents shall be produced with the metadata the Producing Party received them with intact to the extent reasonably available. Documents produced in native format shall indicate the confidentiality designation in a corresponding TIFF or JPEG slip sheet or in

- 3 -

the filename of the native file. Load files shall be provided to indicate the location and unitization of the TIFF, JPEG, or PDF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

**B.     Text-Searchable Documents**. Documents shall be produced in a text-searchable format. To the extent practicable, each individual document based on an electronic file should be accompanied by a corresponding text file containing the searchable text for the document.

**C.     Footer**. Each document image (excluding native documents) shall contain a footer with a sequentially ascending production number.

**D.     Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format if practicable.

**E.     No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

**F.     Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs, text messages, instant messages and chats (including but not limited to internal corporate chat and communication platforms), and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

  **G.** **Production Media.** Documents shall be produced on external hard drives, USB drives, CDs, or DVDs; production by FTP rather than on hard media will be acceptable; and production by email is acceptable provided that the receiving party's designated email address for accepting service of the production is used and the producing party has not received any error or return message indicating that the service email was not received or sent successfully. Each piece of production media or production by FTP should identify: (1) the producing party's name; (2) the production date; and (3) the Bates-number range of the materials contained on the production media. The parties may provide encrypted media for production.

7. General ESI production requests under Federal Rule of Civil Procedure 45, or compliance with a mandatory disclosure order of this Court, shall not include email or other forms of electronic correspondence (collectively "email"). The parties acknowledge the burden of discovery involving emails and other forms of electronic communication and agree that emails and electronic communications need not be searched in this matter, and also acknowledge that email discovery is presumptively not proportionate to the needs of the case. A party may not seek email discovery unless it first obtains leave of Court, and such leave will not be granted unless the requesting party satisfies the burden of demonstrating that (1) the requested email discovery is highly relevant, proportional to the needs of the case, narrowly tailored to avoid any undue burden on the producing party, and necessary to proving its claims or defenses, and (2) the information likely to be obtained from the requested email discovery cannot be obtained from other sources that are more convenient, less burdensome, or less expensive. Absent such a Court order, no party is required to conduct a search of emails. Nothing in this Order prevents a party from voluntarily producing the emails of its own custodians.

- 5 -

8. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

9. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

10. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**SIGNED this 1st day of August, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE