**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IMPLICIT, LLC,<br>*Plaintiff*,<br><br>v.<br><br>IMPERVA, INC.<br>*Defendant.* | Civil Action No. 2:19-cv-00040-JRG-RSP<br>LEAD CASE<br><br><br>JURY TRIAL DEMANDED |
| v.<br><br>SOPHOS, LTD.<br>*Defendant.* | Civil Action No. 2:19-cv-00042-JRG-RSP<br>CONSOLIDATED |

**PLAINTIFF IMPLICIT, LLC'S SUR-REPLY TO
DEFENDANT SOPHOS, LTD.'S MOTION TO TRANSFER VENUE**

**Redacted Version of Document
FILED UNDER SEAL**

## **TABLE OF CONTENTS**

**Page**

I. There Are No Legitimate Disputes ...................................................................................1

II. Neither ▮▮▮▮▮▮▮▮ Can Possibly Apply...................................................................1

III. Sophos Has No Viable Theory .........................................................................................4

## TABLE OF AUTHORITIES

**Cases**   **Page**

*In re Beauregard*,
    53 F.3d 1583 (Fed. Cir. 1995)..................................................................................................1

*Innovative Display Techs. v. Microsoft Corp.*,
    2014 WL 2757541 (E.D. Tex. Jun. 17, 2014)..........................................................................4

*Intel Corp. v. Broadcom Corp.*,
    173 F. Supp. 2d 201 (D. Del. 2001).........................................................................................4

*Invesas Corp. v. Samsung*,
    2018 WL 3862060 (D. Del. 2018)........................................................................................4-5

*Jacobs v. Nintendo of Am., Inc.*,
    370 F.3d 1097 (Fed. Cir. May 28, 2004).................................................................................2

*Uniloc USA, Inc. v. Cisco Sys., Inc.*,
    2017 WL 959856 (E.D. Tex. Mar. 13, 2017) ..........................................................................3

Sophos's Reply is based on the premise that, because Implicit opposed Sophos's Motion to Transfer, there is a dispute as to whether ███████ applies to Implicit's claims. And because there is a dispute (according to Sophos), the law requires that this Court transfer the case. Sophos is wrong, both on its factual premise and on the law.

## I. There Are No Legitimate Disputes

<u>The parties agree on the</u> ████████████████████████████████████████

████████████████████████████████████████████████ Sophos Reply at 5. No dispute there. ███████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

<u>There is no serious dispute about the law governing *Beauregard* claims</u>: *Beauregard* claims claim "'computer programs embodied in a tangible medium[.]'" Sophos Reply at 4, n. 1 quoting *In re Beauregard*, 53 F.3d 1583, 1584 (Fed. Cir. 1995). That is the law.

<u>The parties agree on what Implicit accuses of infringement</u>: Sophos's opening brief correctly stated that "Implicit alleges infringement" of its asserted *Beauregard* claims "based on 'memory' contained in Sophos's hardware products." Sophos Br. at 9. And Implicit's Amended Infringement Contentions make clear that ███████████████ Sophos agrees that the amendment ████████████████████████████████████████ Reply at 1. ████████████████████████████████ is accused of infringing the asserted *Beauregard* claims. That should be the beginning and end of the Court's analysis.

## II. Neither ███████████ Can Possibly Apply

Sophos tries to gin up purported "competing interpretations of ████████████

████████████████████████████████" Reply at 2.

But there are no competing interpretations—at least none that are viable.

*First*, ███████████████████████████████ This is not up for debate. ███

███████████████████████████████████████████████████████

███████████████████████████████████████████████ And even

Sophos agrees that ███████████████████████████████████████████

███████████████████████ Reply at 5. There are no "competing interpretations" ████

*Second*, Sophos's opening brief explained that ██████████████████████

███████████████████████████████████████████████████████

Sophos Br. at 13 ████████████████. Implicit agrees that ████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████ (emphasis supplied).

Sophos ████████, and it seems to admit that fact. Sophos now makes an implied license argument based on *Jacobs v. Nintendo of Am., Inc*. But that argument does not pass the threshold of viability. In *Jacobs*, patentee granted Analog a license to make, use, and sell "micromachined accelerometers, for use in tilt-sensitive control boxes" under patentee's '958 patent. 370 F.3d 1097, at 1098-99. Patentee then sued Nintendo, alleging that Nintendo's production of the "Kirby Tilt'n Tumble" game for "its hand-held Game Boy video game systems" infringed the '958 patent because a player could "control the movement of the Kirby character in the video game by tilting the controller in the desired direction of movement." *Id.* at 1099. Nintendo used Analog's accelerometers to translate tilting of the controller into movement of the Kirby character. *Id.* Thus, patentee's infringement theory was based in part on, and required the presence of, the licensed accelerometers. In the words of the Federal Circuit, the

patentee's allegation of infringement would bar "Nintendo from using Analog's accelerometers in the products expressly referred to in the settlement agreement." *Id.* Put another way, the "critical question" in *Jacobs* was "whether the clause authorizing" infringing uses of the licensed accelerometers "protect[ed] Nintendo against suit **based on the use of the accelerometers** for the purposes for which Analog was authorized to sell them." *Id*. at 1100 (emphasis supplied).

In this case, ███████████████████████████████████, enables Sophos to infringe, and Implicit does not allege otherwise. Nor do Implicit's allegations of infringement bar Sophos ███████████████████████. Implicit's Amended Contentions go to great lengths to make that point clear. Implicit asserts infringement of the asserted *Beauregard* claims only by (1) the ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████ Amended Contentions at 3 and 5-6. How can any implied license extend to Accused Instrumentalities ████████████████████

*Uniloc* does not help Sophos. In *Uniloc*, the defendant came "forward with colorable, factually specific arguments as to why its use and sale of certain [accused] products f[ell] within the third party beneficiary provision of the Microsoft Agreement." *Uniloc USA, Inc. v Cisco Sys., Inc*., 2017 WL 959856 at *3 (E.D. Tex. Mar. 13, 2017). That has not happened here. Sophos admits that █████████████████████████████████████████

█████████████ Sophos Br. at 9. And Implicit's Amended Infringement Contentions ███

██████████████████████████

Moreover, █████████████████████████████████████████████████████

████ "[W]here an agreement contains a specific provision expressly defining the scope of the patent license implied licenses dealing with the same subject matter are generally not recognized." *Intel Corp. v. Broadcom Corp.*, 173 F. Supp. 2d 201, 213 (D. Del. 2001).

### III. Sophos Has No Viable Theory

Despite its insistence that there are disputed issues that must be resolved in Delaware, Sophos begins its argument with a long (and uncited) list of purported Implicit concessions. *See* Reply at 1-2. Implicit has not conceded these points, they just need not be argued because there is no doubt that Sophos's license defense is non-viable. But Sophos's assertion that "[t]here is no argument that ████████████████████████████████████████" Sophos Reply at 2, is a falsehood that must be addressed. Pages 5-14 of Implicit's Opp. are dedicated to explaining, in detail, why ████████████████████████ to the Accused Instrumentalities. If Sophos had a viable theory it would not need resort to falsely claiming non-existent concessions.

Sophos's attempt to distinguish *Innovative Display Techs. v. Microsoft Corp.*, Reply at 2, must fail. In that case, plaintiff sought recovery "based on Microsoft's alleged infringement that took place after the expiration date of the license . . . . Such claims [did] not arise under the License Agreement, and [were] therefore not governed by the forum selection clause." 2014 WL 2757541 at *6 (E.D. Tex. Jun. 17, 2014). The case stands for the dual propositions that (1) if the specific claims made by patentee do not arise under the license agreement, they are not governed by the forum selection clause in the agreement, and (2) that this Court can and should make such a determination before transferring.

Sophos's attempt to distinguish *Invensas Corp. v. Samsung*, Reply at 2, amounts to the bald conclusion that: "Unlike in *Invensas*, Implicit's attempt to amend its Infringement

Contentions does not ████████████████████████████████████████████████████

████████" Reply at 2. Instead of explaining why this must be, Sophos argues that the Court should ignore the amendment on procedural grounds; either because they post-date the Complaint or because Implicit did not seek leave to amend. On the first point, *Invensas* makes clear that it is appropriate to consider infringement contentions and amendments thereto in the transfer analysis. *See* 2018 WL 3862060, at *3 ("Invensas mooted any dispute by expressly amending its pleadings . . ."). As to the second point, Implicit did not seek leave because it was not altering its theories or adding accused products. It simply narrowed the scope of the Accused Instrumentalities. It could have done this with only a letter. To avoid any doubt: Implicit views itself as bound by the Amended Contentions. Desperate to avoid the implications of the Amended Contentions, Sophos next suggests that they are not effective or binding. Reply at 4. Sophos is wrong. Implicit will not ████████████████████████████████████████. Implicit need ████████████████████████████████. Discovery directed to ████████████ ████████████████████████████.

    Sophos's demand that the Court take Sophos's word that there is a dispute and pass the case on to the District of Delaware for further analysis misses the mark. This Court must determine whether Sophos's license defense is "viable." Just as the defendant in *Invensas* failed to do, Sophos has "not shown [Implicit's] contentions give rise to a legitimate dispute as to whether a specific product or component is licensed under the ████████████] or that the ████ ████████] is ambiguous and requires interpretation." *Ivensas Corp.*, 2018 WL 3862060, at *3. Sophos "allege[s] a dispute as to what accused products are covered by the" ████████████ but it "offer[s] no evidence showing such a dispute legitimately exists." *Id.* Sophos's Motion to Transfer should be denied.

**Dated August 1, 2019**                    Respectfully submitted,

*/s/ Brandon C. Martin*
Spencer Hosie, *pro hac vice*,
CA State Bar No. 101777
Brandon C. Martin, *pro hac vice*,
CA State Bar No. 269624
Darrell Rae Atkinson, *pro hac vice,*
CA State Bar No. 280564
Francesca M. S. Germinario, *pro hac vice,*
CA State Bar No. 326208
**HOSIE RICE LLP**
600 Montgomery St., 34th Floor
San Francisco, CA 94111
415.247.6000
Fax: 415.247.6001
shosie@hosielaw.com
bmartin@hosielaw.com
datkinson@hosielaw.com
fgerminario@hosielaw.com

William E. Davis, III
Texas State Bar No. 24047416
Christian J. Hurt
Texas State Bar No. 24059987
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
Debra Coleman (Of Counsel)
Ty Wilson (TX Bar No. 24106583)
twilson@davisfirm.com
Texas State Bar No. 24059595
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
bdavis@bdavisfirm.com
churt@bdavisfirm.com
echin@bdavisfirm.com
dcoleman@bdavisfirm.com

*Counsel for Plaintiff Implicit, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this August 1, 2019, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Brandon C. Martin*

## STATEMENT BY COUNSEL

Counsel for Plaintiff Implicit, LLC certifies that Plaintiff has filed a Motion to Seal the foregoing document.

*/s/ Brandon C. Martin*
Brandon C. Martin