*Implicit, LLC v. Juniper Networks, Inc.*
Civ. No. 2:19-cv-00037

# Juniper Networks, Inc.'s Motion to Transfer Venue

(Docket No. 18)

September 12, 2019



# Overview

## 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, **in the interest of justice**, a district court may transfer any civil action to any other district or division where it might have been brought …."

- Parties agree this case could have been brought in N.D. Cal.
- Transfer warranted based on public and private factors
    - *See, e.g., Chrimar v. Juniper*, 2016 WL 126936, at *6 (E.D. Tex. Jan. 11, 2016)

# Location of Sources of Proof Favors Transfer

- "[R]elevant design, research, engineering, marketing, and financial documents for the [accused] SRX products are … located in Juniper's Sunnyvale office." (Marcellin Decl. ¶¶ 6-7)
  - *In re Nintendo Co.*, 589 F.3d 1194, 1999 (Fed. Cir. 2009) ("bulk of the relevant evidence usually comes from the accused infringer")

- Millions of pages of SRX documents actually produced from N.D. Cal. in this case (as in prior case). (McPhie Decl. ¶ 4)

- Both parties have now made their confidential source code available for review in N.D. Cal.

- Implicit has fewer, less relevant documents, and no concrete evidence of E.D. Tex. origin. (*cf.* Balassanian Decl. ¶ 7)
  - *See, e.g., NPS v. Juniper*, 2012 WL 194382, at *4 (E.D. Tex. Jan 23, 2012) (transfer granted where more relevant sources of proof located in or near N.D. Cal.)

Factor strongly favors **Northern District of California**.

3

# Compulsory Process Favors Transfer

- At least three witnesses are subject to the absolute subpoena power of N.D. Cal. (McPhie Decl. ¶¶ 12, 13; Dkt. 29 at 12)
    - Implicit prosecuting attorney (Randall Gard)
    - Implicit licensee (Intel)
    - Key prior art author (Dan Decasper)
- Implicit failed to identify any witness subject to the absolute subpoena power of E.D. Tex.
    - *See, e.g., In re Volkswagen of Am., Inc.*, 545 F.3d 1315, 1316 (5th Cir. 2008); *In re Hoffmann*, 587 F.3d 1333, 1338 (Fed. Cir. 2009); *NPS v. Juniper*, 2012 WL 194382, at *5 (granting transfer where plaintiff identified no relevant third-party witnesses within absolute subpoena power of E.D. Tex.).

Factor favors **Northern District of California**.

# Costs for Willing Witnesses Favors Transfer

- Juniper employees with knowledge regarding "design, development, testing, marketing, and sales of the accused SRX product" are located in N.D. Cal. (Marcellin Decl. ¶¶ 8-9)

- Juniper employees with information regarding "marketing and financial information for the accused SRX product" are also located in N.D. Cal. (Marcellin Decl. ¶ 10)

- All inventor and party fact depositions from prior case (including Juniper employees and Rule 30(b)(6) witnesses) conducted in N.D. Cal., and all experts depositions in CA (McPhie Decl. ¶¶ 8-10, 18)

- Implicit has identified no willing witnesses in E.D. Tex.
  - *See NPS v. Juniper*, 2012 WL 194382, at *6 (granting transfer where number of Texas witnesses "pales in comparison" to N.D. Cal. witnesses)

Factor strongly favors **Northern District of California**.



*See* McPhie Decl. Exs. 3-22, 51-54

6

# Interest of Justice and Efficiency Favor Transfer

- Judge Illston of N.D. Cal. has deep familiarity with the patents and relevant issues, having rendered a final judgment on the merits in a detailed summary judgment order.

- Judge Illston specifically gained familiarity with Juniper, the accused SRX products, and the prior art through detailed review of expert opinions, technical and code analysis, etc.

  - *Acco Brands, Inc. v. PC Guardian Prods., Inc.*, No. 2:03-cv-00425-TJW (July 23, 2004) (Ex. 55); *U.S. Ethernet*, 2010 WL 2771842, at *7; *see also* Dkt. 18 at 3-4 (citing Ex. 19)

- The interest of justice is best served by transferring this sequel action involving the same parties, the same patent families, and the same accused products and theories to the judge in N.D. Cal. who disposed of the original case.

  - *Wireless Consums. v. T-Mobile*, 2003 WL 22387598, at *4 (N.D. Cal. Oct. 14, 2003); *Alexander v. Franklin Res.*, 2007 WL 518859, at *4 (N.D. Cal. Feb. 14, 2007) (Illston, J.)

Factor strongly favors **Northern District of California**.

# Court Congestion Does Not Preclude Transfer

- Any difference between time to trial in Eastern District of Texas and Northern District of California is insignificant for purposes of transfer analysis. (*see* Dkt. 26 at 15)

- Judge Illston's familiarity with the parties, their litigation history, the accused products, the patent families, and the relevant technologies will "counterbalance" any difference in docket speed.

    - *Zoltar Satellite Systems, Inc. v. LG Electronics Mobile Comm. Co.*, 402 F. Supp. 731, 737 (E.D. Tex. 2005)

- Court congestion factor is "most speculative" and cannot outweigh other factors.

    - *See, e.g., NPS v. Juniper*, 2012 WL 194382, at *6.

Factor is neutral with respect to transfer.

# Local Interests Favor Transfer

- N.D. Cal. has strong local interest as the location where Juniper designed and developed the accused SRX product. (Marcellen Decl. ¶ 5)

- Juniper also employs thousands of individuals within N.D. Cal. (Marcellen Decl. ¶ 3)

- Local interest is "strong" where the cause of action "calls into question the work and reputation" of employees who conduct business and reside in or near the venue.
  - *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)

- This factor disregards "interests" that "could apply virtually to any judicial district or division in the United States," such as the "nationwide sale of infringing products."
  - *See, e.g., NPS v. Juniper*, 2012 WL 194382, at *7

Factor strongly favors **Northern District of California**.

9

# Other Public Factors Favor Transfer

- Familiarity with governing law weighs in favor of transfer where transferee court has already "heavily litigated" an issue and therefore is "considerably more familiar with the law that governs *this case*."

- Moreover, avoidance of conflicts of law weighs in favor of transfer to venue that "presided over [the] matter for a lengthy period of time" and thus avoids risks of "conflicting rulings."
    - *Young v. Waldron*, 2015 WL 13694664, at *3 (E.D. Tex. May 22, 2015)

Factors favor **Northern District of California**.

10

# Combined Factors Strongly Favor Transfer

**Taken together, factors overwhelming support transfer to N.D. Cal. in interest of justice:**

- Access to relevant sources of proof: **transfer**

- Availability of compulsory process: **transfer**

- Cost of attendance for willing witnesses: **transfer**

- Interests of justice and efficiency: **transfer**

- Court congestion: neutral

- Local interest: **transfer**

- Other public factors: **transfer**

11

*Implicit, LLC v. Juniper Networks, Inc.*
Civ. No. 2:19-cv-00037

# Juniper Networks, Inc.'s Motion to Transfer Venue

(Docket No. 18)

September 12, 2019



12