*Implicit, LLC v. Fortinet, Inc.*

# Fortinet's Motion to Transfer (Dkt. No. 26)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS, MARSHALL

Case No. 2:19-cv-39-JRG-RSP

Honorable Magistrate Judge Roy Payne

September 12, 2019

1

## The Parties' Dispute

| Factor | Disputed/Agreed |
|---|---|
| Private Factor #1: Sources of Proof | Disputed |
| Private Factor #2: Compulsory Process | Disputed |
| Private Factor #3: Willing Witnesses | Disputed |
| Private Factor #4: All Other Practical Problems | Disputed |
| Public Factor #1: Court Congestion | Disputed |
| Public Factor #2: Local Interest | Disputed |
| Public Factor #3: Familiarity of the Forum | Agreed - Neutral |
| Public Factor #4: Conflicts of Law | Agreed - Neutral |

2

# Fortinet's Burden

"While a plaintiff's choice of venue is not an express factor in this analysis, the appropriate deference afforded to the plaintiff's choice is reflected in a defendant's **elevated burden of proof**. In order to support its claim for a transfer under § 1404(a), **the defendant must demonstrate that the transferee venue <u>is clearly more convenient</u> than the venue chosen by the plaintiff**." (*4) (emphasis added) (internal quotations and citations omitted).

# Private Factor #1: The Relative Ease of Access to Sources of Proof



"[I]t is not the *accessibility* of the documents but their actual *physical location* . . . . That is the focus of this inquiry." (*7) (emphasis in original).

Private Factor #1: Sources of Proof 4

# What Fortinet Points to as Supportive Evidence



"A **large volume** of the documents in Fortinet's control or possession relating to the design, development, commercialization, and marketing of the accused FortiGate products, including underlying source code, is stored on servers and computers physically located in or near Sunnyvale, California. In addition, **hard copies of relevant documents** are also found in Fortinet's Sunnyvale, California headquarters. **Additional documents and source code** are located **in other areas** including Burnaby (just outside Vancouver, British Columbia, Canada)." ¶ 12 (emphasis added).

Private Factor #1: Sources of Proof                                                                 5



## What Fortinet Also Admits

"Implicit also identifies that the **patent prosecutor** for four of the patents-in-suit **resides in Austin, Texas where the prosecution records still reside**." Implicit v. Trend Micro, Civil Action No. 6:16-cv-00080-JRG, 2016 U.S. Dist. LEXIS 191571, at *6-7 (E.D. Tex. Sep. 1, 2016) (emphasis added).

"[F]or documents relating to the patents-in-suit and the technology at issue are **prima facie relevant** . . . ." Implicit, LLC v. Palo Alto Networks, Inc., No. 6:17-CV-00336-JRG, 2018 U.S. Dist. LEXIS 88076, at *9 (E.D. Tex. Feb. 20, 2018) (emphasis added).

Private Factor #1: Sources of Proof

6

# Fortinet Failed to Provide Probative Evidence Favoring Transfer

"Parties must *specifically identify* the relevant sources of proof (and why they are relevant), and *specifically identify* the physical location of those sources of proof. Without doing so, no court is able to make an informed inquiry into the true convenience of the parties."

(*16) (emphasis in original).

Private Factor #1: Sources of Proof

6



# Implicit's Evidence

"In **NetScout**, Implicit produced **over 154,000 pages of documents and 95,000 native files**. Many of the native files consisted of multiple pages of information. My current expectation, given my understanding of the scope of this case at this time, is that Implicit will produce roughly the same quantity of documents as was recently produced in **NetScout**." ¶ 3 (emphasis added).

Private Factor #1: Sources of Proof

8



## Implicit's Evidence

"As far as I am aware, the majority of the hard copies of, and storage media containing, Implicit's **technical, marketing, and financial documents, source code, communications, and corporate records** are located in Implicit's office in **Tyler, Texas**. Copies of this material may also be located at its trial counsel's offices in **Austin, Dallas, or Longview, Texas**. To the best of my knowledge, substantially all of the documents produced in [**Netscout**] were collected from **Tyler, Austin, and Dallas, Texas**." ¶ 8 (emphasis added).

"Implicit's **current and former patent prosecution attorneys** are in Austin, Texas; Houston, Texas, and Seattle, Washington. To the best of my knowledge, relevant documents related to prosecution of the Asserted Patents are located either at Implicit's office in **Tyler**, or the offices of Implicit's trial counsel in **Austin, Dallas, or Longview**." ¶ 7 (emphasis added)

# Fortinet's Allegations of "Manipulation" Are Baseless

**Undisputed Facts:**
- <u>October 16, 2013</u>: Implicit, LLC is *formed* in the state of Washington
- <u>March 3, 2017</u>: *Registers* with the Texas Secretary of State and formally moves its principal place of business to Austin
- <u>February 4, 2019</u>: *Files* patent infringement complaint against Fortinet
- "PAN does not point to an alternative location to which it believes these documents should be more properly attributed. Accordingly, Implicit's Texas location is a factor that must be considered in the venue transfer analysis." *Palo Alto Networks*, 2018 U.S. Dist. LEXIS 88076, at *9.

**Fortinet's Distinguishing Fact:**
- Evidence that Implicit has a mailing address in Washington

---

**Analogous Allegations in this Court**

"THE COURT: So beyond the facts of the dates that [the documents] were shipped, you don't have any evidence or admissions or state of mind evidence to indicate a purpose or a reason behind the shipment and whether or not that had any intended impact on the venue issue?

MR. VERHOEVEN: . . . . . *All I have is the circumstantial evidence* which I cited to Your Honor."

*Seven Networks*, 2018 U.S. Dist. LEXIS 146375, at *21 n.9 (emphasis added).

# Private Factor #2: The Availability of Compulsory Process to Secure the Attendance of Witnesses

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IMPLICIT, LLC
Plaintiff,
vs.
FORTINET, INC.
Defendant.

DECLARATION OF WILLIAM COOPER IN SUPPORT OF DEFENDANT FORTINET, INC.'S MOTION TO TRANSFER

**Fortinet's Evidence**

"Intel's Santa Clara, California office is less than five miles away from Fortinet's headquarters." ¶ 10.

**Legal Standard**

*Seven Networks*, 2018 U.S. Dist. LEXIS 146375:

- "This factor instructs the Court to consider the availability of compulsory process to secure the attendance of ***witnesses***, particularly non-party witnesses whose attendance may need to be secured by a court order." (*23) (emphasis added).
- "As this Court has previously noted, venue analysis is concerned *only* with the presentation of evidence *at and during trial*." (*12 n.4) (emphasis in original).

# Specific Third-Parties Fortinet Has Identified

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DEFENDANT FORTINET, INC.'S INITIAL AND ADDITIONAL DISCLOSURES

RESERVATION OF RIGHTS

| Name | Connection to the case | Summary of witness's knowledge |
|---|---|---|
| Various licensees to the patents-in-suit | Addresses Identified in agreements | Knowledgeable regarding terms of licenses to the patents-in-suit and any alleged implied royalty rates or implied royalty bases |
| Resolution Strategies LLP | 512 NW Saltzman Rd, #909<br>Portland, OR 97229<br>(503) 226-2800 | Knowledgeable regarding resolution of disputes outside of litigation and listing "Implicit/Belabs" |
| J. Patrick O'Malley | 512 NW Saltzman Rd, #909<br>Portland, OR 97229<br>(503) 226-2800 | Knowledgeable regarding resolution of disputes outside of litigation and listing "Implicit/Belabs" |
| David Berton, Nick Dudziak and/or other representatives of Global IP Law Group | 55 West Monroe Street<br>Suite 3400<br>Chicago, IL 60603<br>312-241-1500 | Knowledgeable regarding valuation of the patents-in-suit, offers to sell and/or license the patents-in-suit |
| Mark Dellinger and/or representative of Comcast | Newtown, Pennsylvania | Knowledgeable regarding offers to sell and/or license the patents-in-suit |

Compiled from pp. 17-19.

## Private Factor #3: The Cost of Attendance for Willing Witnesses



**Fortinet's Evidence**

(1) "Majority of Fortinet's United States employees devoted to engineering, finance, operations, manufacturing, and marketing work in California . . . ." ¶ 6.

(2) "Outside of the United States, the principal location for employees devoted to engineering and research and development is Vancouver, Canada." ¶ 6.

(3) "While Fortinet has a single sales office in Plano, Texas, I am not aware of any . . . ." ¶ 13.

**Legal Standard**

*Travelpass Grp., LLC v. Caesars Entm't Corp.*, No. 3:18-CV-000153-RWS, 2019 U.S. Dist. LEXIS 147214 (E.D. Tex. Aug. 29, 2019):

- "As exemplified in several recent opinions from within the Eastern District of Texas, *specifically identifying witnesses to testify is required* for the Court to perform a proper convenience analysis." (*23) (emphasis added).

Private Factor #3: Willing Witnesses   13

# Private Factor #4: All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

"Specifically, Implicit filed lawsuits in NDCA in July 2010 and July 2014 [i.e., *F5 I* and *F5 II*]." (*12)

"[T]ransferring the instant case alone (or with the member NEC case) would result in two district courts making independent decisions regarding the same set of patents. Such runs counter to the principles of judicial economy and comity." (*12).

**Here**:

- *Implicit, LLC v. TrendMicro*, No. 6:16-cv-80-JRG

- *Implicit, LLC v. Huawei Techs. USA, Inc.*, No. 6:17-CV-182-JRG

- *Implicit, LLC v. NetScout Systems, Inc.*, No. 2:18-cv-00053-JRG *(Currently pending)*

- *Implicit, LLC v. Imperva, Inc.*, No. 2:19-cv-00040-JRG-RSP *(Currently pending)*

# Public Factor #1: The Administrative Difficulties Flowing from Court Congestion



"The court congestion factor generally favors a district court that can bring a case to trial faster." (*9).

## Public Factor #2: The Local Interest in Having Localized Interests Decided at Home



"While Fortinet has a single sales office in Plano, Texas, I am not aware of any . . . ." ¶ 13.

Public Factor #2: Local Interest

16

## Conclusion

| Factor | Result |
|---|---|
| Private Factor #1: Sources of Proof | Weighs against transfer |
| Private Factor #2: Compulsory Process | Neutral |
| Private Factor #3: Willing Witnesses | Neutral |
| Private Factor #4: All Other Practical Problems | Weighs against transfer |
| Public Factor #1: Court Congestion | Weighs against transfer |
| Public Factor #2: Local Interest | Neutral |
| Public Factor #3: Familiarity of the Forum | Neutral |
| Public Factor #4: Conflicts of Law | Neutral |

16

18