# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IMPLICIT, LLC,<br><br>   *Plaintiff*,<br> v.<br><br>IMPERVA, INC.,<br><br>   *Defendant*. | Civil Action No. 2:19-cv-40-JRG-RSP<br>LEAD CASE |
| IMPLICIT, LLC,<br><br>   *Plaintiff*,<br> v.<br><br>JUNIPER NETWORKS, INC.,<br><br>   *Defendant*. | Civil Action No. 2:19-cv-37-JRG-RSP |

## DEFENDANT JUNIPER NETWORKS, INC.'S FIRST AMENDED
## INITIAL DISCLOSURES

10740157

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Paragraph 1 of the Court's Discovery Order (Dkt. 87-1), Defendant Juniper Networks, Inc. ("Juniper") hereby makes the following first amended initial disclosures.

Juniper's disclosures represent a good faith effort to identify information it reasonably believes is discoverable and that it may use to support its claims or defenses as required by Fed. R. Civ. P. 26(a)(1). These disclosures, while based on diligent exploration by Juniper and its counsel, reflect only the current state of Juniper's knowledge, understanding, and belief on these subjects. Juniper continues to investigate the facts relating to this action. Accordingly, these disclosures are neither intended as, nor shall in any way be deemed, an admission or representation that further disclosures will not be necessary. Juniper anticipates that, as this action proceeds, further information may be discovered, or its significance better understood, and without in any way obligating itself to do so, Juniper reserves the right to modify or supplement its disclosures. Furthermore, these disclosures are given without prejudice to Juniper's right to use or rely on at any time, including trial, subsequently discovered information, or any information omitted from this disclosure by inadvertence, mistake, or otherwise.

These disclosures are made solely for the purpose of this action. The disclosures are subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of statements contained herein if questions were asked about, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

Juniper reserves: (1) the right to object to the admission or discoverability of any materials or testimony identified herein on the grounds of privilege, work product protection, relevance,

undue burden, confidentiality, or any other valid objection; (2) the right to object to the use of any information in this disclosure, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (3) the right to object on any and all grounds, at any time, to any discovery request involving or relating to the subject matter of these disclosures.

      A.      **Correct Names Of The Parties To The Action**

The correct name of the entity that has been named as a Defendant in this litigation is Juniper Networks, Inc. On information and belief, the correct name of the Plaintiff is Implicit, LLC.

      B.      **Individuals Believed To Have Discoverable Information**

As required by Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and based upon presently available information, Juniper responds as follows:

To the extent currently known, Juniper identifies the individuals set forth below as likely to have non-privileged, relevant, discoverable information that Juniper may use to support its claims or defenses, except for those witnesses whose testimony will be used solely for impeachment. The following disclosures do not include expert witnesses, who will be identified at a later date in accordance with the Federal Rules of Civil Procedure and the Scheduling Order entered in this matter. Juniper expressly reserves the right to identify or to call as witnesses additional or different individuals if, during the course of discovery and investigation related to this matter, Juniper learns that such additional or different individuals have relevant knowledge.

In making these disclosures, Juniper does not waive its right to object to discovery of information from any of these individuals or any other individuals, by deposition or otherwise, on any and all grounds, including, without limitation, the attorney-client privilege, the work product doctrine, or any applicable privilege. Any individual designated in this disclosure with an asterisk (*) by his or her name should be contacted through Irell & Manella LLP, 840 Newport Center

Ave., Suite 400, Newport Beach, California, 92660, (949) 760-0991, regardless of whether that individual's contact information is also set forth in the chart below. Juniper objects to Implicit directly contacting any current or former employee of Juniper. In addition to the individuals listed below, Juniper notes that there are likely other individuals who may have knowledge of relevant facts and who Juniper may ultimately use to support its claims or defenses except to the extent such testimony would be used solely for impeachment, including:

1. Individuals who worked with the named inventors of the patents-in-suit in connection with the conception, reduction to practice, design, and development of any of the purported inventions claimed in the patents-in-suit;

2. Individuals with knowledge of any facts relating to affirmative defenses or counterclaims raised by Juniper, including non-infringement, invalidity, and inequitable conduct;

3. Individuals with knowledge of prior licenses and settlements with Implicit, including communications, negotiations, and internal analyses relating to the same;

4. Individuals deposed in prior litigation involving Implicit or with knowledge of prior enforcement efforts and litigation involving Implicit;

5. Individuals identified by Implicit, LLC as likely to have relevant information;

6. Individuals involved in the prosecution or licensing of the patents-in-suit; and

7. Individuals whose names appear in the documents, deposition transcripts, and other discovery provided by the parties in this matter.

| Name | Contact Information | Subjects |
|---|---|---|
| Edward Balassanian | 8907 NE 36th Street<br>Yarrow Point, WA 98004 | Mr. Balassanian is the sole proprietor of Implicit and the named inventor on the patents-in-suit. Mr. Balassanian may have information regarding inventorship, conception, and |

| Name | Contact Information | Subjects |
| --- | --- | --- |
| | | reduction to practice of the patents-in-suit, inequitable conduct, invalidity, non-infringement, and licensing. |
| David S. Wolf | 25039 Northeast 45th Court Redmond, WA 98053 | Mr. Wolf is the named inventor on U.S. Patent Application No. 09/304,973 and may have information regarding inequitable conduct, invalidity, inventorship, conception, and reduction to practice of the patents-in-suit. |
| Jason Smith | 8296 160th Avenue NE Unit 102 Redmond, WA 98052 | Mr. Smith was an employee at Implicit Networks Inc. and may have information regarding reduction to practice of the patents-in-suit, inequitable conduct, invalidity, non-infringement, and licensing. |
| Robert Roth | 2028 Roxburg Court Southeast Olympia, WA 98515 | Mr. Smith was an employee at Implicit predecessor BeComm and may have information regarding inequitable conduct, invalidity, inventorship, conception, and reduction to practice of the patents-in-suit. |
| Leslie V. Payne | 1111 Bagby, Suite 2100 Houston, TX 77002 713-221-2003 | Mr. Payne was reexamination counsel for Implicit and may have information regarding the patents-in-suit and inequitable conduct. |
| Garth Novack | 6001 84th Avenue Southeast Mercer Island, WA 98040 | Mr. Novak was an employee at Implicit predecessor BeComm and may have information regarding inequitable conduct, invalidity, inventorship, conception, and reduction to practice of the patents-in-suit. |
| Scott J. Miller | 6518 188th Avenue Northeast Redmond, WA 98052 | Mr. Miller was an employee at Implicit predecessor BeComm and may have information regarding inequitable conduct, |

| Name | Contact Information | Subjects |
|---|---|---|
| | | invalidity, inventorship, conception, and reduction to practice of the patents-in-suit. |
| V. Randall Gard | Four Main St., Ste. 20<br>Los Altos, CA 94022<br>650-305-3050 | Mr. Gard was prosecution counsel for Implicit and may have information regarding the patents-in-suit and inequitable conduct. |
| Scott Bradley | 12414 107th Place Northeast<br>Kirkland, WA 98034 | Mr. Bradley was an employee at Implicit predecessor BeComm and may have information regarding inequitable conduct, invalidity, inventorship, conception, and reduction to practice of the patents-in-suit. |
| Michael Bushong* | 1133 Innovation Way<br>Sunnyvale, CA 94089<br>408-745-2000 | Mr. Bushong may have relevant financial information relating to Juniper. |
| Shelly Gupta* | 1133 Innovation Way<br>Sunnyvale, CA 94089<br>408-745-2000 | Ms. Gupta may have relevant information relating to sales of the accused Juniper products. |
| Praveen Sathyanarayan* | 1133 Innovation Way<br>Sunnyvale, CA 94089<br>408-745-2000 | Mr. Sathyanarayan may have relevant technical information relating to the accused SRX products. |
| Anand Desphande* | 1133 Innovation Way<br>Sunnyvale, CA 94089<br>408-745-2000 | Mr. Desphande may have relevant technical information relating to the accused AppSecure product. |

Juniper's investigation is ongoing and Juniper reserves the right to amend and/or supplement these disclosures as additional information becomes available.

### C.   Documents That May Contain Discoverable Information

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, and based upon presently available information, Juniper responds as follows:

Juniper may use documents, data compilations, and tangible things that are in its possession, custody, or control from the categories listed below to support its claims or defenses.

This list does not include categories of documents, data compilations, and tangible things that Juniper will use solely for impeachment purposes.

Not all documents, data compilations, and tangible things that come within the categories listed below will be admissible or discoverable, for example, because of privilege, work product protection, relevance, undue burden, proportionality, confidentiality, or any other valid objection. Juniper reserves the right to object to the admission or production of any document, data compilation, or tangible thing on the basis of privilege, work product protection, relevance, undue burden, proportionality, confidentiality, or any other valid objection.

In addition, Juniper reserves the right to identify and use documents, data compilations, or tangible things from additional categories if, during the course of discovery and investigation relating to this case, Juniper learns that such additional categories exist or contain relevant documents, data compilations, or tangible things.

The categories of documents, data compilations, and tangible things are:

1. United States Patent No. 10,027,780 and related documents, including the prosecution history, filings in any post-grant review, reexamination, or reissue proceedings, and materials regarding conception and reduction to practice.

2. Documents relating to the ownership of the '780 Patent.

3. Documents relating to prior art for the '780 Patent.

4. United States Patent No. 10,033,839 and related documents, including the prosecution history, filings in any post-grant review, reexamination, or reissue proceedings, and materials regarding conception and reduction to practice.

5. Documents relating to the ownership of the '839 Patent.

6. Documents relating to prior art for the '839 Patent.

7. United States Patent No. 10,225,378 and related documents, including the prosecution history, filings in any post-grant review, reexamination, or reissue proceedings, and materials regarding conception and reduction to practice.

8. Documents relating to the ownership of the '378 Patent.

9. Documents relating to prior art for the '378 Patent.

10. United States Patent No. 8,056,075 and related documents, including the prosecution history, filings in any post-grant review, reexamination, or reissue proceedings, and materials regarding conception and reduction to practice.

11. Documents relating to the ownership of the '075 Patent.

12. Documents relating to prior art for the '075 Patent.

13. United States Patent No. 8,694,683 and related documents, including the prosecution history, filings in any post-grant review, reexamination, or reissue proceedings, and materials regarding conception and reduction to practice.

14. Documents relating to the ownership of the '683 Patent.

15. Documents relating to prior art for the '683 Patent.

16. United States Patent No. 8,856,779 and related documents, including the prosecution history, filings in any post-grant review, reexamination, or reissue proceedings, and materials regarding conception and reduction to practice.

17. Documents relating to the ownership of the '779 Patent.

18. Documents relating to prior art for the '779 Patent.

19. United States Patent No. 9,270,790 and related documents, including the prosecution history, filings in any post-grant review, reexamination, or reissue proceedings, and materials regarding conception and reduction to practice.

20. Documents relating to the ownership of the '790 Patent.

21. Documents relating to prior art for the '790 Patent.

22. United States Patent No. 9,325,740 and related documents, including the prosecution history, filings in any post-grant review, reexamination, or reissue proceedings, and materials regarding conception and reduction to practice.

23. Documents relating to the ownership of the '740 Patent.

24. Documents relating to prior art for the '740 Patent.

25. United States Patent No. 9,591,104 and related documents, including the prosecution history, filings in any post-grant review, reexamination, or reissue proceedings, and materials regarding conception and reduction to practice.

26. Documents relating to the ownership of the '104 Patent.

27. Documents relating to prior art for the '104 Patent.

28. United States Patent No. 6,629,163 and related documents, including the prosecution history, filings in any post-grant review, reexamination, or reissue proceedings, and materials regarding conception and reduction to practice.

29. Documents relating to the ownership of the '163 Patent.

30. Documents relating to prior art for the '163 Patent.

31. United States Patent No. 7,711,857 and related documents, including the prosecution history, filings in any post-grant review, reexamination, or reissue proceedings, and materials regarding conception and reduction to practice.

32. Documents relating to the ownership of the '857 Patent.

33. Documents relating to prior art for the '857 Patent.

34. Documents related to *Implicit Networks, Inc. v. Juniper Networks, Inc.*, Civ. No. 10-4234-SI (N.D. Cal.) and any other litigation involving the asserted patents or patents related to the asserted patents, including without limitation relevant documents produced, discovery requests and responses, court filings, expert reports, and deposition transcripts.

35. Documents related to the allegations regarding infringement, invalidity, and/or unenforceability of the patents-in-suit made by Implicit, LLC, Implicit Networks Inc., or a third party, whether in litigation, arbitration, mediation, or otherwise.

36. Documents supporting or refuting Implicit's alleged damages.

37. Documents related to Implicit's licensing of its patents, including all prior Implicit licenses and settlements, as well as correspondence with third parties and internal analyses related to enforcement, licensing, and settlement efforts or negotiations.

38. Documents relating to Implicit's pre-filing investigation (or lack thereof) for this lawsuit against Juniper and/or Implicit's delay in bringing these claims (including actual or constructive notice of the alleged facts underlying those claims).

39. Documents related to communications between the parties to this litigation.

40. Documents concerning any purported embodiments of the patents-in-suit.

41. Documents relating to Implicit, LLC, including its corporate structure and business operations.

42. Documents relating to Implicit Networks Inc., including its corporate structure and business operations.

43. Relevant source code for the accused products.

44. Relevant documents relating to the development, design, and function of the accused products and methods.

45. Relevant documents relating to the sale and marketing of the accused products.

46. Documents produced by the parties in this matter or by third parties, whether pursuant to discovery requests or otherwise required by the Court.

47. Documents evidencing Juniper's defenses and counterclaims in this litigation.

These categories are intended to exclude documents and things that are not discoverable due to privilege, irrelevance, or any other reason. Juniper expressly reserves the right to identify and use documents from additional categories if, as a result of subsequent discovery or investigation, Juniper learns that such additional categories contain relevant documents.

### D.   Legal Theories And Factual Bases

Pursuant to Paragraph 1(c) of the Discovery Order, Juniper states that it has not infringed any valid or enforceable claim of the asserted patents in this case; that Implicit is not entitled to any damages; and that this is an exceptional case such that Juniper is entitled to its fees under 35 U.S.C. § 285. Juniper has not directly or indirectly infringed and does not infringe any of the claims in the patents at issue, either literally or under the doctrine of equivalents, willfully or otherwise. Juniper further contends the patents at issue are invalid for reasons including anticipation (35 U.S.C. § 102) and obviousness (35 U.S.C. § 103) in light of the prior art; lack of patentable subject matter (35 U.S.C. § 101); and failure to comply with the definiteness, written description, enablement, and/or best mode requirements of 35 U.S.C. § 112.  Additionally, Juniper asserts that the patents at issue are invalid for failing to comply with one or more provisions of 35 U.S.C. § 282.  Juniper further contends that Implicit is barred from asserting its claims by the doctrine of prosecution history estoppel.  By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office that led to the issuance of the patents at issue or during any reexamination of the patents at issue, the patents at issue are so limited that none of their claims can be construed as covering any activity or product of Juniper. Juniper further

contends that the patents at issue are not enforceable against Juniper because of the doctrines of acquiescence, estoppel, laches, waiver, unclean hands, misuse, inequitable conduct, improper claim splitting, and/or other equitable doctrines. Juniper further contends that Implicit is barred by 35 U.S.C. §§ 286, 287, and/or 288 from recovering damages (either in whole or part) for any alleged infringement of the patents at issue.

Juniper's investigation of the claims and defenses in this action is ongoing, and Juniper reserves the right to present additional legal and factual theories as appropriate. Juniper further incorporates by reference all defenses to be disclosed in its forthcoming answer to the complaint in this case, as well as any details regarding these defenses to be disclosed at a later time in its Patent Rule disclosures and responses to discovery requests.

At this time, Juniper does not have any further statement under Paragraph 1(g) of the Discovery Order.

### E.  Computation Of Damages

As required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, and based upon presently available information, Juniper responds as follows:

Juniper intends to seek all available remedies and relief against Implicit, LLC including, but not limited to, a judicial determination that it does not and has not infringed the patents-in-suit, a judicial determination that the patents-in-suit are unenforceable, and reasonable attorneys' fees and costs incurred in this action pursuant to 35 U.S.C. § 285. Juniper reserves the right to supplement these disclosures as necessary.

### F.  Insurance Coverage

As required by Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, and based upon presently available information, Juniper responds as follows:

Juniper is not aware of any agreements under which any insurance business may be liable to satisfy part or all of a judgment in this action.

### G. Any Potential Parties To The Action

Juniper believes that the following entity may be a potential party: Implicit Networks, Inc., 845 106th Avenue NE, Bellevue, WA 98004-4308.

At this early stage, Juniper is not aware of any other potential parties that have not been named. Juniper reserves the right to supplement and/or amend these disclosures as discovery proceeds and in conformity with this Court's Orders.

Dated: September 25, 2019

By: *Ingrid Petersen*
**IRELL & MANELLA LLP**
David McPhie (*pro hac vice*)
(CA State Bar No. 231520)
Ingrid Petersen (*pro hac vice*)
(CA State Bar No. 313927)
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
Email: dmcphie@irell.com

Jonathan S. Kagan (*pro hac vice*)
(CA State Bar No. 166039)
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: jkagan@irell.com

**GILLAM & SMITH LLP**
Melissa Richards Smith
(Texas Bar No. 24001351)
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

**Attorneys for Defendant Juniper Networks, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 25 day of September 2019.

                                                                        */s/ Ingrid Petersen*
                                                                        Ingrid Petersen