IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IMPLICIT, LLC,<br>*Plaintiff*,<br><br>v. | § § § § § | |
| IMPERVA, INC. | § § § | Case No. 2:19-cv-00040-JRG-RSP<br>LEAD CASE |
| FORTINET, INC. | § § § | Case No. 2:19-cv-00039-JRG-RSP |
| JUNIPER NETWORKS, INC.<br><br>*Defendants*. | § § § § | Case No. 2:19-cv-00037-JRG-RSP |

**JOIN<u>T CLAIM CONSTRUCTION AND PREHEARING STATEMEN</u>T**
**<u>PURSUANT TO P.R 4-3</u>**

Plaintiff Implicit, LLC ("Implicit), and Defendants Fortinet, Inc. ("Fortinet"), Juniper Networks, Inc. ("Juniper"), and Imperva, Inc. ("Imperva") (collectively, the "Parties"), pursuant to Patent Local Rule 4-3 and the Court's Third Amended Docket Control Order (Dkt. 152), hereby respectfully submit this joint claim construction and prehearing statement regarding U.S. Patent Nos. 8,694,683 (the "'683 patent"); 9,270,790 (the "'790 patent); 9,591,104 (the "'104 patent"); 10,033,839 (the "'839 patent"); 10,027,780 (the "'780 patent"); and 10,225,378 (the "'378 patent") (collectively, the "Patents-in-Suit").

**I.     AGREED CLAIM CONSTRUCTIONS**

The Parties agree to the construction of the following claim terms:

| Term, Phrase, or Clause | Agreed Construction |
|---|---|
| "message" | "a collection of data that is related in some way, such as a stream of video or audio data or an email message" |

| Term, Phrase, or Clause | Agreed Construction |
|---|---|
| "state information" | "information that is specific to a software routine for a specific message, that can be used for all packets of the message, and that is not information related to an overall path" |
| "the packet of the message" | "the one or more received message packets used to create a path" |
| "key [value]" | "information that can be used to identify the session of a protocol," and—as used in the '104, '780, '839, and '378 Patents—the determine/determining operation/step is performed before the identify/identifying operation/step |

## II.   PROPOSED CONSTRUCTIONS AND IDENTIFICATION OF INTRINSIC AND EXTRINSIC EVIDENCE

The Parties' proposed constructions for the disputed terms and identification of supporting evidence are attached as Exhibits A and B.  Plaintiff's proposed constructions and identification of evidence are attached as Exhibit A.  Defendants' proposed constructions and identification of evidence are attached as Exhibit B.

Defendants' Objection: The Parties exchanged their P.R. 4-2 disclosures on November 4, 2019, identifying proposed constructions and extrinsic evidence for the collection of terms previously identified by the Parties on October 3, 2019.  At 5:14 p.m. CT on the day of this filing, Plaintiff for the first time served a draft of its Exhibit A that (i) materially changed the terms identified by combining terms and adding claim language; (ii) added new extrinsic evidence not previously identified; and (iii) proposed new alternative constructions, all of which were previously undisclosed in Plaintiff's P.R. 4-2 disclosure.  Although Plaintiff proposed combining certain terms during the Parties' meet and confer on November 25, 2019, Plaintiff did not provide a written version of its proposal—much less identify any of the new terms, constructions, and evidence—until 5:14 p.m. CT today as Plaintiff's Exhibit A.  Defendants object to Plaintiff's Exhibit A to the extent it differs from Plaintiff's P.R. 4-2 disclosure,

including because the belated disclosure of Plaintiff's Exhibit A does not allow Defendants adequate time to consider and respond to Plaintiff's new and previously undisclosed positions.

<u>Plaintiff's Response to Defendants' Objections</u>:  Implicit's P.R. 4-2 disclosure properly disclosed its preliminary proposed terms, constructions, and supporting evidence in compliance with the Eastern District of Texas's Patent Rules.

Defendants' primary complaint appears to be about Implicit's merging of the "execute" and "convert" terms.  But Implicit presents no terms that went undiscussed by the Parties.  Implicit specifically disclosed its proposal for merging the "execute" and "convert" terms during the Parties' meet and confer, and the Parties discussed the same for approximately 45 minutes.   As for Implicit's alternative constructions, Implicit's position remains the same—the terms require no construction and the alternative constructions merely capture plain meaning to one of ordinary skill in the art in language that is helpful to the jury.

Defendants' objection is surprising given Defendants' late addition of a new term not included in their P.R. 4-2 disclosure.  Defendants added "routines in the sequence of routines," which is not mentioned at all in Defendants' P.R. 4-2 disclosure.

Implicit's "new" extrinsic evidence was largely cited in either Defendants' own P.R. 4-2 disclosure, or by Dr. Kevin Almeroth in his properly-noticed, sworn declaration (served concurrently with this filing).  *See* P.R. 4-3 (b) & Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).  Furthermore, Defendants, after 7:00 p.m. CT, added an immense quantity (hundreds of pages) of "new" extrinsic evidence in support of each of their proposed terms.

Finally, if Defendants need to adjust their approach to any of the claim terms, they have ample time to do so.  Defendants' claim construction brief is not due until January 9, 2020, which is 44 days from the date of this filing.

Defendants' Reply: As discussed on the parties' meet and confer teleconference, the omission of "routines in the sequence of routines" was an inadvertent omission from Defendants' P.R. 4-2 disclosures. Defendants identified this term as part of its P.R. 4-1 disclosures and had coupled it with the related terms "sequence of [two or more] routines" and "one or more routines" collectively identified as Term No. 2. Regarding Implicit's assertion of Defendants' addition of "an immense quantity (hundreds of pages) of 'new' extrinsic evidence," Defendants are unaware to what "new" evidence Implicit is referring. Defendants incorporated reservations of rights from their P.R. 4-2 cover pleading to rely on "any prosecution histories or reexamination proceedings for the patents at issue or patents in related families," and have added that they reserve the right to rely on evidence cited by Implicit.

### III.  ANTICIPATED LENGTH OF THE CLAIM CONSTRUCTION HEARING

Pursuant to P.R. 4-3, the Parties anticipate that the length of time necessary for the Claim Construction Hearing will be no more than three (3) hours.

### IV.  LIVE WITNESS TESTIMONY

The Parties do not propose to call any witnesses, including experts, live at the Claim Construction Hearing.

### V.  OTHER ISSUES FOR A PREHEARING CONFERENCE

At this time, neither party is aware of any issues which might be appropriately taken up at a prehearing conference prior to the Claim Construction Hearing.

Dated:  November 26, 2019                           Respectfully submitted,

By: /s/ Christopher Larson                           By: /s/ Brandon C. Martin

Michael J. Sacksteder                                Spencer Hosie, pro hac vice,
(CA Bar No. 191605)                                  (CA Bar No. 101777)
Jessica Lee Benzler                                  shosie@hosielaw.com

(CA Bar No. 306164)
Christopher L. Larson
(CA Bar No. 308247)
**FENWICK & WEST LLP-San Francisco**
555 California Street
12th Floor
San Francisco, CA 94104
415-875-2300
Facsimile: (415) 281-1350
Email: msacksteder@fenwick.com;
jbenzler@fenwick.com;
clarson @fenwick.com

GEOFFREY ROBERT MILLER
(TX State Bar No. 24094847)
**FENWICK & WEST LLP-Mtn. View**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
650-988-8500
Facsimile: (650) 938-5200
gmiller@fenwick.com

*Counsel for Defendant Imperva, Inc.*

By: */s/ Alice Snedeker*

Matthew C. Gaudet (GA SBN 287789)
Admitted E.D. Tex.
David C. Dotson (GA SBN 138040)
Admitted E.D. Tex.
John R. Gibson (GA SBN 454507)
Admitted E.D. Tex.
Alice E. Snedeker
Admitted E.D. Tex.
**DUANE MORRIS LLP**
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901
Email: mcgaudet@duanemorris.com;
dcdotson@duanemorris.com;
jrgibson@duanemorris.com
aesnedeker@duanemorris.com

Christopher J. Tyson (VA SBN 81553)

Diane S. Rice, pro hac vice,
(CA Bar No. 118303)
drice@hosielaw.com
Brandon C. Martin, pro hac vice,
(CA Bar No. 269624)
bmartin@hosielaw.com
Darrell Rae Atkinson, pro hac vice,
(CA Bar No. 280564)
datkinson@hosielaw.com
Francesca M.S. Germinario, pro hac vice,
(CA Bar No. 326208)
fgerminario@hosielaw.com
HOSIE RICE LLP
600 Montgomery St., 34th Floor
San Francisco, CA 94111
415.247.6000
Fax: 415.247.6001

William E. Davis, III (TX Bar No. 24047416)
bdavis@bdavisfirm.com
Christian J. Hurt (TX Bar No. 24059987)
churt@bdavisfirm.com
Edward Chin (Of Counsel)
(TX Bar No. 50511688)
echine@bdavisfirm.com
Debra Coleman (Of Counsel)
(TX Bar No. 24059595)
dcoleman@bdavisfirm.com
Ty Wilson (TX Bar No. 24106583)
THE DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas  75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Implicit, LLC*

Admitted E.D. Tex.
**DUANE MORRIS LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Tel: 202.776.7800
Fax: 202.776.7801
Email: cjtyson@duanemorris.com

Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

*Counsel for Defendant Fortinet, Inc.*

By: */s/ David McPhie*

**IRELL & MANELLA LLP-Newport Beach**
David McPhie
(CA Bar No. 231520) [Pro Hac Vice]
Ingrid Marie Haslund Petersen
(CA Bar No. 313927) [Pro Hac Vice]
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
Email: dmcphie@irell.com
ipetersen@irell.com

**IRELL & MANELLA LLP-Los Angeles**
Jonathan S. Kagan
(CA Bar No. 166039) [Pro Hac Vice]

1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: jkagan@irell.com

**GILLAM & SMITH LLP**
Melissa R. Smith

(Texas Bar No. 24001351)
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendant Juniper Networks, Inc.*

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served on this 26th day of November, 2019 on all counsel, who are deemed to have consented to electronic service.  *See* Local Rule CV-5(a)(3)(V).

*/s/ Brandon C. Martin*
Brandon C. Martin