IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IMPLICIT, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>IMPERVA, INC.,<br><br>              Defendant. | Civil Action No. 2:19-cv-00040-JRG-RSP<br>(LEAD CASE) |

**DEFENDANT IMPERVA, INC.'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Imperva Inc. ("Imperva") hereby submits its Answer and Affirmative Defenses to the First Amended Complaint for Patent Infringement ("Amended Complaint") (Dkt. No. 14) of Plaintiff Implicit, LLC ("Implicit" or "Plaintiff"). To the extent a response is required to the unnumbered preamble of Plaintiff's Amended Complaint: Denied.

## I.  NATURE OF THE SUIT

1.      Imperva admits that the Amended Complaint purports to state a claim for patent infringement arising under Title 35 of the United States Code. To the extent that any further response is required: Denied.

## II.  THE PARTIES

2.      Imperva is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint, and therefore denies them.

3.      Imperva admits that it is a Delaware corporation with a principle place of business in Redwood Shores, California. Imperva also admits that it maintains a place of business in Plano, Texas.

### III. JURISDICTION AND VENUE

4. Imperva admits that this case arises under Title 35 of the United States Code and that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). To the extent that any further response is required: Denied.

5. To the extent that the allegations of Paragraph 5 of the Amended Complaint set forth legal conclusions, no response is required. Imperva admits that it maintains a place of business in Plano, Texas. To the extent that any further response is required: Denied.

6. To the extent that the allegations of Paragraph 6 of the Amended Complaint set forth legal conclusions, no response is required. Imperva does not dispute that, for purposes of this action, specific personal jurisdiction exists.

7. To the extent that the allegations of Paragraph 7 of the Amended Complaint set forth legal conclusions, no response is required. Imperva does not dispute that, for purposes of this action, venue is proper in this District under 28 U.S.C. § 1400(b). However, Imperva contends that the United States District Court for the Northern District of California is a more convenient forum for this action and reserves the right to seek transfer for the convenience of parties and witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a).

### IV. BACKGROUND

**A. The Asserted Patents**

8. Imperva admits that the Amended Complaint purports to assert infringement of United States Patent Nos. 8,056,075 (the "'075 Patent"); 8,856,779 (the "'779 Patent"); 9,325,740 (the "'740 Patent"); 8,694,683 (the "'683 Patent"); 9,270,790 (the "'790 Patent"); 9,591,104 (the "'104 Patent"); 10,027,780 (the "'780 Patent"); and 10,033,839 (the "'839 Patent"); and 10,225,378 (the "'378 Patent"). The Court has dismissed Implicit's claims asserting the '779, '740, and '075 Patents. (*See* Dkt. Nos. 124, 155.) The remaining patents, the

'683, '790, '104, '780, '839, and '378 Patents, are collectively referred to herein as the "Patents-In-Suit."

9. The Court has dismissed Implicit's claims asserting the '075 Patent and thus no response is necessary. (*See* Dkt. No. 155.) To the extent that any further response is required: Denied.

10. The Court has dismissed Implicit's claims asserting the '075 Patent and thus no response is necessary. (*See* Dkt. No. 155.) To the extent that any further response is required: Denied.

11. The Court has dismissed Implicit's claims asserting the '075 Patent and thus no response is necessary. (*See* Dkt. No. 155.) To the extent that any further response is required: Denied.

12. The Court has dismissed Implicit's claims asserting the '779 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

13. The Court has dismissed Implicit's claims asserting the '779 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

14. The Court has dismissed Implicit's claims asserting the '779 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

15. The Court has dismissed Implicit's claims asserting the '740 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

16. The Court has dismissed Implicit's claims asserting the '740 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

17. The Court has dismissed Implicit's claims asserting the '740 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

18. Imperva admits that the '683 Patent on its face is titled "Method and System for Data Demultiplexing" and lists Edward Balassanian as the inventor. Imperva also admits that a purported copy of the '683 Patent was attached to the Amended Complaint as Exhibit 4. To the extent that any further response is required: Denied.

19. Imperva admits that the '683 Patent on its face states that it issued on April 8, 2014. To the extent that any further response is required: Denied.

20. To the extent that the allegations of Paragraph 20 of the Amended Complaint set forth legal conclusions, no response is required. Imperva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Amended Complaint, and therefore denies them.

21. Imperva admits that the '790 Patent on its face is titled "Method and System for Data Demultiplexing" and lists Edward Balassanian as the inventor. Imperva also admits that a purported copy of the '790 Patent was attached to the Amended Complaint as Exhibit 5. To the extent that any further response is required: Denied.

22. Imperva admits that the '790 Patent on its face states that it issued on February 23, 2016. To the extent that any further response is required: Denied.

23. To the extent that the allegations of Paragraph 23 of the Amended Complaint set

forth legal conclusions, no response is required. Imperva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of the Amended Complaint, and therefore denies them.

24. Imperva admits that the '104 Patent on its face is titled "Method and System for Data Demultiplexing" and lists Edward Balassanian as the inventor. Imperva also admits that a purported copy of the '104 Patent was attached to the Amended Complaint as Exhibit 6. To the extent that any further response is required: Denied.

25. Imperva admits that the '104 Patent on its face states that it issued on March 7, 2017. To the extent that any further response is required: Denied.

26. To the extent that the allegations of Paragraph 26 of the Amended Complaint set forth legal conclusions, no response is required. Imperva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Amended Complaint, and therefore denies them.

27. Imperva admits that the '780 Patent on its face is titled "Method and System for Data Demultiplexing" and lists Edward Balassanian as the inventor. Imperva also admits that a purported copy of the '780 Patent was attached to the Amended Complaint as Exhibit 7. To the extent that any further response is required: Denied.

28. Imperva admits that the '780 Patent on its face states that it issued on July 17, 2018. To the extent that any further response is required: Denied.

29. To the extent that the allegations of Paragraph 29 of the Amended Complaint set forth legal conclusions, no response is required. Imperva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the Amended Complaint, and therefore denies them.

30. Imperva admits that the '839 Patent on its face is titled "Method and System for Data Demultiplexing" and lists Edward Balassanian as the inventor. Imperva also admits that a purported copy of the '839 Patent was attached to the Amended Complaint as Exhibit 8. To the extent that any further response is required: Denied.

31. Imperva admits that the '839 Patent on its face states that it issued on July 24, 2018. To the extent that any further response is required: Denied.

32. To the extent that the allegations of Paragraph 32 of the Amended Complaint set forth legal conclusions, no response is required. Imperva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 of the Amended Complaint, and therefore denies them.

33. Imperva admits that the '378 Patent on its face is titled "Method and System for Data Demultiplexing" and lists Edward Balassanian as the inventor. Imperva also admits that a purported copy of the '378 Patent was attached to the Amended Complaint as Exhibit 9. To the extent that any further response is required: Denied.

34. Imperva admits that the '378 Patent on its face states that it issued on March 5, 2019. To the extent that any further response is required: Denied.

35. To the extent that the allegations of Paragraph 35 of the Amended Complaint set forth legal conclusions, no response is required. Imperva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 of the Amended Complaint, and therefore denies them.

**B.     Imperva**

36. Imperva admits that Imperva makes, uses, and sells products in the United States. To the extent that any further response is required: Denied.

37. To the extent that the allegations of Paragraph 37 of the Amended Complaint set

forth legal conclusions, no response is required. Imperva admits that Imperva sells and offers products in this District. To the extent that any further response is required: Denied.

## V. ALLEGED NOTICE

38. Imperva incorporates its responses above to the allegations in the unnumbered preamble and preceding paragraphs of the Amended Complaint as if set forth fully herein.

39. Imperva admits that Implicit sent a letter to Imperva in October 2018 that listed certain patents, including the '075, '683, '790, and '104 Patents. Imperva denies the remaining allegations of Paragraph 39 of the Amended Complaint.

40. Imperva admits that it received written notice of the '075, '779, '740, '683, '790, '104, '780, and '839 Patents and Implicit's allegations of infringement thereof from Implicit's Original Complaint filed in this action. To the extent that any further response is required: Denied.

41. Imperva admits that it received written notice of the '378 Patent and Implicit's allegations of infringement thereof from Implicit's Amended Complaint filed in this action. To the extent that any further response is required: Denied.

## VI. CLAIM ALLEGATIONS

**A.  Alleged Infringement of the '075 Patent**

42. Imperva incorporates its responses above to the allegations in the unnumbered preamble and preceding paragraphs of the Amended Complaint as if set forth fully herein.

43. The Court has dismissed Implicit's claims asserting the '075 Patent and thus no response is necessary. (*See* Dkt. No. 155.) To the extent that any further response is required: Denied.

44. The Court has dismissed Implicit's claims asserting the '075 Patent and thus no response is necessary. (*See* Dkt. No. 155.) To the extent that any further response is required:

Denied.

45. The Court has dismissed Implicit's claims asserting the '075 Patent and thus no response is necessary. (*See* Dkt. No. 155.) To the extent that any further response is required: Denied.

46. The Court has dismissed Implicit's claims asserting the '075 Patent and thus no response is necessary. (*See* Dkt. No. 155.) To the extent that any further response is required: Denied.

47. The Court has dismissed Implicit's claims asserting the '075 Patent and thus no response is necessary. (*See* Dkt. No. 155.) To the extent that any further response is required: Denied.

**B.     Alleged Infringement of the '779 Patent**

48. Imperva incorporates its responses above to the allegations in the unnumbered preamble and preceding paragraphs of the Amended Complaint as if set forth fully herein.

49. The Court has dismissed Implicit's claims asserting the '779 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

50. The Court has dismissed Implicit's claims asserting the '779 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

51. The Court has dismissed Implicit's claims asserting the '779 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

52. The Court has dismissed Implicit's claims asserting the '779 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required:

Denied.

53. The Court has dismissed Implicit's claims asserting the '779 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

**C.   Alleged Infringement of the '740 Patent**

54. Imperva incorporates its responses above to the allegations in the unnumbered preamble and preceding paragraphs of the Amended Complaint as if set forth fully herein.

55. The Court has dismissed Implicit's claims asserting the '740 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

56. The Court has dismissed Implicit's claims asserting the '740 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

57. The Court has dismissed Implicit's claims asserting the '740 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

58. The Court has dismissed Implicit's claims asserting the '740 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

59. The Court has dismissed Implicit's claims asserting the '740 Patent and thus no response is necessary. (*See* Dkt. No. 124.) To the extent that any further response is required: Denied.

**D.   Alleged Infringement of the '683 Patent**

60. Imperva incorporates its responses above to the allegations in the unnumbered

preamble and preceding paragraphs of the Amended Complaint as if set forth fully herein.

61. Imperva denies the allegations of Paragraph 61 of the Amended Complaint.

62. Imperva denies the allegations of Paragraph 62 of the Amended Complaint.

63. Imperva denies the allegations of Paragraph 63 of the Amended Complaint.

64. Imperva denies the allegations of Paragraph 64 of the Amended Complaint.

65. Imperva denies the allegations of Paragraph 65 of the Amended Complaint.

E.   **Alleged Infringement of the '790 Patent**

66. Imperva incorporates its responses above to the allegations in the unnumbered preamble and preceding paragraphs of the Amended Complaint as if set forth fully herein.

67. Imperva denies the allegations of Paragraph 67 of the Amended Complaint.

68. Imperva denies the allegations of Paragraph 68 of the Amended Complaint.

69. Imperva denies the allegations of Paragraph 69 of the Amended Complaint.

70. Imperva denies the allegations of Paragraph 70 of the Amended Complaint.

71. Imperva denies the allegations of Paragraph 71 of the Amended Complaint.

F.   **Alleged Infringement of the '104 Patent**

72. Imperva incorporates its responses above to the allegations in the unnumbered preamble and preceding paragraphs of the Amended Complaint as if set forth fully herein.

73. Imperva denies the allegations of Paragraph 73 of the Amended Complaint.

74. Imperva denies the allegations of Paragraph 74 of the Amended Complaint.

75. Imperva denies the allegations of Paragraph 75 of the Amended Complaint.

76. Imperva denies the allegations of Paragraph 76 of the Amended Complaint.

77. Imperva denies the allegations of Paragraph 77 of the Amended Complaint.

G.   **Alleged Infringement of the '780 Patent**

78. Imperva incorporates its responses above to the allegations in the unnumbered

preamble and preceding paragraphs of the Amended Complaint as if set forth fully herein.

79. Imperva denies the allegations of Paragraph 79 of the Amended Complaint.

80. Imperva denies the allegations of Paragraph 80 of the Amended Complaint.

81. Imperva denies the allegations of Paragraph 81 of the Amended Complaint.

82. Imperva denies the allegations of Paragraph 82 of the Amended Complaint.

83. Imperva denies the allegations of Paragraph 83 of the Amended Complaint.

### H. Alleged Infringement of the '839 Patent

84. Imperva incorporates its responses above to the allegations in the unnumbered preamble and preceding paragraphs of the Amended Complaint as if set forth fully herein.

85. Imperva denies the allegations of Paragraph 85 of the Amended Complaint.

86. Imperva denies the allegations of Paragraph 86 of the Amended Complaint.

87. Imperva denies the allegations of Paragraph 87 of the Amended Complaint.

88. Imperva denies the allegations of Paragraph 88 of the Amended Complaint.

89. Imperva denies the allegations of Paragraph 89 of the Amended Complaint.

### I. Alleged Infringement of the '378 Patent

90. Imperva incorporates its responses above to the allegations in the unnumbered preamble and preceding paragraphs of the Amended Complaint as if set forth fully herein.

91. Imperva denies the allegations of Paragraph 91 of the Amended Complaint.

92. Imperva denies the allegations of Paragraph 92 of the Amended Complaint.

93. Imperva denies the allegations of Paragraph 93 of the Amended Complaint.

94. Imperva denies the allegations of Paragraph 94 of the Amended Complaint.

95. Imperva denies the allegations of Paragraph 95 of the Amended Complaint.

### VII. DAMAGES

96. Imperva incorporates its responses above to the allegations in the unnumbered

preamble and preceding paragraphs of the Amended Complaint as if set forth fully herein

97. Imperva denies the allegations of Paragraph 97 of the Amended Complaint.

98. Imperva denies the allegations of Paragraph 98 of the Amended Complaint.

99. Imperva denies the allegations of Paragraph 99 of the Amended Complaint.

## VIII.  PRAYER FOR RELIEF

Imperva denies that Implicit is entitled to any of the relief requested in the Amended Complaint or any relief whatsoever.

## IX.  JURY DEMAND

Imperva hereby requests a trial by jury on all issues so triable including specifically on Implicit's claims and Imperva's defenses thereto.

## GENERAL DENIAL

Imperva denies all allegations in the Amended Complaint that have not been specifically admitted in Paragraphs 1-99 above.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), without assuming any burden that it would not otherwise bear, and reserving the right to assert additional defenses, at law or in equity, which may now exist or in the future may become known or available as the result of discovery in this case, Imperva asserts the following defenses:

## FIRST DEFENSE – NON-INFRINGEMENT

Imperva has not infringed and does not infringe, directly or indirectly, contributorily or by inducement, any claim of the Patents-In-Suit, either literally or under the doctrine of equivalents, or in any other manner.

## SECOND DEFENSE – INVALIDITY

The claims of the Patents-In-Suit are invalid for failure to satisfy one or more of the

requirements of 35 U.S.C. § 100, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of example only, and without limitation, the claims of the Patents-In-Suit are invalid under 35 U.S.C. §§ 102 and/or 103.

### THIRD DEFENSE – FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Implicit's Amended Complaint fails to state a claim upon which relief can be granted. For example, Implicit' Amended Complaint fails to state a plausible claim for infringement because it does not provide sufficient explanation of how the elements of the asserted claims are met or otherwise describe the acts of infringement with sufficient specificity to satisfy the pleading requirements under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 554 (2007). Implicit's allegations regarding indirect infringement are lacking, as Implicit fails to allege facts supporting its conclusory statements that Imperva specifically intended its customers to infringe, and that the accused products have no substantial non-infringing uses. Additionally, Implicit fails to properly plead a claim for and identify any sufficient basis on which to find willful infringement.

### FOURTH DEFENSE – EXHAUSTION

Implicit's claims for relief are barred in whole or in part by the doctrine of patent exhaustion.

### FIFTH DEFENSE – LICENSE

Implicit's claims are barred in whole or in part to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Imperva by any entity or entities having express or implied licenses to one or more of the Patents-In-Suit, including, but not limited to, licenses with Intel, Inc.

## SIXTH DEFENSE – EQUITABLE ESTOPPEL

Implicit's claims for relief are barred in whole or in part by the equitable doctrines of estoppel, waiver, acquiescence, and/or unclean hands.

## SEVENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

Implicit is estopped because of prosecution history estoppel and/or disclaimer from construing or interpreting any claims of the Patents-In-Suit to cover or include, either literally or by application of the doctrine of equivalents, any acts of Imperva, by reason of the proceedings in the United States Patent & Trademark Office ("USPTO") during prosecution of the applications leading to the issuance of the Patents-In-Suit, and admissions and representations made therein to the USPTO by the applicants, any disclosures, and/or language in the specifications of the Patents-In-Suit, and/or limitations in the claims of the Patents-In-Suit.

## EIGHTH DEFENSE – LIMITATION ON DAMAGES AND COSTS

Any claim for damages for patent infringement by Implicit is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.  Implicit's claims for monetary relief, if any, are also limited by 35 U.S.C. § 286.

Implicit is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

## NINTH DEFENSE – PLAINTIFF NOT ENTITLED TO FEES

Implicit cannot prove that this is an exceptional case justifying an award of attorneys' fees against Imperva pursuant to 35 U.S.C. § 285.

## TENTH DEFENSE – NO WILLFULNESS

Imperva is not willfully infringing and has not willfully infringed any valid claim of the Patents-in-Suit.

## RESERVATION OF ADDITIONAL DEFENSES

Imperva reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Imperva prays for judgment with respect to Implicit's Amended Complaint and Imperva's defenses as follows:

a. A judgment in favor of Imperva denying Implicit all relief requested in its Amended Complaint and dismissing its Amended Complaint with prejudice;

b. A judgment against Implicit finding that Imperva has not infringed and does not infringe and is not liable for any infringement of any valid and enforceable claim of the Patents-In-Suit;

c. A judgment against Implicit finding that the Patents-In-Suit are invalid;

d. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Imperva its reasonable attorneys' fees;

e. For an award of costs to Imperva; and

f. Such other relief as the Court shall deem just and proper.

//

//

//

Dated: December 5, 2019                     Respectfully submitted,


                                            */s/ Michael J. Sacksteder*
                                            Michael J. Sacksteder (Lead Attorney)
                                            CA Bar No. 191605 (Admitted E.D. Tex.)
                                            msacksteder@fenwick.com
                                            Christopher L. Larson
                                            CA Bar No. 308247 (Admitted E.D. Tex.)
                                            clarson@fenwick.com
                                            Jessica L. Benzler
                                            CA Bar No. 306164 (Admitted E.D. Tex.)
                                            jbenzler@fenwick.com

                                            FENWICK & WEST LLP
                                            555 California Street, 12th Floor
                                            San Francisco, CA  94104
                                            Telephone:     415.875.2300
                                            Facsimile:     415.281.1350

                                            Geoffrey R. Miller
                                            TX Bar No. 24094847
                                            gmiller@fenwick.com

                                            FENWICK & WEST LLP
                                            902 Broadway, Suite 14
                                            New York, NY 10010-6035
                                            Telephone:     212.430.2600
                                            Facsimile:     650.938.5200

                                            Counsel for Defendant
                                            IMPERVA, INC.