# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IMPLICIT, LLC,<br><br>       *Plaintiff*,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>       *Defendant*. | Civil Action No. 2:19-cv-37-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

### DECLARATION OF DAVID MCPHIE IN SUPPORT OF MOTION TO DISQUALIFY DR. KEVIN ALMEROTH AS AN EXPERT FOR IMPLICIT

I, David McPhie, declare and state as follows:

1.  I am a partner at Irell & Manella LLP, counsel of record for Juniper Networks, Inc. in this matter. I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this Declaration.

2.  On August 2, 2019, counsel for Implicit sent an email purporting to disclose Dr. Kevin Almeroth as an expert for Implicit under the Protective Order in this case. A copy of this email (including attachments) is attached as **Exhibit 1**.

3.  I responded to Implicit's email regarding Dr. Almeroth the very same day, including an articulation of Juniper's objections. A copy of that response and the email correspondence that followed is attached as **Exhibit 2**. As noted in this exhibit, I wrote to counsel for Implicit on August 6, 2019, offering to further discuss and consider any response that Implicit might have to Juniper's objections. Although counsel for Implicit responded that he was in a deposition and would "call when I surface," I did not receive any further communication from Implicit in response to my email. Instead, Implicit moved forward to review Juniper's source code using a different technical expert, Erik de la Iglesia, to which Juniper had raised no objection.

4.  On November 26, 2019, Implicit served Dr. Almeroth's expert report on Juniper. On November 27, 2019, I emailed counsel for Implicit to objecting to this expert report and renewing the objections earlier raised with Implicit. The resulting correspondence between counsel is also included in the email thread set forth in **Exhibit 2**.

5.  I met and conferred with Implicit's counsel on December 2 and December 4, 2019, in an attempt to resolve the parties' disputes regarding Dr. Almeroth. These discussions ended in an impasse.

6.  Dr. Almeroth entered into an engagement with Irell & Manella on behalf of Juniper via a written retention letter executed on December 13, 2013. A copy of this retention letter is available for in camera review by the Court if necessary. The subject matter of Dr. Almeroth's retention included a number of related disputes between Juniper and Palo Alto Networks including

the case captioned *Palo Alto Networks, Inc. v. Juniper Networks, Inc.,* Case No. 4:13-cv-04510-SBA, which was then pending in the Northern District of California.

7. Attached as **Exhibit 3** is a copy of the complaint in *Palo Alto Networks, Inc. v. Juniper Networks, Inc.*, Case No. 4:13-cv-04510-SBA (N.D. Cal.).

8. Dr. Almeroth prepared and submitted at least two expert reports in connection with his work for Juniper relating to its disputes with Palo Alto Networks. The first of these was for an IPR proceeding involving U.S. Patent No. 7,107,612, Case No. IPR2013-00369. The second of these was for an IPR proceeding involving U.S. Patent No. 7,734,752, Case No. IPR2013-00466. Both of these patents were asserted by Juniper against Palo Alto Networks in the case captioned *Juniper Networks, Inc. v. Palo Alto Networks, Inc.*, Case No. 1:11-cv-01258-SLR (D. Del.).

9. Attached as **Exhibit 4** is a copy of excerpts from Dr. Almeroth's expert report in connection with Juniper's IPR proceeding for U.S. Patent No. 7,107,612, Case No. IPR2013-00369. This exhibit has been redacted to eliminate confidential information of Palo Alto Networks and/or Juniper.

10. Attached as **Exhibit 5** is a copy of excerpts from Juniper's Invalidity Contentions, which were served on Implicit on September 5, 2019.

11. Dr. Almeroth was deposed on May 19, 2014 in connection with Case No. IPR2013-00369. I met with Dr. Almeroth to prepare for this deposition and attended the deposition itself.

12. As part of Dr. Almeroth's work for Juniper, I had multiple conversations with him in person and over the phone in which we discussed privileged and confidential information belonging to Juniper. These discussions included litigation strategy as well as substantive arguments regarding Juniper products and the prior art, including the issues addressed in his expert reports. One or more other attorneys for Juniper also participated in a number of these communications.

13. Dr. Almeroth submitted invoices and was paid in the amount of at least $85,808.02 in connection with his work for Juniper relating to disputes with Palo Alto Networks.

- 3 -

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of December 2019, at Newport Beach, California.

*/s/ David McPhie*
David McPhie
