# EXHIBIT 2

# Lucas, Elliott

| | |
|---|---|
| **From:** | McPhie, David |
| **Sent:** | Wednesday, December 11, 2019 2:14 PM |
| **To:** | ~Atkinson, Darrell; ~Martin, Brandon; ~Law Firm for Implicit, Hosie; ~Hosie, Spencer; ~Miki Shima Germinario, Francesca |
| **Cc:** | #Juniper-Implicit [Int]; ~Smith, Melissa |
| **Subject:** | RE: Implicit v. Imperva - Expert Disclosure |

Hi Darrell,

We met and conferred with Brandon twice (on December 2 and 4) regarding the Almeroth issues and have already confirmed that the parties have reached an impasse on those issues.

As to your question, I expect Juniper will provide a more complete discussion of the relevant case law in its forthcoming motion.  However, I note that *Sol* explains that the outcome in *Lake Cherokee* was based on the fact that "the expert was the named inventor on both of the patents-in-suit, and therefore had unique first hand knowledge."  Of course, that is clearly not the situation in our case.

Sincerely,
David

=========================
David McPhie
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA  92660
Direct: (949) 760-5216

---

**From:** Darrell R. Atkinson [mailto:datkinson@hosielaw.com]
**Sent:** Tuesday, December 10, 2019 1:10 PM
**To:** McPhie, David; ~Martin, Brandon; ~Law Firm for Implicit, Hosie; ~Hosie, Spencer; ~Miki Shima Germinario, Francesca
**Cc:** #Juniper-Implicit [Int]; ~Smith, Melissa
**Subject:** RE: Implicit v. Imperva - Expert Disclosure

David:

We have reviewed the Judge Payne opinion (*Sol*) you directed us to.  Following our review of *Sol*, we continue to believe that Judge Gilstrap's *Lake Cherokee* opinion is highly germane to our dispute.  However, it appears that Juniper believes that *Sol* somehow undermines Implicit's reliance on *Lake Cherokee*.  But our facts are not the *Sol* facts.  Can you please provide an explanation as to why the *Sol* discussion of *Lake Cherokee* is relevant to the facts of this case as Juniper sees it?

Regards,

Darrell

**From:** McPhie, David <DMcPhie@irell.com>
**Sent:** Saturday, December 7, 2019 10:03 AM
**To:** Brandon Martin <bmartin@hosielaw.com>; Implicit-Counsel <Implicit-Counsel@hosielaw.com>; Spencer Hosie <shosie@hosielaw.com>; Francesca Germinario <fgerminario@hosielaw.com>
**Cc:** #Juniper-Implicit [Int] <Juniper-Implicit@irell.com>; ~Smith, Melissa <melissa@gillamsmithlaw.com>
**Subject:** RE: Implicit v. Imperva - Expert Disclosure

Brandon, please see the attached recent case from Judge Payne which distinguishes the one and only case that you cited during our meet-and-confer.  Let me know if this changes your view on anything we discussed regarding exclusion and disqualification.  We understand that Implicit and its counsel have refused to cease work with Dr. Almeroth that is adverse to Juniper.  We reiterate our demand that you immediately do so.

=========================
David McPhie
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA  92660
Direct: (949) 760-5216

**From:** McPhie, David
**Sent:** Wednesday, November 27, 2019 10:33 AM
**To:** ~Martin, Brandon; ~Law Firm for Implicit, Hosie; ~Hosie, Spencer; ~Miki Shima Germinario, Francesca
**Cc:** #Juniper-Implicit [Int]; ~Smith, Melissa
**Subject:** RE: Implicit v. Imperva - Expert Disclosure

Dear Brandon,

I told you months ago that:

> Dr. Almeroth was retained by Juniper in 2013 and provided assistance including deposition testimony and multiple expert reports in connection with Juniper's disputes with Palo Alto Networks. His involvement included IPR proceedings (Case Nos. IPR2013-00466 and IPR2013-00369) and also related to the litigation proceedings in Delaware and N.D. Cal. (1:11-cv-01258-SLR and 5:13-cv-04510-SBA). The technical subject matter included flow/session technologies, intrusion detection and prevention, JUNOS, and the SRX products (also accused here). I personally had a number of substantive (confidential/privileged) meetings and communications with Dr. Almeroth as part of his prior work for Juniper.

These are public dockets and you could have easily confirmed (for example) that Dr. Almeroth provided expert reports for Juniper in the IPR proceedings along with claim construction and invalidity opinions (including opinions regarding secondary considerations) that addressed flow/session technologies, intrusion detection and prevention, JUNOS, and/or the SRX products.

Despite this clear notice from Juniper, Implicit proceeded to work with Dr. Almeroth over a period of time to prepare a detailed, 58-page expert report presenting numerous claim construction positions adverse to Juniper.  These communications were undertaken despite Dr. Almeroth's privileged and confidential work with Juniper from these prior cases.  Although we were obviously not party to the improper communications between Dr. Almeroth and Implicit's counsel, we certainly know enough to have very serious concerns about what has happened here.  That is why I raised (and reiterate now) the requests in my email from earlier this morning.

We will talk further on Monday at 10 a.m. Pacific.  We can use the following dial-in information:

Dial-In:  866-349-7797

Passcode: 9497605216

Sincerely,
David

========================
David McPhie
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA  92660
Direct: (949) 760-5216

**From:** Brandon Martin [mailto:bmartin@hosielaw.com]
**Sent:** Wednesday, November 27, 2019 10:11 AM
**To:** McPhie, David; ~Law Firm for Implicit, Hosie; ~Hosie, Spencer; ~Miki Shima Germinario, Francesca
**Cc:** #Juniper-Implicit [Int]; ~Smith, Melissa
**Subject:** RE: Implicit v. Imperva - Expert Disclosure

David:

What purportedly "improper expert communications" are you referring to?  Please be specific.

What reports did Dr. Almeroth produce in the prior matters?  Invalidity or infringement?  In which matters?  When?  Your email below answers none of those questions.

Lets plan on Monday at 10:00 AM Pacific.

Best regards,

Brandon

**From:** McPhie, David <DMcPhie@irell.com>
**Sent:** Wednesday, November 27, 2019 10:02 AM
**To:** Brandon Martin <bmartin@hosielaw.com>; Implicit-Counsel <Implicit-Counsel@hosielaw.com>; Spencer Hosie <shosie@hosielaw.com>; Francesca Germinario <fgerminario@hosielaw.com>
**Cc:** #Juniper-Implicit [Int] <Juniper-Implicit@irell.com>; ~Smith, Melissa <melissa@gillamsmithlaw.com>
**Subject:** RE: Implicit v. Imperva - Expert Disclosure

Hi Brandon,

We already answered these questions months ago – see the detailed disclosure in the email thread below.  I understand that we are heading into the Thanksgiving weekend and we can therefore make ourselves available to talk further on Monday anytime between 8:30 and 10:30 a.m. Pacific (please confirm a time that works best for you).  But I need to ask that you have no further communications with Mr. Almeroth between now and then, and also reiterate our request that you agree to immediately withdraw his claim construction report.  Although such course of action will not fully eliminate the taint from these improper expert communications (which were apparently undertaken with full knowledge of the conflict we identified earlier), it may at least serve to minimize further prejudice to Juniper.

Sincerely,
David

========================

3

David McPhie
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA  92660
Direct: (949) 760-5216

---

**From:** Brandon Martin [mailto:bmartin@hosielaw.com]
**Sent:** Wednesday, November 27, 2019 8:40 AM
**To:** McPhie, David; ~Law Firm for Implicit, Hosie; ~Hosie, Spencer; ~Miki Shima Germinario, Francesca
**Cc:** #Juniper-Implicit [Int]; ~Smith, Melissa
**Subject:** RE: Implicit v. Imperva - Expert Disclosure

David:

Looks like Melissa is out of office till Monday in any event.  Also, the meet and confer will be much more productive if you tell us before the meet & confer precisely what Dr. Almeroth did for Juniper, when, and in what matters.

For instance, did Dr. Almeroth submit expert reports in the IPRs?  Did he submit reports in the district court litigations referenced in your email?  If yes, what were the subjects of the reports?  Infringement or invalidity?  When?  Your email is vague on the specifics.

Best regards,

Brandon

---

**From:** Brandon Martin <bmartin@hosielaw.com>
**Sent:** Wednesday, November 27, 2019 8:26 AM
**To:** McPhie, David <DMcPhie@irell.com>; Implicit-Counsel <Implicit-Counsel@hosielaw.com>; Spencer Hosie <shosie@hosielaw.com>; Francesca Germinario <fgerminario@hosielaw.com>
**Cc:** #Juniper-Implicit [Int] <Juniper-Implicit@irell.com>; ~Smith, Melissa <melissa@gillamsmithlaw.com>
**Subject:** RE: Implicit v. Imperva - Expert Disclosure

David:

Is there a time on Monday that works for you?  We are largely in transit or otherwise OOO today.

Best regards,

Brandon

---

**From:** McPhie, David <DMcPhie@irell.com>
**Sent:** Wednesday, November 27, 2019 6:48 AM
**To:** Implicit-Counsel <Implicit-Counsel@hosielaw.com>; Spencer Hosie <shosie@hosielaw.com>; Brandon Martin <bmartin@hosielaw.com>; Francesca Germinario <fgerminario@hosielaw.com>
**Cc:** #Juniper-Implicit [Int] <Juniper-Implicit@irell.com>; ~Smith, Melissa <melissa@gillamsmithlaw.com>
**Subject:** RE: Implicit v. Imperva - Expert Disclosure

Dear Implicit counsel,

Yesterday evening, Implicit served an expert report from Kevin Almeroth in connection with the claim construction proceedings in this case.  We disclosed to you months ago the serious conflicts presented by Implicit's attempted reliance on Mr. Almeroth, a former Juniper expert who had access to Juniper's privileged and confidential information,

strategy, etc. on issues that relate directly to this case (see below).  Rather than heeding this warning, it appears that Implicit has compounded the prejudice to Juniper by continuing to work with Mr. Almeroth in a manner that is adverse to Juniper.  We ask that you please let us know right away when you are available to meet and confer on this issue.  We also ask that you immediately confirm that Implicit will withdraw the Almeroth Report and that Implicit will not attempt to rely upon Mr. Almeroth in any way in connection with the claim construction proceedings in this case (or otherwise in this case going forward).

Sincerely,
David

=========================
David McPhie
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA  92660
Direct: (949) 760-5216

**From:** Spencer Hosie [mailto:shosie@hosielaw.com]
**Sent:** Tuesday, August 6, 2019 12:10 PM
**To:** McPhie, David
**Subject:** RE: Implicit v. Imperva - Expert Disclosure

In depo  will call when I surface

**From:** McPhie, David <DMcPhie@irell.com>
**Sent:** Tuesday, August 6, 2019 11:50 AM
**To:** Spencer Hosie <shosie@hosielaw.com>
**Subject:** RE: Implicit v. Imperva - Expert Disclosure

Hi Spencer, I am around today and available this afternoon if you still want to talk. I have conflicts from 1:30 - 2:30 and 3:30 - 4 but otherwise name a time that works for you.

-----Original Message-----
From: Spencer Hosie <shosie@hosielaw.com>
Sent: Friday, August 2, 2019 3:27 PM
To: McPhie, David <DMcPhie@irell.com>
Cc: Brandon Martin <bmartin@hosielaw.com>; Francesca Germinario <fgerminario@hosielaw.com>; #Juniper-Implicit [Int] <Juniper-Implicit@irell.com>; Imperva-Implicit Team <Imperva-ImplicitTeam@fenwick.com>; Tyson, Christopher J. <CJTyson@duanemorris.com>; Dotson, David C. <DCDotson@duanemorris.com>; ~Dacus, Deron <ddacus@dacusfirm.com>; ~Gaudet, Matthew <mcgaudet@duanemorris.com>; Snedeker, Alice <AESnedeker@duanemorris.com>; Kline, Douglas J <DKline@goodwinlaw.com>; ~Ainsworth, Jennifer <JAinsworth@WilsonLawfirm.com>; ~Smith, Melissa <melissa@gillamsmithlaw.com>; Gibson, John R. <JRGibson@duanemorris.com>; DG-Sophos - Implicit Patent Litigation <DG-Sophos-ImplicitPatentLitigation@goodwinlaw.com>; Implicit-Counsel <Implicit-Counsel@hosielaw.com>
Subject: Re: Implicit v. Imperva - Expert Disclosure

We have not had such communications with him. And will not until we talk. Am in the office Monday. Let me know when you free up.

Sent by iDevice

5

> On Aug 2, 2019, at 4:23 PM, McPhie, David <DMcPhie@irell.com> wrote:
>
> I appreciate your attention to this matter -- this is obviously a highly sensitive issue for Juniper and we want to ensure Implicit has no substantive communications with Dr. Almeroth that could give rise to a problem. Dr. Almeroth was retained by Juniper in 2013 and provided assistance including deposition testimony and multiple expert reports in connection with Juniper's disputes with Palo Alto Networks. His involvement included IPR proceedings (Case Nos. IPR2013-00466 and IPR2013-00369) and also related to the litigation proceedings in Delaware and N.D. Cal. (1:11-cv-01258-SLR and 5:13-cv-04510-SBA). The technical subject matter included flow/session technologies, intrusion detection and prevention, JUNOS, and the SRX products (also accused here). I personally had a number of substantive (confidential/privileged) meetings and communications with Dr. Almeroth as part of his prior work for Juniper. I am in meetings most of the day Monday but if I finish in time would be happy to discuss late afternoon or sometime on Tuesday if you feel further discussion is warranted. Thanks.
>
> =========================
> David McPhie
> Irell & Manella LLP
> 840 Newport Center Drive, Suite 400
> Newport Beach, CA 92660
> Direct: 949-760-5216
>
> -----Original Message-----
> From: Brandon Martin <bmartin@hosielaw.com>
> Sent: Friday, August 2, 2019 2:45 PM
> To: McPhie, David <DMcPhie@irell.com>
> Cc: Francesca Germinario <fgerminario@hosielaw.com>; #Juniper-Implicit [Int] <Juniper-Implicit@irell.com>; Imperva-Implicit Team <Imperva-ImplicitTeam@fenwick.com>; Tyson, Christopher J. <CJTyson@duanemorris.com>; Dotson, David C. <DCDotson@duanemorris.com>; ~Dacus, Deron <ddacus@dacusfirm.com>; ~Gaudet, Matthew <mcgaudet@duanemorris.com>; Snedeker, Alice <AESnedeker@duanemorris.com>; Kline, Douglas J <DKline@goodwinlaw.com>; ~Ainsworth, Jennifer <JAinsworth@WilsonLawfirm.com>; ~Smith, Melissa <melissa@gillamsmithlaw.com>; Gibson, John R. <JRGibson@duanemorris.com>; DG-Sophos - Implicit Patent Litigation <DG-Sophos-ImplicitPatentLitigation@goodwinlaw.com>; Implicit-Counsel <Implicit-Counsel@hosielaw.com>
> Subject: Re: Implicit v. Imperva - Expert Disclosure
>
> And we have not discussed juniper at all with him.
>
> Sent from my iPhone
>
> On Aug 2, 2019, at 2:43 PM, Brandon Martin <bmartin@hosielaw.com<mailto:bmartin@hosielaw.com>> wrote:
>
> David:
>
> Nothing produced by Juniper in this case has been transmitted to Dr. Almeroth.
>
> Please provide details of the "work for Juniper . . . A few years ago" you say Dr. Almeroth performed.
>
> Please explain why you think there is a risk of substantial overlap.
>
> Also, I assume no objection to Erik de la Iglesia.
>
> Best regards,
>
> Brandon

6

>
> Best regards,
>
> Brandon
>
> Sent from my iPhone
>
> On Aug 2, 2019, at 2:30 PM, McPhie, David <DMcPhie@irell.com<mailto:DMcPhie@irell.com>> wrote:
>
> Dear Francesca,
>
> Thank you for sending this disclosure regarding Dr. Almeroth. However, Juniper must object at this time. As you may know, Dr. Almeroth did significant work for Juniper in connection with its disputes with Palo Alto Networks a few years ago (including access to confidential and privileged Juniper information, strategy, etc.) and it appears there is risk of substantial overlap in subject matter here. Please confirm that Implicit does not intend to go forward with Dr. Almeroth and let us know what steps (if any) you have taken to prevent improper access to any confidential and privileged Juniper information from him.
>
> Sincerely,
> David
>
> =========================
> David McPhie
> Irell & Manella LLP
> 840 Newport Center Drive, Suite 400
> Newport Beach, CA 92660
> Direct: 949-760-5216
>
> From: Francesca Germinario <fgerminario@hosielaw.com<mailto:fgerminario@hosielaw.com>>
> Sent: Friday, August 2, 2019 12:18 PM
> To: #Juniper-Implicit [Int] <Juniper-Implicit@irell.com<mailto:Juniper-Implicit@irell.com>>; Imperva-Implicit Team <Imperva-ImplicitTeam@fenwick.com<mailto:Imperva-ImplicitTeam@fenwick.com>>; Tyson, Christopher J. <CJTyson@duanemorris.com<mailto:CJTyson@duanemorris.com>>; Dotson, David C. <DCDotson@duanemorris.com<mailto:DCDotson@duanemorris.com>>; ~Dacus, Deron <ddacus@dacusfirm.com<mailto:ddacus@dacusfirm.com>>; ~Gaudet, Matthew <mcgaudet@duanemorris.com<mailto:mcgaudet@duanemorris.com>>; Snedeker, Alice <AESnedeker@duanemorris.com<mailto:AESnedeker@duanemorris.com>>; Kline, Douglas J <DKline@goodwinlaw.com<mailto:DKline@goodwinlaw.com>>; ~Ainsworth, Jennifer <JAinsworth@WilsonLawfirm.com<mailto:JAinsworth@WilsonLawfirm.com>>; ~Smith, Melissa <melissa@gillamsmithlaw.com<mailto:melissa@gillamsmithlaw.com>>; Gibson, John R. <JRGibson@duanemorris.com<mailto:JRGibson@duanemorris.com>>; DG-Sophos - Implicit Patent Litigation <DG-Sophos-ImplicitPatentLitigation@goodwinlaw.com<mailto:DG-Sophos-ImplicitPatentLitigation@goodwinlaw.com>>
> Cc: Implicit-Counsel <Implicit-Counsel@hosielaw.com<mailto:Implicit-Counsel@hosielaw.com>>
> Subject: RE: Implicit v. Imperva - Expert Disclosure
>
>
> Counsel:
>
>
>
> Pursuant to the Protective Order (ECF 111), Paragraphs 5(e) and 9 and 20, Plaintiff Implicit hereby discloses Dr. Kevin Almeroth as an expert retained for the purpose of this litigation. Dr. Almeroth's Protective Order Undertaking (Appendix

7

A) and CV are attached.
>
>
>
> Kind regards,
>
>
> Francesca M. Germinario
> HOSIE | RICE LLP
> Transamerica Pyramid, 34th Floor
> 600 Montgomery Street
> San Francisco, California 94111
> T: 415.247.6000
> F: 415.247.6001
>
>
>
>
>
> PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.