# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IMPLICIT, LLC,<br>　　　　Plaintiff,<br><br>v.<br><br>IMPERVA, INC.<br>　　　　Defendant. | Case No. 2:19-cv-00040-JRG-RSP<br>LEAD CASE |
| IMPLICIT, LLC,<br>　　　　Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br>　　　　Defendant. | Case No. 2:19-cv-00037-JRG-RSP |

**PLAINTIFF IMPLICIT, LLC'S OPPOSITION TO DEFENDANT JUNIPER NETWORKS, INC.'S MOTION TO STAY PENDING DECISION ON TRANSFER MOTIONS (DKT. 174)**

## I.   <u>INTRODUCTION</u>

The Court should deny Juniper's motion to stay.  Juniper's motion to transfer is not even fully briefed yet, and the Court will address that motion in due course.  Juniper is not entitled to a stay—right at the *Markman* hearing—simply on the belief that it will prevail on its transfer motion and that it doubts that the Court will timely address the motion.

Under the traditional three-factor test, a stay is not warranted in this case.  A stay is unlikely to simplify the issues.  The *Juniper* case is part of a consolidated case involving two other Defendants (Fortinet and Imperva).  That case will continue regardless of a stay.[1]  As a result, a stay of the *Juniper* case will likely cause duplicate rounds of claim-construction proceedings, pretrial practice, and discovery (*e.g.*, depositions of Implicit).  That work will occur during the stay for the consolidated *Fortinet* and *Imperva* cases and, upon lifting of the stay in the *Juniper* case, Implicit will likely have to re-do that work with Juniper.

In contrast, moving forward while Juniper's motion to transfer is pending will not complicate this case or prejudice Juniper.  If the Court denies the motion, this case continues here.  And even if the Court grants Juniper's transfer motion, the intervening work completed here would transfer along with the *Juniper* case.  The practical effect of a stay will be to delay this case and risk duplicate effort, regardless of which forum decides the ultimate merits of the *Juniper* case.

That delay and duplicate work will prejudice Implicit, increasing its costs.  It will also provide Juniper with a tactical advantage, including two-bites at the claim-construction apple.

Lastly, the status of this case does not support a stay.  This case is almost a year old.  The *Markman* hearing is set for March 17, 2020 and trial is currently set for July 6, 2020.  For these reasons, and those below, Juniper's Motion should be denied.

---

[1] Juniper "seeks a stay of the proceedings between it and Implicit[.]" Dkt. No. 174 at 2.

## II.      FACTUAL BACKGROUND

Implicit filed this infringement case on February 4, 2019.  Implicit also filed cases against Imperva and Fortinet, which were consolidated with the *Juniper* case for pretrial purposes.  Juniper has filed two transfer motions.  Juniper moved to transfer to the Northern District of California in May, 2019.  Case No. 2:19-cv-00037, Dkt. No. 18.  Juniper then moved to transfer to the District of Delaware on December 6, 2019, Case No. 2:19-cv-00040, Dkt. No. 164, resulting in the Court finding moot the first motion, Dkt. No. 166.

Juniper filed this motion to stay on December 20, 2019.  Dkt. No. 174.  By then, this case had progressed for the better part of a year.  The parties exchanged infringement and invalidity contentions, produced discovery, and began the claim-construction process.  By November, 2019, the parties had identified terms for construction, provided intrinsic and extrinsic evidence support, and submitted the Patent Local Rule 4-3 Joint Claim Construction and Prehearing Statement.  Dkt. 161.  The *Markman* hearing is set for March 17, 2020 and trial is currently set for July 6, 2020.

## III.      APPLICABLE LAW

Courts have inherent power to stay a proceeding, which is a discretionary decision.  *See Mirror Worlds Tech., LLC v. Dell Inc.*, No. 6:13-CV-941, 2014 WL 11268268, at *1 (E.D. Tex. Sep. 29, 2014).  Courts generally consider three factors: (1) "whether a stay will simplify the issues in question and trial of the case"; (2) "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party"; and (3) "whether discovery is complete and whether a trial date has been set."  *Id*.

## IV.      ARGUMENT

### A.      A Stay is Unlikely to Simplify the Issues

A stay is more likely to complicate this case than simplify it.  That is because this case involves Juniper and two other defendants, Fortinet and Imperva, in a consolidated case.  Fortinet

and Imperva have not requested a stay. Imperva has not moved to change venue. This means that even if the Court were to grant all motions to transfer, the *Imperva* case would continue.

The consolidated proceedings will thus continue and address common issues, including the upcoming *Markman* hearing and the common depositions of Implicit. This unique circumstance weighs against a stay. *Cf. Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, No. 14-1375-LPS-CJB, 2015 WL 4610356, at *1 (D. Del. Aug. 3, 2015) ("[R]esolving the motion to stay in this way [denied with leave to renew] will permit the three related cases to proceed on the same schedule until, at a minimum, the venue issue is addressed …. The defendants in the other two related cases have not filed motions to stay, and there is some efficiency-related benefit (at least for now) to having all three cases move forward on the same path").

A stay will not eliminate that common work. It will instead, in essence, remove Juniper from the consolidated case. It will likely force Implicit to litigate, post-stay, with Juniper, issues it will have already litigated with Fortinet and Imperva. For example, all Defendants have taken the same claim-construction positions. *See* Dkt. 161-2. Juniper has not agreed to be bound to any *Markman* ruling. Nor has it agreed to be bound by the common discovery sought by the other Defendants, which would subject Implicit to multiple deposition rounds. The result is the risk that Implicit will litigate the same issues twice—once with Imperva and Fortinet and once with Juniper.

Juniper's Motion fails to address that reality. And all of the above analysis (wrongly) assumes that the Court will grant Juniper's motion to transfer—if the Court denies the motion to transfer, the stay undisputedly would have only delayed the *Juniper* case and made this case more complicated. *Cf. Pragmantus AV, LLC. v. Yahoo! Inc.*, No. 11-902-LPS-CJB, 2013 WL 2372206, at *3 (D. Del. May 30, 2013) ("But more significantly, if one or more of those eventualities *do not* later occur, than the proposed stay will likely result in complication, not simplification-it will have

frozen the progress of this case as discovery nears its end …") (emphasis in original).  In either case, a stay is unlikely to simplify this case.  This factor weighs against a stay.

**B.**     **A Stay Will Unduly Prejudice Implicit and Present Juniper With a Tactical Advantage**

A stay will prejudice Implicit.  The delay will impair Implicit's general right to the timely enforcement of its patent rights.  *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 U.S. Dist. LEXIS 29572, at *8 (E.D. Tex. Mar. 11, 2015).   More particularly, a stay is likely to result in duplicate litigation and undo the benefits of the consolidation of these cases for pretrial matters, including claim construction.  That will prejudice Implicit by increasing its costs to litigate this case.  This factor weighs against a stay.

Juniper does not address that prejudice in its Motion.  Juniper instead blames Implicit for not suing Juniper earlier, arguing that further delay will therefore not prejudice Implicit.  Mot. at 3.  That misses the point: the question is prospectively what prejudice a stay will cause, not the passage of time before suit commenced.  And, on that question, a stay will prejudice Implicit by giving rise to duplicate litigation and discovery, increased the litigation cost, and a longer time horizon for Implicit to resolve this case on the merits.

A stay will also provide Juniper with a tactical advantage, which Juniper's Motion does not address.  For example, it will allow Juniper to watch the *Markman* proceedings unfold and then, post-stay, obtain a second bite at the claim-construction apple.  Juniper has not stipulated that it would be bound by any *Markman* ruling or that it would not further litigate claim-construction issues.  Nor has it agreed to forego additional depositions of Implicit.  A stay will provide Juniper with a tactical advantage at this important case juncture.

The timing of Juniper's Motion to Stay further shows that a stay will provide a tactical advantage compared to cases in which a movant seeks a stay earlier in the case.  *See Pragmantus*,

2013 WL 2372206, at *4 (D. Del. May 30, 2013) (explaining that the courts may look to the "timing of the request for a stay" in evaluating this factor). Juniper did not seek a stay when it filed its first motion to transfer nearly nine months ago—though its basis would have been the same. This case was in its infancy back then. But, in the interim, the parties litigated this case through infringement contentions, invalidity contentions, written discovery, the substantial completion of document production, and up to the start of *Markman* briefing. Juniper benefited from that consolidated litigation and joint defense effort. But now, as the *Markman* hearing and significant party depositions approach, Juniper seeks a stay that will delay discovery, result in duplicative litigation, and delay a decision on the merits of the patent dispute. Such prejudice to Implicit and tactical advantage to Juniper weigh against a stay.

### C. The Status of Litigation Weighs Against a Stay

The status of the case also weighs against a stay. This case is set for a *Markman* hearing in March and trial in early July, the parties have engaged in written discovery, and substantial case deadlines have passed. That includes, for example the deadlines to: (1) substantially complete document production; (2) serve infringement and invalidity contentions; and (3) file the joint claim construction statement. At this point, the scales weigh against a stay. *See Pragmantus*, 2013 WL 2372206, at *3 ("The Court thus finds that the stage of this litigation-with some important case events still ahead, but with many having already been completed-weighs slightly against a stay").

Juniper also could have sought a stay much sooner—at least by May, 2019 when it filed its first motion to transfer. It declined to do so. That fact further pushes against a stay. *See Trover Group*, 2015 U.S. Dist. LEXIS 29572, at *11 (denying a stay where the defendant's delay "allowed the case to progress to a point at which the proceedings have become more active, and thus more expensive, for the parties.").

*     *     *     *     *

In sum, all three factors weigh against a stay, and Juniper does not meaningfully address those factors in its Motion. Juniper instead relies on a number of cases that state that venue motions are a priority. None of those cases, however, require a stay. This is Juniper's second transfer motion, filed only weeks ago. The cases Juniper cites do not speak to a situation where the briefing on the transfer motion is not even complete and the stay could have been sought much sooner.

That includes the Federal Circuit's non-precedential Order in *Fusion-IO*. Juniper requested a stay over six months after it filed its initial motion to transfer—as the case is approaching the *Markman* hearing and approximately six months before trial. At this point, the stay is unlikely to simplify this case and is more likely to prejudice Implicit and provide Juniper with a tactical advantage. *Fusion-IO* does not support a stay in these circumstances. *See Pragmantus*, 2013 WL 2372206, at *5 ("[I]n light of the advanced posture of this case, the Court also finds Defendant's reliance on *In re Fusion-IO* [], unpersuasive … The defendant in that case filed the motion to transfer early … Here, on the other hand, the Court has before it a *renewed* Motion to Transfer, filed long after the case has been proceeding on the merits—many months after the Court reviewed and denied Yahoo!'s first transfer motion, and after significant fact discovery and other case events have taken place") (italics in original).

## V.     <u>CONCLUSION</u>

Implicit respectfully requests that this Court deny Juniper's motion to stay.

Date: January 3, 2020

By: */s/ Christian Hurt*

William E. Davis, III
(TX Bar No.24047416)
bdavis@bdavisfirm.com
Christian J. Hurt
(TX Bar No. 24059987)
churt@bdavisfirm.com
Edward Chin (Of Counsel)
(TX Bar No. 50511688)
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
(TX Bar No. 24059595)
dcoleman@bdavisfirm.com
Ty William Wilson
(TX Bar No. 24106583)
twilson@davisfirm.com
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Implicit, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this January 3, 2020, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Christian Hurt*
Christian Hurt