**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IMPLICIT, LLC,<br>    Plaintiff,<br><br>v.<br><br>IMPERVA, INC.<br>    Defendant. | Case No. 2:19-cv-00040-JRG-RSP<br>LEAD CASE |
| IMPLICIT, LLC,<br>    Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br>    Defendant. | Case No. 2:19-cv-00037-JRG-RSP |

**PLAINTIFF IMPLICIT, LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANT JUNIPER NETWORKS, INC'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE DISTRICT OF DELAWARE (DKT. NO. 164)**

### I. Introduction

Juniper has failed to make a sufficient showing that this case should be transferred to Delaware under the ▮▮▮▮ the forum-selection clause for two reasons: *first*, it has not shown that it has standing to invoke the clause as a third-party beneficiary; *second*, it has not provided enough evidence of a *bona fide* dispute such that the forum-selection clause applies. Alternatively, even if the Court were to find that the forum-selection clause applies, exceptional circumstances involving judicial economy justify denying Juniper's Motion to Transfer. Finally, even if the Court were to find that the forum-selection clause is enforceable, only certain claims would be subject ▮▮▮▮ forum-selection clause. In that situation, Implicit requests that those claims be severed into a new matter number and only that new matter be transferred to Delaware.

### II. Juniper Has Not Made the Predicate Showing that It Is an Intended Third-Party Beneficiary of the ▮▮▮▮

To enforce the forum selection clause, Juniper must first show that it was an intended third-party beneficiary under Delaware law.[1] *See Madison Realty Partners 7, LLC v. AG ISA, LLC*, No. CIV.A. 18094, 2001 Del. Ch. LEXIS 37, at *5 (Del. Ch. Apr. 17, 2011) (reciting three-part test). Juniper has not made that showing. Juniper simply assumes that it is a third-party beneficiary, asserting that "these rights extended to both ▮▮ as well as third-party beneficiaries." Mot, at 2. But, without more, Juniper's assertion is insufficient at this stage. *See ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*, 694 F.3d 1312, 1336 (Fed. Cir. 2012) (finding "ambiguous language of the agreement" by itself insufficient to raise intended third-party beneficiary issue).

---

[1] Delaware law applies to interpreting the ▮▮▮▮, including if Juniper is a third-party beneficiary. ▮▮▮▮ *Verde v. Stoneridge, Inc.*, 137 F. Supp. 963, 977 (E.D. Tex. 2015) ("[T]he Court applies [the law selected by the agreement's choice-of-law clause] in determining whether Mr. Verde is an intended third-party beneficiary . . . .").

Juniper also has not shown that it is a third-party beneficiary under the language ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Juniper has not provided evidence that Implicit had any potential claims against it ▮▮▮▮▮ based on Juniper's status ▮▮▮▮▮ at that time such that Juniper would fall within the class of third-party beneficiaries ▮▮▮▮▮ Indeed, Juniper concedes in Reply that its Motion is not based on the ▮▮▮▮▮ See Resp., at 14; Reply, at 5.

Juniper instead argues that another ▮▮▮▮▮ grants it third-party beneficiary status. Reply, at 5. But ▮▮▮▮▮ does not mention—let alone grant—third-party beneficiary status. Only ▮▮▮▮▮ mentions third-party beneficiaries, and Juniper does not allege that it falls under ▮▮▮▮▮ Absent further evidence (which Juniper has not provided), the natural reading of the ▮▮▮▮▮ *Fortis Advisors LLC v. Meds. Co.*, No. 2019-0236-KSJM, 2019 Ch. LEXIS 1405, at *9 (Ch. Dec. 18, 2019) (inclusion of a specific "third-party beneficiary" definition excluded other). Because the Motion does not invoke ▮▮▮▮▮ it should be denied.

The real-world facts of this case further reinforce that Juniper is not a third-party beneficiary that can step into ▮▮▮▮▮ It is undisputed that Juniper has not fulfilled the conditions precedent to enforce the ▮▮▮▮▮, and Juniper concedes in Reply that it is not alleging breach-of-contract claims. Reply, at 5. Nor is there any evidence that ▮ is indemnifying Juniper

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in this case or ▮▮▮▮ believes that the ▮▮▮▮▮▮ has been breached such that Juniper is entitled to enforce the ▮▮▮▮▮▮▮▮▮▮▮▮▮. Juniper also admits that it received the ▮▮▮▮▮▮ in 2011 in the prior *Implicit* litigation, Reply, at 5, and it did not seek to transfer that case based on the forum-selection clause then. *See* Ex. A (N.D. Cal. Docket). And at least Juniper's co-Defendant Fortinet alleges defenses based on the ▮▮▮▮▮▮▮▮ and it has not invoked the forum-selection clause. *See* Ex. B at 16 (Fortinet Initial Disclosures); Ex. C, at 36–37, 59–60 (Fortinet Responses to First Set of Common Interrogatories). This evidence confirms that the clause does not apply.

### III. Juniper Has Not Made a Sufficient Showing of a Dispute Regarding the ▮▮▮▮▮▮▮▮▮▮

It is not enough that a Juniper product may contain an ▮▮▮▮▮▮▮▮ to implicate the ▮▮▮▮▮▮▮▮. The purpose of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It was not to extend rights to third-parties that may use general-purpose ▮▮▮▮▮▮▮▮ to run their own propriety software where it is the operation of that propriety software that is alleged to infringe the claims. For that reason, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Juniper does not answer that question. Mr. Arruda's declaration states that the ▮▮▮▮▮▮▮▮ in some Juniper products are used "for flow-based processing." Dkt. 165-12, Arruda Dec. But neither the declaration nor Juniper's now-amended interrogatory response explains what they mean by "flow-based processing," how that processing is alleged to infringe, and how that alleged infringement would not exist in the absence of an alleged ▮▮▮▮▮▮▮▮▮▮

Nor does Juniper allege that Mr. Arruda has personal knowledge of what functionality the ███████ actually perform in Juniper's products (the products contain multiple integrated circuits). Tellingly, Juniper only asserts that Mr. Arruda has personal knowledge of the *source* of the components in Juniper's products, Reply, at 2. But that does not answer the question of whether the alleged infringement would exist or not in the absence of an ███████. And Juniper certainly could have answered that question: its initial disclosures list individuals with technical knowledge of how the products at issue work. *See* Ex. D, at 5 (Juniper's Am. Initial Disclosures). Juniper did not provide evidence from those employees. And without that type of evidence, Juniper cannot meet its burden to show that the ███████ applies to this case given the specific language of ███████.

### IV. Juniper's Implied License Defense Does Not Implicate the Forum-Selection Clause

Juniper's implied license defense does not provide a basis for transferring this case based on the forum-selection clause. The right Juniper believes Implicit derogated when it filed this suit is ███████ But Implicit does not (and did not) have that right to convey in the first place: "[A] patentee, by license or otherwise, cannot convey an affirmative right to practice a patented invention by way of making, using, selling, etc.; the patentee can only convey a freedom from suit." *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009). It is through that ███████—an express provision—that Juniper's alleged rights flow. And it has not shown under the ███████ that the forum-selection clause applies.

### V. Exceptional Circumstances Weigh Against Transferring This Case to Delaware

Should the Court find that the forum-selection clause applies, it should still decline to transfer this case. Even under Juniper's theory, it is undisputed that the ███████ does not

cover all of the accused products in this case (e.g., the SRX300 and SRX550 products).  The ▓▓▓▓ also only applies to a subset of Implicit's claims.  The asserted *Beauregard* claims fall outside the clause's scope because they do not recite a "processor" limitation.  In this situation, where the forum-selection clause does not apply to all of a plaintiff's claims, courts have recognized that judicial economy can warrant declining to transfer the case.  *Axis Oilfield Rentals, LLC v. Mining, Rock Excavation & Contr., LLC*, No. 15-1627, 2015 U.S. Dist. LEXIS 132860, at *18 (E.D. La. Sep. 30, 2015).  This reality provides a unique situation that weighs against transfer.

Further, this is a consolidated action that will involve the ▓▓▓▓ regardless of the outcome of Juniper's motion.  That is because Fortinet has allegedly raised the ▓▓▓▓ as a defense and has not invoked the forum-selection clause.  Transfer will thus frustrate judicial economy because it would result in at least two courts addressing the common contract issues.

## VI. Implicit Respectfully Requests the Opportunity to Sever

Should the Court conclude that transfer is still warranted, Implicit respectfully requests that the Court sever the asserted claims of the *Juniper* case that the Court concludes should be transferred under the ▓▓▓▓ into a new matter number and transfer only that matter to Delaware for adjudication. *See* FED. R. CIV. P. 21.  This would provide Implicit the opportunity to proceed with its claims against Juniper that do not implicate the ▓▓▓▓ under the current schedule and in the current forum (as opposed to transferring the entire *Juniper* action, including the allegations that do not implicate the ▓▓▓▓

## VI. Conclusion

For the foregoing reasons, Implicit respectfully requests that the Court denies Juniper's Motion to Transfer. Implicit also respectfully requests that an oral hearing be held for this matter.

| Date: January 6, 2020 | Respectfully Submitted, |
|---|---|
| | By: */s/* William E. Davis, III<br>William E. Davis, III<br>(TX Bar No. 24047416)<br>bdavis@bdavisfirm.com<br>Christian J. Hurt<br>(TX Bar No. 24059987)<br>churt@bdavisfirm.com<br>Edward Chin (Of Counsel)<br>(TX Bar No. 50511688)<br>echin@bdavisfirm.com<br>Debra Coleman (Of Counsel)<br>(TX Bar No. 24059595)<br>dcoleman@bdavisfirm.com<br>Ty Wilson<br>(TX Bar No. 24106583)<br>twilson@davisfirm.com<br>**THE DAVIS FIRM, PC**<br>213 N. Fredonia Street, Suit, 230<br>Longview, Texas 75601<br>Telephone: (903) 230-9090<br>Facsimile: (903) 230-9661<br><br>*Counsel for Plaintiff Implicit, LLC* |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this January 3, 2020, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/* William E. Davis, III
William E. Davis, III

██████████████████████████████████████████

                                                */s/* William E. Davis, III
                                                William E. Davis, III