**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IMPLICIT, LLC,<br>  *Plaintiff*,<br> v.<br>IMPERVA, INC.,<br>  *Defendant*. | Civil Action No. 2:19-cv-40-JRG-RSP<br>LEAD CASE |
| IMPLICIT, LLC,<br>  *Plaintiff*,<br> v.<br>JUNIPER NETWORKS, INC.,<br>  *Defendant*. | Civil Action No. 2:19-cv-37-JRG-RSP |

**DEFENDANT JUNIPER NETWORKS, INC.'S REPLY IN SUPPORT OF
<u>MOTION TO STAY PENDING DECISION ON TRANSFER MOTIONS</u>**

10784956

The Federal Circuit has stated that "a trial court *must* first address whether it is a proper and convenient venue *before* addressing any substantive portion of the case." *See In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (emphasis added). In this case, Juniper promptly filed its supplemental motion to transfer shortly after the Intel license was made available during discovery. Dkt. 164. That motion has now been fully briefed. Dkt. 175, 178, 182. Moreover, there are at least two other transfer motions in this consolidated case that have been fully briefed but not yet decided on their merits, and a fourth transfer motion was recently filed. *See* Dkt. 18, 70, 130, 166, 174, 185. To date, this Court has not yet engaged any substantive aspect of this case. However, claim construction briefing is about to begin in preparation for a *Markman* hearing scheduled for March 17, 2020. *See* Dkt. 152 (Docket Control Order).

Given these undisputed facts, the Court should grant a brief stay to allow sufficient time to "first address whether it is a proper and convenient venue before addressing any substantive portion of the case," consistent with Federal Circuit law. *See Nintendo*, 544 F. App'x at 941; *see also In re Fusion-IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012) ("fully expect[ed]" that defendant moving to transfer would file "a motion to stay proceedings pending disposition of the transfer motion" and the district court "to act on those motions before proceeding to any motion on the merits of the action") (citing *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) for proposition that disposition of transfer motion "should have taken a top priority in the handling of this case"); *In re Google Inc.*, 2015 WL 5294800 (Fed. Cir. July 16, 2015) (granting mandamus and directing district court to rule on defendant's motion to transfer within 30 days and to stay all proceedings pending completion of transfer matter after more than seven months had elapsed since venue transfer motion was fully briefed); *In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013) (discussing "importance of addressing motions to transfer at the outset of litigation").

Implicit all but ignores this extensive Federal Circuit case law that was cited in Juniper's moving papers. *See* Dkt. 174 at 3-4. The sole response raised by Implicit (on the last page of its opposition brief) is based on the allegedly "advanced posture" of this case, relying on the District of Delaware's decision in *Pragmatus AV, LLC v. Yahoo! Inc.*, 2013 WL 2372206 (D. Del. May 30, 2013) (cited at Dkt. 179 at 6). However, *Pragmatus* is readily distinguishable from this case. There, the Court had already completed a full *Markman* hearing following briefing on claim construction, and had "expended significant resources" on other motions, objections to recommendations, and "numerous discovery disputes." *Id.* at *2. None of this has happened in this case. Accordingly, Juniper's stay request has been timely presented well before this Court has had to expend resources on any substantive portion of the case, thus "promoting efficient use of judicial resources." *See id.*

Moreover, none of Implicit's arguments regarding the stay factors presents any basis for ignoring the Federal Circuit's direction to resolve disputes regarding venue ***before*** turning to merits issues. First, Implicit argues that a stay might result in duplication of work in view of Implicit's co-pending cases against Fortinet and Imperva. However, the easiest way to address that issue is to order a brief stay for the entire consolidated action pending resolution of the open transfer issues. Indeed, Fortinet also has transfer motions that remain pending. *See* Dkt. 70, 185. And both Fortinet and Imperva have indicated that they do not oppose a stay of the consolidated proceedings.

Second, Implicit argues that a delay will prejudice its "right to the timely enforcement of its patent[s]." Opp. at 4. But Implicit concedes that it is not a competitor to Juniper and that it is seeking only damages here (given the patents' undisputed expiration before trial). In any event, it makes little sense to rush into *Markman* briefing and a hearing for this case given that Implicit

recently stated that it is contemplating appeal of this Court's *Markman* decision on the very claim terms at issue here.  *See* Civ. No. 2:18-cv-00054-JRG, Dkt. 17 (stipulation of non-infringement in *Implicit v. Sandvine)*.  Thus, a brief stay to resolve venue issues will not prejudice Implicit.

Finally, Implicit complains that Juniper "could have sought a stay much sooner."  Opp. at 5.  Yet Juniper's supplemental motion to transfer is premised on a license agreement that was not even made available to Juniper until October 2019.  *See* Dkt. 164 at 1.  Juniper promptly conducted an analysis of this license, met and conferred with Implicit, gathered the necessary supporting evidence, and prepared and filed its motion on December 9, 2019.  This reflects ample diligence on the part of Juniper, and it remains the case that the Court has yet to expend any resources on any substantive aspects of this action to date.  To the extent Implicit is suggesting that transfer motions must generally be accompanied by an immediate motion to stay lest the movant forfeit the right to seek one later, that is not (and should not be) the law.  *See also Nintendo*, 544 Fed. App'x at 940-43 (granting mandamus where district court should have addressed transfer issues at the outset of case; first motion to sever and transfer was not "mooted" by second motion).

Accordingly, Juniper respectfully submits that the Court should stay this matter pending a ruling on the pending motions to transfer venue pursuant to 28 U.S.C. § 1404(a).

Date: January 10, 2020

Respectfully submitted,

By: */s/ Melissa R. Smith*

**GILLAM & SMITH LLP**
Melissa Richards Smith
(Texas Bar No. 24001351)
303 South Washington Avenue
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257
Email:  melissa@gilliamsmithlaw.com

**IRELL & MANELLA LLP**
David C. McPhie
(CA State Bar No. 231520) [*pro hac vice*]
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone:   (949) 760-0991
Facsimile:   (949) 760-5200
Email:  dmcphie@irell.com

Jonathan S. Kagan
(CA State Bar No. 166039) [*pro hac vice*]
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199
Email:  jkagan@irell.com

**Attorneys for Defendant Juniper Networks, Inc.**

- 5 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 10th day of January, 2020.

>/s/ *Melissa R. Smith*
>Melissa R. Smith