**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IMPLICIT, LLC,<br>    Plaintiff,<br><br>v.<br><br>IMPERVA, INC.<br>     Defendant. | Case No. 2:19-cv-00040-JRG-RSP<br>LEAD CASE |
| IMPLICIT, LLC,<br>    Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br>    Defendant. | Case No. 2:19-cv-00037-JRG-RSP |

**PLAINTIFF IMPLICIT, LLC'S SUR-REPLY IN OPPOSITION TO
DEFENDANT JUNIPER NETWORKS, INC'S MOTION TO STAY
PENDING DECISION ON TRANSFER MOTION (DKT. NO. 174)**

I.      **Introduction**

Juniper's Reply, like its Motion, does not provide a sufficient reason to stay this case as the *Markman* hearing approaches.  Indeed, Juniper still has not substantively addressed the three stay factors that the Court considers in determining whether to stay a case.  It instead continues to rely on Federal Circuit non-precedential cases that do not require a stay.  Those cases do not apply here.  And, under the three-factor test that does apply here, a stay is not warranted.

II.     **Juniper's Cited Federal Circuit Decisions Do Not Require a Stay**

Juniper relies on a number of non-precedential Federal Circuit decisions, calls these decisions "Federal Circuit case law," and then faults Implicit for "all but ignor[ing] this extensive Federal Circuit case law."  Reply, at 1–2.  Implicit responded to Juniper's arguments in its Response.  Resp., at 6.  And the non-precedential decisions that Juniper represents as "extensive Federal Circuit case law" explicitly state that they are not binding precedent: "THIS DECISION WAS ISSUED AS UNPUBLISHED OR NONPRECEDENTIAL AND MAY NOT BE CITED AS PRECEDENT."  *In re Nintendo Co.*, 544 F. App'x 934, 935 (Fed. Cir. 2013); *see also* FED. CIR. R. 32.1(d) (stating that the court "will not give one of its own nonprecedential dispositions the effect of binding precedent").

Those decisions do not require a stay in all circumstances.  Indeed, at least one other court has concluded that those decisions do not require a stay.  *Compare Pragmatus AV, LLC v. Yahoo! Inc.*, Civil Action No. 11-902-LPS-CJB, 2013 U.S. Dist. LEXIS 79792, at *15 (D. Del. May 30, 2013) ("[T]he Court does not read *In re Fusion-IO* as requiring a court to stay a case pending resolution of any motion to transfer filed in any situation.") *with* Reply, at 1 (relying on *Fusion-IO* as requiring a stay in this case).

Despite this, Juniper predominantly relies on the *In re Nintendo* non-precedential decision to assert that a stay is warranted in this case.  Reply, at 1.  But that case does not require a stay, reflected in Juniper's "*see*" citation to the case.  *Id.*  And the sentence that Juniper quotes was not a statement of law requiring a stay, but the court's response to the district court ruling on joinder issues under the Federal Rules without addressing the related issues under Section 1404(a): The court found that "this approach to the motions before the court is contrary to the principle that a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case."  *Nintendo*, 544 F. App'x at 941; *see also id.* at 937 ("Resolution of this petition involves the interplay between Federal Rules of Civil Procedure 18, 20, and 21, the recently adopted joinder provision of the America Invents Act, 35 U.S.C. § 299, and 28 U.S.C. § 1404(a), the statutory provision applicable to transfer of venue. ").  That is not present here.

*Nintendo* does not address the situation where a party moved under § 1404(a) and, many months after filing that first transfer motion, then seeks a stay as the case approaches the *Markman* hearing and trial based on a recently filed second motion to transfer.  Nor do Juniper's other cited non-precedential decisions.  *See In re Google Inc.*, No. 2015-138, 2015 U.S. App. LEXIS 16544, at *1 (Fed. Cir. July 16, 2015) (ordering district court to stay proceedings after defendant moved to transfer approximately three motions after the case was filed and no decision was ordered after eight months).  And, in this situation, a stay is not warranted, supported by the *Pragmatus* decision that Implicit discussed in its Response. 2013 U.S. Dist. LEXIS 79792, at *5–16.

Juniper asserts in its Reply that *Pragmatus* does not apply because the court there had already conducted a *Markman* hearing and that Juniper's stay motion was presented "well before this Court has had to expend resources on any substantive potion of this case."  Reply, at 2.  That is an inaccurate description of both *Pragmatus* and the state of this case.  This Court has already

expended resources on this case, including a hearing on Juniper's original motion to transfer and Fortinet's motion to transfer.  This case is also less than six months from trial, is approaching the *Markman* hearing, and the deadline to substantially complete document productions has passed. And, under the current schedule, Juniper filed its Supplemental Motion approximately two months before expert discovery and less than four months before the deadline for dispositive motions.

This case is similarly postured as *Pragmatus*.  Indeed, the transfer motion in *Pragmatus* was filed more than eight months before the then-existing deadline to file dispositive motions.  Ex. A, (*Pragmatus* Docket Report).  The *Pragmatus* decision supports denying Juniper's Motion.

### III.    The Three Stay Factors Weigh Against a Stay

The three stay factors weigh against a stay.  Juniper's Motion sought to stay the proceedings between it and Implicit—and not the consolidated case.  This will likely result in duplicate litigation effort, a fact that Juniper does not contest in its Reply. This heavily weighs against a stay.

Juniper now seeks new relief: "a brief stay for the entire consolidated action pending resolution of the open transfer issues." Reply, at 2.  But Imperva and Fortinet have not sought that relief.  And the most Juniper can muster is that those parties allegedly "have indicated that they do not oppose a stay of the consolidated proceedings," (Reply, at 2) a new assertion not previously in the record (or part of the Motion). It is simply too late in a reply to raise this new relief and represent new positions of other defendants.

A stay of the consolidated case is also not warranted.  While Fortinet only recently filed a second motion to transfer, it has not sought a stay.  Imperva has not even moved to transfer, a fact Juniper does not address.  A stay of the consolidated case will, at a minimum, only act to delay the Imperva case—which addresses issues common to the Juniper and Fortinet cases (e.g., claim construction).  That inevitable delay weighs against a stay, a reality that Juniper does not address.

Juniper also raises a second new argument: that Implicit's appeal of the *Sandvine* judgment further supports Juniper's requested stay. Juniper has not moved to stay these proceedings pending the *Sandvine* appeal. The appeal will likely take over a year to resolve,[1] meaning that it will likely still be pending when Juniper's requested "brief" stay expires. The appeal does not support a stay.

Lastly, Juniper does not address the tactical advantage that will result from a stay.   Juniper asserts that it acted with "ample diligence" in seeking a stay because it was filed shortly after the Supplemental Motion to Transfer.  But Juniper continues to ignore that it could have moved for a stay when it filed of its original Motion to Transfer on the exact same basis as this stay motion. It did not do so.  Juniper has also known about the Intel Agreement since 2011 (*see* Dkt. No. 178, at 5).  These facts weigh against a stay.  *See Rensselaer Polytechnic v. Apple Inc.*, Civil Action No. 1:13-CV-0633 (DEP), 2014 U.S. Dist. LEXIS 5186, at *15 (N.D.N.Y. Jan. 15, 2014) ("In light of the timing of Apple's IPR petition and its failure to offer a plausible explanation for delaying the filing of the petition until two days before the expiration of the deadline under the AIA, I conclude that this sub-factor weighs against a stay.").

Juniper's recent conduct is also in tension with its assertions that a stay is appropriate. Implicit recently requested that Defendants, including Juniper, agree to a motion to extend the fact discovery, expert discovery, and dispositive motion deadlines by approximately six weeks to account for the new date of the *Markman* hearing (under the current schedule, the fact discovery and expert report deadlines are about a month before the *Markman* hearing).  *See* Dkt. 190.  That schedule would have provided Juniper with at least some of the relief it requests in this Motion by extending a number of deadlines that will come to pass in the next month under the current

---

[1] *See* http://www.cafc.uscourts.gov/sites/default/files/the-court/statistics/06_Med_Disp_Time_MERITS_table_Final.pdf (showing a 16-month median time to disposition for District Court appeals for FY2019).

schedule.  Juniper did not agree to that schedule. If Juniper were concerned with upcoming work on the merits of this case (*e.g.*, fact discovery, expert discovery, dispositive motion practice), it would have agreed to a motion to extend those deadlines to at least some degree. That it did not do so reinforces that the requested stay is likely to prejudice Implicit and provide Juniper with a tactical advantage, as Implicit explained in detail in its Response. Resp., at 4-5.

## IV.     Conclusion

For the foregoing reasons, Implicit respectfully requests that this Court deny Juniper's Motion to Stay (Dkt. No. 174).


Date: January 17, 2020

Respectfully Submitted,

By: */s/* William E. Davis, III
William E. Davis, III
(TX Bar No. 24047416)
bdavis@bdavisfirm.com
Christian J. Hurt
(TX Bar No. 24059987)
churt@bdavisfirm.com
Edward Chin (Of Counsel)
(TX Bar No. 50511688)
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
(TX Bar No. 24059595)
dcoleman@bdavisfirm.com
Ty Wilson
(TX Bar No. 24106583)
twilson@davisfirm.com
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suit, 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Implicit, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this January 17, 2020, on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

*/s/* William E. Davis, III
William E. Davis, III
