# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IMPLICIT, LLC,<br>    Plaintiff,<br><br>v.<br><br>IMPERVA, INC. | §§§§§§§§§ | <br><br><br><br><br><br>Case No. 2:19-cv-00040-JRG-RSP<br>LEAD CASE |
| FORTINET, INC. | §§§ | Case No. 2:19-cv-00039-JRG-RSP |

**DEFENDANT FORTINET, INC.'S SUPPLEMENTAL
INITIAL AND ADDITIONAL DISCLOSURES**

COMES NOW Defendant Fortinet, Inc. ("Fortinet"), by and through its undersigned counsel, and pursuant to the agreed deadlines in the Docket Control Order and Discovery Order submitted by the parties in this case, and Fed. R. Civ. P. 26, sets forth its Supplemental Initial Disclosures and Additional Disclosures.

**RESERVATION OF RIGHTS**

1. These disclosures are based upon information reasonably available to Fortinet as of the date that these disclosures were prepared. Accordingly, Fortinet reserves the right to supplement the information provided herein if additional information becomes known to it as its investigation of the facts of this case continues.

2. These disclosures are based upon the accused Fortinet products/services properly identified in Plaintiff's Infringement Contentions. To the extent Plaintiff is permitted to accuse additional or different accused products or services, Fortinet reserves the right to amend these disclosures.

contends that Plaintiff's claim for damages is limited, and any claim of infringement is potentially fully exhausted, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Fortinet's Supplemental Motion to transfer Venue to the District of Delaware (Dkt. 185). Fortinet further contends that Plaintiff's claim for damages is limited by 28 U.S.C. § 1498(a), to the extent Fortinet has made sales to the United States.

**(d)   The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person.**

The following individuals are current employees of Fortinet and should be contacted only through outside counsel at Duane Morris LLP:

| Name | Connection to the case | Summary of witness's knowledge |
|---|---|---|
| Alex Samonte (Sunnyvale, CA) | Director of Technical Architecture, Fortinet employee | Knowledgeable regarding the design, development, functionality, and marketing of accused products |
| Jeff Crawford (Vancouver, BC) | Senior Director, Product Management | Knowledgeable regarding the design, development, and functionality of accused products |
| Jim Bray (Sunnyvale, CA) | Senior Director Financial Planning & Analysis, Fortinet employee | Knowledgeable regarding finances and marketing associated with accused products |

The following individuals are believed to be current employees of Plaintiff and are expected to be contacted through Plaintiff's outside counsel:

13

| Name | Connection to the case | Summary of witness's knowledge |
|---|---|---|
| Corporate Representative of Plaintiff | Employee of Plaintiff | Corporate history of Plaintiff and its predecessors-in-interest; Plaintiff's acquisition of the patents-in-suit; Plaintiff's licensing efforts and activity concerning the patents-in-suit; Plaintiff's efforts to ensure adequate marking. |
| Edward Balassanian | Inventor of the patents-in-suit | Conception, reduction to practice, design, and development relating to the patents-in-suit; prosecution of the patents-in-suit; commercialization, public demonstrations, and public disclosure of embodiments of the patents-in-suit. |

The following individuals are third parties to this litigation and can be contacted via the means identified below (to the extent known):

| Name | Connection to the case | Summary of witness's knowledge |
|---|---|---|
| David S. Wolf | Inventor of U.S. Patent No. 7,730,211 | Conception, reduction to practice, design, and development relating to the '211 Patent; prosecution of the '211 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '211 Patent. |
| Dean M. Munyon, Danielle Kramer, Deena Beasley, LiLan Ren, Lori Kim Tonnes-Priddy<br><br>Meyertons, Hood, Kivlin, Kowert & Guetzel PC<br>P.O. Box 398<br>Austin, TX 78767<br>512-853-8800 | Prosecuting attorneys for '683, '790 Patent, and/or '104 Patent | Prosecution and commercial embodiments of the '683, '790, and '104 Patents; commercialization, public demonstrations, and public disclosures of embodiments of the '683, '790, and '104 Patents; prior art relating to the '683, '790, and '104 Patents. |

14

| Name | Connection to the case | Summary of witness's knowledge |
|---|---|---|
| Various licensees to the patents-in-suit | Addresses Identified in agreements | Knowledgeable regarding terms of licenses to the patents-in-suit and any alleged implied royalty rates or implied royalty bases |
| Representative of Check Point Software Technologies, Inc. | c/o Corporation Service ComFortinety, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833 | Knowledgeable regarding prior art publications and systems |
| Resolution Strategies LLP | 512 NW Saltzman Rd, #909<br><br>Portland, OR  97229<br><br>(503) 226-2800 | Knowledgeable regarding resolution of disputes outside of litigation and listing "Implicit/Belabs" |
| J. Patrick O'Malley | ███ | Knowledgeable regarding resolution of disputes outside of litigation and listing "Implicit/Belabs" |
| David Berton, Nick Dudziak and/or other representatives of Global IP Law Group | ███ | Knowledgeable regarding valuation of the patents-in-suit, offers to sell and/or license the patents-in-suit |
| ███ | ███ | ███ |
| ███ | ███ | ███ |
| ███ | ███ | ███ |
| ███ | ███ | ███ |

15

| Name | Connection to the case | Summary of witness's knowledge |
|---|---|---|
| ■■■■■■■■■■■ | | ■■■■■■■■■■■ |
| ■■■■■■■■■■■ | ■■■■■■■■ | ■■■■■■■■■■■ |
| ■■■■■■■■■■■ | ■■■■■ | ■■■■■■■■■■■ |
| ■■■■■■■■■■■ | ■■■■■■■■ | ■■■■■■■■■■■ |
| Representative of Intellectual Ventures | Bellevue, Washington | Knowledgeable regarding offers to sell and/or license the patents-in-suit |
| Representative of CBC Partners I LLC | | Knowledgeable regarding Implicit's security agreement and promissory notes involving the patents-in-suit |
| Representatives of Be Labs LLC, Vital Juice Co. Inc., Strings Inc., Pom Pom Inc., | | Knowledgeable regarding Implicit's security agreement with CBC Partners I LLC |

In addition, Fortinet reserves the right to call any individuals or witnesses identified in Plaintiff's initial disclosures.

**(e)   Any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

Fortinet is not aware of any such agreements at this time.

**(f)   Any settlement agreements relevant to the subject matter of this action.**

At this time, Fortinet is not aware of any agreements to which Fortinet or a related Fortinet entity is a party that are relevant to this action. Fortinet believes that the settlement and/or license agreements involving the Patents-in-Suit may be relevant to this action.

**(g)   Any statement of any party to the litigation.**

Fortinet is not currently aware of any statements of any party relevant to the litigation.

**ADDITIONAL DISCLOSURES**

16

**(a)** **Provide the disclosures required by the Patent Rules for the Eastern District of Texas with the modifications to P.R. 3-1 and P.R. 3-3.**

Fortinet will comply with the Patent Rules for the Eastern District of Texas and make the disclosures required by the deadlines set forth in the Docket Control Order.

**(b)** **Except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas, produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are nonprivileged and relevant to that party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

Fortinet intends to engage in a rolling production of documents that are relevant to the claims or defenses in and proportional to the needs of the case.

**(c)** **provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.**

Based upon the infringement positions taken by Plaintiff in its Complaint, and Plaintiff's apparent claim construction positions, Fortinet believes that this case is exceptional. Accordingly, Fortinet intends to seek recovery of its reasonable attorneys' fees and costs and expenses associated with its defense of this matter. Fortinet will provide such calculation at a time in the future to be determined by the Court after the Court has determined the case to be exceptional.

Respectfully submitted this 10th day of January, 2020.

**DUANE MORRIS, LLP**

*/s/ Alice E. Snedeker*
Matthew S. Gaudet (Georgia Bar No. 287789)

David C. Dotson (Georgia Bar No. 138040)
John R. Gibson (Georgia Bar No. 454507)Alice
E. Snedeker (Georgia Bar No. 151066)
1075 Peachtree Street, N.E., Suite 2000
Atlanta, Georgia  30309-3929
Office:  (404) 253-6900
E-mail:  mcgaudet@duanemorris.com
E-mail:  dcdotson@duanemorris.com
E-mail:  jrgibson@duanemorris.com
E-mail:  aesnedeker@duanemorris.com

Christopher J. Tyson (Virginia Bar No. 81553)
cjtyson@duanemorris.com
**DUANE MORRIS LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: 202.776.7800
Fax: 202.776.7801

Deron R. Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas
Telephone: 903.705.1117
Fax: 903.581.2543

***ATTORNEYS FOR DEFENDANT FORTINET, INC.***

18

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020, the foregoing document was served upon counsel of record for plaintiff in the consolidated case via e-mail.

**DUANE MORRIS, LLP**

*/s/ Alice E. Snedeker*
Alice E. Snedeker