# EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IMPLICIT, LLC, <br><br> Plaintiff, <br><br> v. | § § § § § § | |
| IMPERVA, INC. | § § § | Case No. 2:19-cv-00040-JRG-RSP <br> LEAD CASE |
| FORTINET, INC. | § § § | Case No. 2:19-cv-00039-JRG-RSP |
| JUNIPER NETWORKS, INC. <br><br> Defendants. | § § § § | Case No. 2:19-cv-00037-JRG-RSP |

**FORTINET, INC.'S OBJECTIONS AND RESPONSES TO IMPLICIT, LLC'S
FIRST SET OF COMMON INTERROGATORIES TO DEFENDANTS**

Defendant Fortinet, Inc. ("Defendant" or "Fortinet"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby serves the following written objections and responses to Plaintiff Implicit, LLC's ("Plaintiff" or "Implicit") First Set of Common Interrogatories to Defendants (the "Interrogatories"). These responses represent Defendant's good faith effort to respond based on information available at this time. Defendant's investigation of this matter is continuing, and Defendant specifically reserves the right to later amend, supplement, correct, or clarify its responses in accordance with the Federal Rules of Civil Procedure

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The following Objections to Implicit's Definitions and Instructions are made with respect to each and every one of Implicit's Interrogatories:

1. Defendant objects to Plaintiff's definition of "Defendants," "You," and/or "Your" as vague, ambiguous, overly broad, and inconsistent with the Federal Rules of Civil

Fortinet-Implicit_142537 – Fortinet-Implicit_146681.  An identification of persons with knowledge as to these facts can be ascertained from Defendant's Rule 26(a)(1) Initial and Additional Disclosures, and any amendments thereto.

Discovery and Defendant's investigation are ongoing and Defendant reserves the right to supplement its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 7:**

Separately for each offering Identified in Your response to Interrogatory Nos. 1 and 3, state in detail all factual and legal bases for Your contention (if You do so contend) that You do not infringe, directly or indirectly, any claim of the Patents-in-Suit, Identifying the claim element(s) that You allege are not included in each Accused Instrumentality that You contend does not infringe and explain in detail why each such element is not included (both literally and under the doctrine of equivalents). As part of Your response, if You disagree with any of Implicit's infringement contentions, separately Identify any contention with which You disagree and explain in detail why You disagree and Identify the person(s) who are most knowledgeable about the facts underlying Your answer and Documents related thereto.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant incorporates by reference its General Objections, and Objections to Interrogatory Nos. 1 and 3, as if fully set forth herein.  Defendant objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law. Defendant objects to this Interrogatory as overbroad, unduly burdensome, not relevant to the claim or defense of any party and not proportional to the needs of this case to the extent that it seeks discovery concerning Defendant products, services, instrumentalities and/or

functionality thereof not identified by Implicit in its Disclosure of Asserted Claims and Preliminary Infringement Contentions served June 17, 2019.  Defendant objects to this Interrogatory as compound and consisting of multiple discrete subparts constituting separate interrogatories; in treating these discrete subparts as one interrogatory, Implicit impermissibly seeks to circumvent the discovery limitations set by Fed. R. Civ. P. 33(a)(1) and the Discovery Order (D.I. 107), ¶ 5(a).  Defendant further objects to the phrases "offering" and "person(s) who are most knowledgeable" as vague and ambiguous, and failing to identify the information sought with reasonable particularity.  Defendant objects to the request for information about "doctrine of equivalents" as vague and ambiguous, and calling for a legal conclusion.  Defendant objects to this Interrogatory as premature, as it calls for information that will be the subject of expert opinion and it seeks expert disclosure before the time contemplated by Fed. R. Civ. P. 26 and the Court's orders in this case.

Subject to and without waiving the foregoing General and Specific Objections, Defendant responds as follows: Neither Defendant nor its products or services infringe any claim of any of the Patents-In-Suit because none of the asserted claims are valid.

Furthermore, Implicit's failure to submit sufficient infringement contentions has impeded Defendant's ability to fully develop its non-infringement positions. Implicit's infringement contentions are deficient in multiple respects and do not provide Defendant with sufficient information to understand the bases for Implicit's infringement allegations or the alleged scope of the claims as Implicit is applying them in making such allegations. In particular, Implicit has not yet identified where and how each element of each asserted claim is found within the accused products and services of Defendant following Implicit's review of Defendant's source code. This includes numerous claim limitations for which Implicit merely relies upon information and belief.  Implicit has also failed to articulate any infringement

theory based on the doctrine of equivalents.

With respect to the demultiplexing patents (*i.e.*, the '683, '790, '780, '839, '387, and '104 Patents), the Accused Instrumentalities do not, either alone or in combination, "obtain" or "receive" a "packet" or "packets" from a message and, in response to the "packet" or "packets", "create" or "identify" a "path" or "sequence" of "routines" obtained from information located in the "packet" or "packets."

By way of example for the '683 Patent, the Accused Instrumentalities do not perform any of the steps of:

- "storing instructions executable by the processing unit to:"
    - "creating, based on an identification of information in a received packet of a message, a path that includes one or more data structures that indicate a sequence of routines for processing packets in the message;"
    - "storing the created path;"
    - "processing subsequent packets in the message using the sequence of routines indicated in the stored path, wherein the sequence includes a routine that is used to execute a Transmission Control Protocol (TCP) to convert one or more packets having a TCP format into a different format."

'683 Patent, claim 1.

By way of example for the '790 Patent, the Accused Instrumentalities do not perform any of the steps of:

- "storing instructions executable by the processing unit to:"
    - "receiving one or more packets of a message;"
    - "identifying, using an IP address and one or more port addresses located in one of the received packets, a sequence of two or more routines for processing packets in the message;"
    - "processing the one or more received packets using the identified sequence of routines, wherein the sequence includes a routine that is executable to perform a Transmission Control Protocol (TCP) to convert at least one of the packets of the message into a different format."

'790 Patent, claim 8.

By way of example for the '104 Patent, the Accused Instrumentalities do not perform any of the steps of:

- "storing instructions executable by the processing unit to:"
    - "receiving one or more packets of a message;"
    - "determining a key value using information in the one or more packets;"
    - "identifying, using the key value, a sequence of two or more routines, wherein the sequence includes a routine that is used to execute a Transmission Control Protocol (TCP) to process packets having a TCP format;"
    - "creating a path that includes one or more data structures that indicate the identified sequence of two or more routines, wherein the path is usable to store state information associated with the message;"
    - "processing subsequent packets in the message using the sequence of two or more routines indicated in the path."

'104 Patent, claim 1.

By way of example for the '780 Patent, the Accused Instrumentalities do not perform any of the steps of:

- "storing program instructions executable by the processor circuit to
    - "receiving, via the network interface, a packet of a message;"
    - "determining a key value for the packet, wherein the key value is determined based on one or more headers in the packet;"
    - "using the key value to determine whether the apparatus is currently storing a path for the key value, wherein one or more routines are specified in the path for processing packets of the message;"
- "in response to determining that no path is currently storing a path for the key value:
    - identifying, using the key value, one or more routines for processing the packet, including a particular routine that is used to execute a Transmission Control Protocol (TCP) to convert packets having a TCP format into a different format;"
    - "creating a path using the identified one or more routines;"
    - "processing the packet using the created path;"
    - "storing the rest of the path for use in processing subsequent packets in the message"
- "in response to determining that a path is currently stored for the key value process the packet using the stored path."

- 44 -

'780 Patent, claim 16.

By way of example for the '839 Patent, the Accused Instrumentalities do not perform any of the steps of:

- "receiving, at a computing device having a processing circuit, a packet of a message;"
- "determining, by the computing device, a key value for the packet, wherein the key value is determined based on one or more headers in the packet;"
- "using, by the computing device, the key value to determine whether the computing device is currently storing a previously created path for the key value;"
- "in response to determining that no path is currently stored for the key value, the computing device:"
    - "identifying, using the key value, one or more routines for processing the packet, including a routine that is used to execute a Transmission Control Protocol (TCP) to convert packets having a TCP format into a different format;"
    - "creating a path using the identified one or more routines wherein the created path stores state information for at least one of the identified one or more routines and specifies an ordering in which the identified one or more routines are to be performed to process the packet;"
    - "processing the packet using the created path."

'839 Patent, claim 1.

By way of example for the '387 Patent, the Accused Instrumentalities do not perform any of the steps of:

- "receiving, at a computing device, a packet of a message;"
- "determining, by the computing device, a key value for the packet, wherein the key value is determined based on one or more headers in the packet"
- "using, by the computing device, the key value to determine whether the computing device is currently storing a previously created path for the key value;"
- "in response to determining that no path is currently stored for the key value, the computing device:"
    - "identifying, using the key value, one or more routines for processing the packet, including a routine that is used to execute a User Datagram Protocol (UDP) to convert packets having a UDP format into a different format;"
    - "creating a path using the identified one or more routines"
    - "processing the packet using the created path."

- 45 -

'387 Patent, claim 15.

With respect to the applet patent (*i.e.*, the '075 Patent), the Accused Instrumentalities do not, either alone or in combination, receive requests from clients for a form of an "application" or "applet" and, in response to the request, generate the requested form of the "application" or "applet" and send that form to the client.

By way of example for the '075 Patent, the Accused Instrumentalities do not perform any of the steps of:

- "configuring an applet server manager at a server computer to manage at least one request from the one or more client computers for the one or more applets, the applet server manager having access to one or more networks;"
- "receiving the at least one request at the applet server manager;
- passing the at least one request from the applet server manager to at least one of the one or more networks;"
- "receiving the one or more applets at the applet server manager from the at least one of the one or more networks;"
- "processing the one or more applets at the applet server manager, wherein processing the one or more applets includes at least one of the following steps:"
- "compressing the one or more applets before sending the one or more applets to the one or more client computers"
- "optimizing the one or more applets before sending the one or more applets to the one or more client computers"
- "verifying the one or more applets before sending the one or more applets to the one or more client computers"
- sending the one or more applets from the applet server manager to the one or more client computers."

'075 Patent, claim 1.

Nor has Defendant contributed to the infringement or induced the infringement of any valid, enforceable claim of the Patents-in-Suit.

Any additional responsive and non-privileged information on this subject will be provided in expert reports and other submissions at the appropriate time under the Court's Scheduling Order, Local Rules, and the Federal Rules of Civil Procedure.

- 46 -

Discovery and Defendant's investigation are ongoing and Defendant reserves the right to supplement its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 8:**

Describe in detail each patent license agreement to which You are or have been a party, signatory, or beneficiary that covers or relates to network packet processing technology (including, without limitation, licenses for the offerings identified in response to Interrogatory Nos. 1 and 3), including without limitation: (i) the Date of the agreement; (ii) the parties to the agreement; (iii) the patent(s) involved; (iv) the product(s) covered; and (v) the amount paid and/or consideration exchanged, including any applicable royalty rate, upfront/lump- sum payments, or technology/patents transferred; and Identify all Documents reflecting the circumstances surrounding Your entry into such agreements or reflecting any Communications related to such agreements.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant incorporates by reference its General Objections as if fully set forth herein. Defendant objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law. Defendant objects to this Interrogatory because it is overbroad, unduly burdensome, not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation. In particular, Defendant objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks identification of "*each* patent license agreement to which You are or have been a party, signatory, or beneficiary that covers or relates to network packet

Respectfully submitted this 27th day of September, 2019.

                */s/ Alice E. Snedeker*
                Matthew S. Gaudet (Georgia Bar No. 287789)
                David C. Dotson (Georgia Bar No. 138040)
                John R. Gibson (Georgia Bar No. 454507)
                Alice E. Snedeker (Georgia Bar No. 151066)
                **DUANE MORRIS, LLP**
                1075 Peachtree Street, N.E., Suite 2000
                Atlanta, Georgia 30309-3929
                Office: (404) 253-6900
                E-mail: mcgaudet@duanemorris.com
                E-mail: dcdotson@duanemorris.com
                E-mail: jrgibson@duanemorris.com
                E-mail: aesnedeker@duanemorris.com

                Christopher J. Tyson (VA SBN 81553)
                cjtyson@duanemorris.com
                **DUANE MORRIS LLP**
                505 9th Street, N.W., Suite 1000
                Washington, DC 20004-2166
                Telephone: 202.776.7800
                Fax: 202.776.7801

                Deron R. Dacus
                ddacus@dacusfirm.com
                **THE DACUS FIRM, P.C.**
                821 ESE Loop 323, Suite 430
                Tyler, Texas
                Telephone: 903.705.1117
                Fax: 903.581.2543

                *Attorneys for Defendant Fortinet, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served via electronic mail upon Plaintiff Implicit, LLC's counsel of record in accordance with the Federal Rules of Civil Procedure on September 27, 2019.

**DUANE MORRIS, LLP**

*/s/ Alice E. Snedeker*
Alice E. Snedeker