**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC,<br>                    *Plaintiff,*<br><br>          v.<br><br> | § <br> § <br> § <br> § <br> § | |
| IMPERVA, INC. | § <br> § <br> § | Case No. 2:19-cv-00040-JRG-RSP<br>LEAD CASE |
| FORTINET, INC. | § <br> § | Case No. 2:19-cv-00039-JRG-RSP<br>CONSOLIDATED CASE |
| JUNIPER NETWORKS, INC.<br><br>          *Defendants.* | § <br> § <br> § | Case No. 2:19-cv-00037-JRG-RSP<br>CONSOLIDATED CASE |

## AMENDED DOCKET CONTROL ORDER

After consideration of Plaintiff's Opposed Motion to Amend the Docket Control Order, the Court concludes that Plaintiff has shown good cause for amending the DCO and therefore **GRANTS** Plaintiff's Motion (Dkt. No. 190). It is therefore **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| **Old Deadline** | **New Deadline** | **Event** |
|---|---|---|
| July 6, 2020 | | *Jury Selection – 9:00 a.m. in Marshall, Texas before Judge Rodney Gilstrap |
| June 3, 2020 | June 15, 2020 | *Pretrial Conference – 9:00 a.m. in Marshall, Texas before Judge Roy Payne |
| May 26, 2020 | | *Notify Deputy Clerk in Charge regarding the date and time by which juror questionnaires shall be presented to accompany by jury summons if the Parties desire to avail themselves the benefit of using juror questionnaires[1] |

---

[1] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire*.

| Old Deadline | New Deadline | Event |
|---|---|---|
| May 26, 2020 | June 12, 2020 | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| May 26, 2020 | June 8, 2020 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |
| May 18, 2020 | | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| May 11, 2020 | June 1, 2020 | File Motions *in limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| May 11, 2020 | June 1, 2020 | Serve Objections to Rebuttal Pretrial Disclosures |
| April 27, 2020 | May 27, 2020 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| April 20, 2020 | May 20, 2020 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |

| **Old Deadline** | **New Deadline** | **Event** |
|---|---|---|
| April 13, 2020 | May 15, 2020 | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed <u>prior</u> to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.[2]  Motions for Summary Judgment shall comply with Local Rule CV-56. |
| March 30, 2020 | May 1, 2020 | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| March 30, 2020 | May 1, 2020 | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
| March 25, 2020 | April 27, 2020 | Deadline to Complete Expert Discovery |
| March 6, 2020 | April 17, 2020 | Serve Disclosures for Rebuttal Expert Witnesses |

---

[2] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

| Old Deadline | New Deadline | Event |
|---|---|---|
| March 5, 2020 | April 10, 2020 | Deadline to Complete Mediation<br><br>The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. |
| February 27, 2020 | | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| February 18, 2020 | April 3, 2020 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| February 11, 2020 | March 31, 2020 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| March 17, 2020 | | *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne |
| March 3, 2020 | | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| February 25, 2020 | | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| February 18, 2020 | | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| January 28, 2020 | | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any)<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |
| December 18, 2019 | | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |

(*) indicates a deadline that cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**:  The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached.  If the parties do not reach an agreement, the Court will appoint a mediator.  The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and *Daubert* Motions**:  For each motion, the moving party shall provide the Court with two (2) hard copies of the completed briefing (opening motion, response, reply, and if applicable, sur-reply), excluding exhibits, in D-three-ring binders, appropriately tabbed.  All documents shall be single-sided and must include the CM/ECF header.  These copies shall be delivered to the Court within three (3) business days after briefing has completed.  For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall be submitted on a single flash drive to the Court.  Complete digital copies of the expert report(s) shall be delivered to the Court no later than the dispositive motion deadline.

**Indefiniteness**:  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance**:  The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)     The fact that there are motions for summary judgment or motions to dismiss pending;

(b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO")**:  Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO.  The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged).  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO**:  The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."

**SIGNED this 28th day of January, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE