**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

IMPLICIT, LLC,

               Plaintiff,

     v.

IMPERVA, INC.,

               Defendant.

Civil Action No. 2:19-cv-00040-JRG-RSP
(LEAD CASE)

**DEFENDANT IMPERVA, INC.'S NOTICE OF JOINDER IN
FORTINET, INC.'S MOTION TO STAY PENDING SANDVINE APPEAL AND
RESOLUTION OF FORTINET'S PENDING MOTIONS TO TRANSFER**

PLEASE TAKE NOTICE that Defendant Imperva, Inc. ("Imperva") hereby joins in Fortinet, Inc.'s Motion to Stay Pending Sandvine Appeal and Resolution of Fortinet's Pending Motions to Transfer filed on January 23, 2020, Dkt. No. 202 ("Fortinet's Motion to Stay"), and moves for a stay of Implicit's case against it for the same reasons set forth in Fortinet's Motion to Stay.

Fortinet filed its motion to stay the action against it based on two grounds.  First, a stay is appropriate pending resolution of the appeal in *Implicit, LLC v. Sandvine Corporation*, No. 2:18-cv-00054-JRG, Dkt. 20 (E.D. Tex.) ("Sandvine Action").  As set forth in Fortinet's Motion to Stay, the same key claim terms at issue in this case are on appeal in the Sandvine Action, and despite being collaterally estopped from arguing claim constructions in this case that differ from the ones determined in the Sandvine Action, Implicit is attempting to do just that.  Second, a stay is appropriate at least until the Court rules on Fortinet's motions to transfer, particularly its supplemental motion to transfer based upon the forum selection clause in the Intel License (Dkt. 185 in No. 2:19-cv-40).  Regarding the first ground, the same rationale for staying the Fortinet Action applies here, where Implicit's cases against Fortinet, Juniper, and Imperva have been consolidated for pretrial purposes, including *Markman* proceedings.  Regarding the second ground, although Imperva has not yet moved to transfer the action against it based on the forum selection clause in the Intel License, Imperva intends to do so promptly.  Imperva informed Implicit on or about December 5, 2019 that, like Fortinet and Juniper, it is licensed under the Intel License.  On January 18, 2020, Imperva provided further notice to Implicit of its license defense and that Imperva will seek to transfer this action on the same grounds as set forth in Juniper and Fortinet's pending supplemental motions to transfer (Dkt. Nos. 164 and 185).

A stay as to this proceeding is therefore warranted for the same reasons set forth in

Fortinet's Motion to Stay.  Accordingly, Imperva joins Fortinet's Motion to Stay for the reasons summarized as follows.  First, Implicit's action against Imperva should be stayed because a stay will promote judicial efficiency.  The resolution of the Sandvine Action would simplify the issues regarding claim construction and noninfringement in this case (and may eliminate Implicit's cause of action altogether) because Implicit is collaterally estopped from offering different constructions in this action.  *See* Fortinet's Motion to Stay (Dkt. No. 202) at § II.A.1.  A stay would also simplify the venue disputes surrounding the Intel License, in which Implicit agreed to litigate any issues arising thereunder in Delaware.  *See id.* at § II.A.2.

Second, Implicit's case against Imperva, like Implicit's case against Fortinet, has not reached an advanced stage.  *See* Fortinet's Motion to Stay (Dkt. No. 202) at § II.B.  Discovery has not been completed, claim construction briefing has not begun, and the Markman hearing is not scheduled until March 17, 2020.  Granting a stay now would relieve the Court of the burden of considering and deciding claim construction issues that are on appeal in the Sandvine Action and the subject of post-trial briefing in *NetScout*.  It would also allow the parties to avoid the expense of fact and expert discovery, and other case development, directed at such issues.

Third, Implicit is not a competitor and will suffer no undue prejudice from a stay of this action, and the other co-defendants have also moved for stays of this case.  *See* Fortinet's Motion to Stay (Dkt. No. 202) at § II.C.  Thus, Imperva's requested stay is appropriate at this stage and would reduce the burden on the Court and the parties by allowing the Federal Circuit to make its determination as to the construction of key claim terms also at issue in this action, and by allowing this Court to resolve whether this case should proceed instead in the District of Delaware.

Accordingly, Imperva respectfully requests that any relief ordered by the Court related to

Fortinet's Motion to Stay be ordered in favor of Imperva as well.

Dated: January 28, 2020          Respectfully submitted,

                          */s/ Michael J. Sacksteder*
                          Michael J. Sacksteder (Lead Attorney)
                          CA Bar No. 191605 (Admitted E.D. Tex.)
                          msacksteder@fenwick.com
                          Christopher L. Larson
                          CA Bar No. 308247 (Admitted E.D. Tex.)
                          clarson@fenwick.com
                          Jessica L. Benzler
                          CA Bar No. 306164 (Admitted E.D. Tex.)
                          jbenzler@fenwick.com
                          FENWICK & WEST LLP
                          555 California Street, 12th Floor
                          San Francisco, CA  94104
                          Telephone:    415.875.2300
                          Facsimile:    415.281.1350

                          Geoffrey R. Miller
                          TX Bar No. 24094847
                          gmiller@fenwick.com
                          FENWICK & WEST LLP
                          902 Broadway, Suite 14
                          New York, NY 10010-6035
                          Telephone:    212.430.2600
                          Facsimile:    650.938.5200

                        Counsel for Defendant
                        IMPERVA, INC.

## CERTIFICATE OF CONFERENCE

The undersigned herby certifies that counsel for Imperva has complied with the meet and confer requirement in Local Rule CV-7(h).   Counsel for Implicit indicated it does not oppose Imperva joining Fortinet's Motion to Stay, but opposes the underlying relief requested by Fortinet's Motion to Stay.   The personal conference required by Local Rule CV-7(h) was conducted on January 28, 2020 by counsel for Implicit and Imperva.

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail.


        */s/ Michael J. Sacksteder*
Michael J. Sacksteder