IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IMPLICIT, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>IMPERVA, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 2:19-cv-00040-JRG-RSP<br>(LEAD CASE) |

**DEFENDANT IMPERVA, INC.'S OPPOSED MOTION FOR EXPEDITED BRIEFING AND TO STAY ALL OTHER DEADLINES**

Defendant Imperva, Inc. ("Imperva") respectfully requests that the Court order an expedited briefing schedule with respect to Imperva's Motion to Transfer (Dkt. 231, "Transfer Motion") and a stay of all other deadlines in this matter. This motion is opposed.

On February 19, 2020, Imperva filed a motion seeking transfer to the U.S. District of Delaware based upon the forum selection clause in the Intel License (Dkt. 231 and 231-3). Imperva's Transfer Motion demonstrates good cause for transfer to the District of Delaware, and presents the same grounds as set forth in Juniper's and Fortinet's pending supplemental motions to transfer based on the same Intel License (Dkt. 164 and 185). Plaintiff Implicit, LLC's ("Implicit") opposition brief therefore will likely raise the same arguments in response to Imperva's Motion that it raised in opposing Juniper's and Fortinet's respective supplemental transfer motions (Dkt. 175 and 199). Thus, upon completion of the parties' briefing on Imperva's Transfer Motion, all parties will be in the same position regarding the forum selection clause of the Intel License. Accordingly, the Court's Order to Stay the cases against Fortinet and Juniper pending resolution of the respective motions to transfer (Dkt. 230), particularly in light

of Imperva's joinder in Fortinet's motion to stay (Dkt. 207), should apply to Imperva. Thus, for the reasons articulated in Fortinet's motion to stay (Dkt. 207), Imperva also requests a stay of all deadlines except for the expedited briefing on Imperva's Transfer Motion.

Expedited briefing is appropriate in this circumstance to preserve the parties' resources and promote judicial efficiency. Discovery has not been completed, the parties are currently briefing claim construction, and the Markman hearing is scheduled for March 17, 2020. Expedited briefing would allow the parties to avoid the further expense of claim construction, fact and expert discovery, and potential multiplication of proceedings if Imperva's case proceeds alone (with Juniper and Fortinet's cases stayed) on claim construction and expert reports, while the Court considers Imperva's motion to transfer on its normal timeline. Regarding judicial efficiency, expedited briefing would relieve the Court of the burden of considering and deciding claim construction issues that are on appeal in *Implicit, LLC v. Sandvine Corp.*, CAFC No. 20-1362, and the subject of post-trial briefing in *Implicit, LLC v. NetScout Sys., Inc.*, No. 2:18-cv-53-JRG (E.D. Tex. Apr. 15, 2019), prior to rendering its decision on the transfer issue. Expedited briefing would also relieve the Court of the burden of resolving Implicit's pending discovery motion, as some issues Implicit raises would be mooted should the case be transferred to Delaware.

Accordingly, Imperva's request to expedite briefing and stay all other case deadlines is appropriate at this stage and would reduce the burden on the Court and the parties by allowing the Court to resolve the common issue of whether this case should proceed instead in the District of Delaware.

Therefore, Imperva requests that the Court enter the following expedited briefing schedule:

| **Brief** | **Proposed Deadline** |
|---|---|
| Response to Motion | February 27, 2020 |
| Reply | March 2, 2020 |
| Sur-reply (if any) | March 4, 2020 |

Imperva respectfully requests that the Court enter the attached order setting an expedited briefing schedule for Imperva's Transfer Motion (Dkt. 231) and staying all other deadlines in this matter.

Dated: February 24, 2020                     Respectfully submitted,

/s/ Christopher L. Larson

Michael J. Sacksteder (Lead Attorney)
CA Bar No. 191605 (Admitted E.D. Tex.)
msacksteder@fenwick.com
Christopher L. Larson
CA Bar No. 308247 (Admitted E.D. Tex.)
clarson@fenwick.com
Jessica L. Benzler
CA Bar No. 306164 (Admitted E.D. Tex.)
jbenzler@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:     415.281.1350

Geoffrey R. Miller
TX Bar No. 24094847
gmiller@fenwick.com
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY 10010-6035
Telephone:    212.430.2600
Facsimile:     650.938.5200

Counsel for Defendant
IMPERVA, INC.

## CERTIFICATE OF CONFERENCE

The undersigned herby certifies that counsel for Imperva has complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on February 24, 2020.  Counsel for Implicit was Christian Hurt.  Counsel for Imperva were Chris Larson and Jessica Benzler.

No agreement could be reached.

*/s/ Christopher L. Larson*
Christopher L. Larson

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail.

                */s/ Christopher L. Larson*
                Christopher L. Larson