**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| IMPLICIT, LLC,<br>        Plaintiff,<br><br>v.<br><br>IMPERVA, INC.<br>        Defendant. | Case No. 2:19-cv-00040-JRG-RSP<br>LEAD CASE |

**PLAINTIFF IMPLICIT, LLC'S RESPONSE IN OPPOSITION TO
DEFENDANT IMPERVA, INC.'S MOTION FOR EXPEDITED BRIEFING
AND TO STAY ALL OTHER DEADLINES (DKT. NO. 234)**

## I.  <u>INTRODUCTION</u>

Plaintiff Implicit, LLC ("Implicit") respectfully requests that the Court deny Defendant Imperva, Inc.'s ("Imperva") Motion for Expedited Briefing and to Stay All Other Deadlines (Dkt. No. 234) ("Motion").  Imperva seeks a stay only by pointing to the allegations made within Fortinet, Inc.'s ("Fortinet") Motion to Stay (Dkt. No. 202).  But this action is not the *Fortinet* action and Imperva cannot use facts uniquely relevant to Fortinet—such as the time at which Fortinet's motions to transfer were filed—to support its request.  Imperva must, but never attempts to, show how the facts particular to this action justify a stay under the three relevant factors.  This failure requires the denial of its Motion.  A point confirmed when the facts of this action are actually inspected against the relevant factors.

## II.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Defendants Juniper Networks, Inc. ("Juniper") and Fortinet filed supplemental motions to transfer venue to the District of Delaware on December 9, 2019 and January 8, 2020, respectively. Dkt. Nos. 164 & 185.  Juniper also filed a motion requesting a stay on December 20, 2019 (Dkt. No. 174) and Fortinet's motion to stay followed on January 23, 2020 (Dkt. No. 202).  A "Notice of Joinder" was filed by Imperva in relation to Fortinet's motion to stay on January 28, 2020.  Dkt. No. 207.  A hearing on Juniper's and Fortinet's supplemental motions for transfer and motions to stay was held on February 6, 2020 (*see* Dkt. No. 221), which was followed by an order from this Court staying the *Juniper* and *Fortinet* actions "pending the resolution of the Motions to Transfer that were filed by Juniper (Dkt. No. 164) and Fortinet (Dkt. No. 185)."  Dkt. No. 230.

After this Order—and after attending the February 6 hearing—Imperva filed a motion to transfer venue under section 1404(a).  Dkt. No. 231.  On February 24, Imperva filed this Motion, and the Court ordered Implicit to file its response by March 9, 2020.  Dkt. Nos.  234 & 236.

## III.   APPLICABLE LAW

Courts have inherent power to stay a proceeding, which is a discretionary decision.  *See Mirror Worlds Tech., LLC v. Dell Inc.*, No. 6:13-CV-941, 2014 U.S Dist. LEXIS 181413, at *5 (E.D. Tex. Sep. 29, 2014).   Courts generally consider three factors: (1) "whether a stay will simplify the issues in question and trial of the case;" (2) "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party;" and (3) "whether discovery is complete and whether a trial date has been set."  *Id.*

## IV.   ARGUMENT

In its Motion, Imperva does not discuss why application of the three stay-factors favor granting its requested relief; nor does it discuss, to any extent, why the facts particular to this action justify a stay.   Instead, it only states that "for the reasons articulated in Fortinet's motion to stay . . . Imperva also requests a stay . . . ."  Mot., at 2.  That is insufficient.

### A.   Imperva Has Failed to Make a Showing that a Stay Is Appropriate

Fortinet's motion does not justify a stay of the *Imperva* action.  Fortinet sought to stay this case based on two grounds, the pendency of the appeal in *Implicit, LLC v. Sandvine Corporation*, No. 2:18-cv-00054-JRG, Dkt. 20 (E.D. Tex.) (the "*Sandvine* Appeal") and the pending motions to transfer.  *See* Dkt. No. 202, at 1.  On the former, the Court did not stay the *Fortinet* action pending the *Sandvine* Appeal.  Dkt. No. 230.  In granting Fortinet's motion, this Court only stayed the existing deadlines pending the resolution of Juniper and Fortinet's motions to transfer, even though Fortinet sought a stay for the entirety of the pendency of the *Sandvine* Appeal.  *See* Dkt. No. 202, at 13.  In any event, Implicit has already demonstrated in its Sur-Reply in Opposition to Juniper's Motion to Stay (Dkt. No. 194) and its Response in Opposition to Fortinet's Motion to Stay (Dkt. No. 215) why the *Sandvine* Appeal does not act as a sufficient basis to impose a stay.  Those

previously raised arguments are incorporated herein by reference.  *See* Dkt. Nos. 194, at 4 & 215, at 2-6; FED. R. CIV. P. 10(c).

The other basis raised in Fortinet's motion—the pendency of its motions to transfer—does not apply to the *Imperva* case.  *See* Dkt. No. 202, at 1.  Imperva's (incorrect) contention that "all the parties will be in the same position regarding the forum selection clause" (Mot., at 1) is irrelevant.  For purposes of arguing for a stay, the substance of the motions to transfer does not matter.  The relevant fact is the time at which they were filed.  *See Pragmatus AV, LLC v. Yahoo! Inc.*, Civil Action No. 11-902-LPS-CJB, 2013 U.S. Dist. LEXIS 79792, at *14-15 (D. Del. May 30, 2013) (declining to order a stay when the pending motion to transfer was "filed long after the case ha[d] been proceeding on the merits . . . and after significant fact discovery and other case events ha[d] taken place").  And the propriety of Imperva's stay request must be assessed against the particular timing of *its* motion to transfer—not Fortinet's.

Imperva was in possession of the Intel Agreement by September 2019, meaning it could have filed its transfer motion at the time Fortinet did so, but it chose not to.  *See* Dkt. No. 231-2, at ¶ 11.  Imperva, instead, delayed—filing its motion half a year after receiving the Agreement and more than a month after Fortinet's filing.  Imperva's motion cannot be considered timely, which deprives it of any ability to complain that it must now participate in the litigation of the merits of this case.  This result is of its own doing—not of some delay in receiving a court ruling on its transfer motion.  Indeed, the date on which Imperva decided to file its motion to transfer means that briefing will not be fully completed until *after* this case's *Markman* hearing.  *See* Dkt. No. 206, at 4.  This is not the factual scenario of Fortinet's motion and Imperva does not attempt to argue how these particular facts justify a stay.  Its Motion should be denied.  *See Pragmatus AV*, 2013 U.S. Dist. LEXIS 79792, at *14-15.

## B.     The Three Relevant Factors Do Not Support a Stay

All three of the relevant factors weigh against a stay.

### 1.     A Stay Is Unlikely to Simplify the Issues

A stay is more likely to complicate this case than simplify it.  The benefits Imperva purports

will arise if a stay is granted are entirely premised on the granting of its motion to transfer.  If the

opposite happens, and Imperva's motion is denied (which is the correct disposition), then a stay

will only result in unnecessary delay.  Moreover, Imperva never explains how the granting of its

motion to transfer would simplify any of the issues in this case.  Imperva only vaguely refers to

the "expense of claim construction, fact and expert discovery" and the "potential multiplication of

proceedings" that will arise if the *Imperva* action proceeds while the *Fortinet* and *Juniper* actions

are stayed.   Mot., at 2.   However, any complications or negative effects that Imperva will

experience by this result are of its own making.  Imperva received the Intel Agreement at the same

time as Juniper and Fortinet.  *See* Dkt. No. 231-2, at ¶ 11.  It, however, chose not to not move for

transfer under the forum-selection at the time Juniper and Fortinet did so.  It also chose not to move

for a stay at the time of Juniper's and Fortinet's requests.  It, instead, delayed until after attending

a hearing on these motions and after this Court granted Juniper and Fortinet requests for a stay.

The differing treatment between this action and the *Juniper* and *Fortinet* is the result of Imperva's

own actions.  Whether arising from a simple lack of diligence or a strategic decision to lay behind

the log, the consequences of Imperva's actions cannot be used as a means to secure a stay for its

own gain.  The factor weighs against a stay.

### 2.     A Stay Will Unduly Prejudice Implicit and Present Imperva with a Tactical Advantage

A stay will prejudice Implicit.  The delay will impair Implicit's general right to the timely

enforcement of its patent rights.  *See Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-CV-

1047-WCB, 2015 U.S. Dist. LEXIS 29572, at *8 (E.D. Tex. Mar. 11, 2015).  Additionally, a stay will prejudice Implicit by increasing its costs to litigate this case.

Imperva would also be provided a tactical advantage if this case is stayed, as Implicit "would lose the benefit promised by the Federal Rules of Civil Procedure—a 'just, speedy, and inexpensive determination of every action and proceeding.'"  *Intellectual Ventures II L.L.C. v. JP Morgan Chase & Co.*, 2014 U.S. Dist. LEXIS 129854, at *16 (S.D.N.Y. Aug. 11, 2014) (quoting FED. R. CIV. P. 1).  After sleeping on its rights for months and proceeding with this suit until the eve of a *Markman* hearing and major party depositions, Imperva seeks to put this case on hold.  It premises such a request on a motion to transfer that will not even be fully briefed until March 18.  This shows that Imperva's request for a stay was not made out of an intent to protect its rights under section 1404(a) from being unduly undermined by a delay in the resolution of its transfer motion.  The object of Imperva's request was to obtain for itself the tactical advantage of stopping litigation in this forum right at the moment significant case events are to occur.  *See Belden Techs. Inc. v. Superior Essex Communs. LP*, No. 08-63-SLR, 2010 U.S. Dist. LEXIS 90960, at *6-8 (D. Del. Sep. 2, 2010) ("A request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that they moving party is seeking an inappropriate tactical advantage.").  This factor weighs against stay.

### 3.    The Status of Litigation Weighs Against a Stay

The status of the case also weighs against a stay.  This case is set for a *Markman* hearing on March 17 and trial is in early July, the parties have engaged in written discovery, and substantial case deadlines have passed.  That includes, for example, the deadlines to: (1) substantially complete document production; (2) serve infringement and invalidity contentions; and (3) file the joint claim construction statement and *Markman* briefings.  *See* Dkt. No. 206  At this point, the

scales weigh against a stay.  *See Pragmantus AV*, 2013 U.S. Dist. LEXIS 79792, at *10 ("The Court thus finds that the stage of this litigation—with some important case events still ahead, but with many having already been completed—weighs slightly against a stay.").

As noted *supra*, Imperva unreasonably delayed in seeking a stay to this action.  This fact further pushes against a stay.  *Trover Grp.*, 2015 U.S. Dist. LEXIS 29572, at *11 (denying a stay where the defendant's delay "allowed the case to progress to a point at which the proceedings have become more active, and thus more expensive, for the parties.").  This factor weighs against a stay.

## V.   **CONCLUSION**

For the foregoing reasons, Implicit respectfully requests that the Court denies Imperva's Motion (Dkt. 234).

Date: March 9, 2020                                      Respectfully Submitted,

                                                         By: */s/ William E. Davis, III*
                                                         William E. Davis, III
                                                         (TX Bar No. 24047416)
                                                         bdavis@bdavisfirm.com
                                                         Christian J. Hurt
                                                         (TX Bar No. 24059987)
                                                         churt@bdavisfirm.com
                                                         Edward Chin (Of Counsel)
                                                         (TX Bar No. 50511688)
                                                         echin@bdavisfirm.com
                                                         Debra Coleman (Of Counsel)
                                                         (TX Bar No. 24059595)
                                                         dcoleman@bdavisfirm.com
                                                         Ty Wilson
                                                         (TX Bar No. 24106583)
                                                         twilson@davisfirm.com
                                                         **DAVIS FIRM, PC**
                                                         213 N. Fredonia Street, Suit, 230
                                                         Longview, Texas 75601
                                                         Telephone: (903) 230-9090
                                                         Facsimile: (903) 230-9661

Barry Golob
bgolob@cozen.com
Thomas Fisher
tfisher@cozen.com
**Cozen O'Connor**
1200 19th Street, NW
Suite 300
Washington, DC 20036
Telephone: (202) 912.4815
Facsimile: (202) 618.4843

*Counsel for Plaintiff Implicit, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email on this 9th day of March, 2020.

*/s/*William E. Davis, III
William E. Davis, III