# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| IMPLICIT, LLC | § § | |
| v. | § § | Case No. 2:19-CV-0040-JRG-RSP<br>LEAD CASE |
| IMPERVA, INC. | § § | |

**Telephonic Motions Hearing**
**MAG. JUDGE ROY PAYNE PRESIDING**
April 29, 2020

Time: 10:00 am                                                                                          Adjourn: 12:05 pm

ATTORNEYS FOR PLAINTIFF:        Bo Davis
                                Barry Golob
                                Christian Hurt

ATTORNEY FOR DEFENDANTS:        Michael Sacksteder
                                Jessica Benzler
                                Christopher Larson

LAW CLERK:                      Steven Laxton

COURT REPORTER:                 Shelly Holmes

COURTROOM DEPUTY:               Becky Andrews

Court opened.   Case called.   The parties introduced themselves.

Christian Hurt argued Plaintiff's Motion to Compel Discovery (Dkt. No. 211) and Plaintiff's Second Motion to Compel Discovery (Dkt. No. 248).   Michael Sacksteder responded.   Chris Larson also responded for Imperva.

Christian Hurt provided an overview of the discovery timeline, asserted that Imperva has not produced discovery, and suggested that, given the amount of time that has passed, cost & fee shifting is warranted. A set of PowerPoint slides produced by Plaintiff's counsel was used to guide discussion. Christian Hurt then proceeded to argue the first of four categories of requested discovery: documents requested. Michael Sacksteder and Christopher Larson responded. Christian Hurt replied. The Court began discussion on the second category: source code.

Christian Hurt argued for source code disclosure. Judge Payne asked Defendant's counsel what objections they had to Plaintiff's counsel's proposed remote review procedure. Michael Sacksteder indicated issues with the Plaintiff's counsel's proposed remote review procedure. The Court, Michael Sacksteder, and Christopher Larson discussed Defendant's counsel's remote

review procedure. The Court asked Christian Hurt for further comments on Defendant's counsel's remote review procedure.

The Court noted that interrogatories and depositions would be addressed after recess.

The Court asked Christian Hurt to discuss the next category. Christian Hurt requested to confirm that the entire source code base on accused products would be available by Defendant's counsel's remote review procedure. The Court confirmed that is the Court's understanding. Michael Sacksteder confirmed.

Christian Hurt argued interrogatories. The Court confirmed that the interrogatories at issue are Interrogatory 7, 9-11, and 13-15. Michael Sacksteder responded to Christian Hurt's arguments. The Court directed Steven Laxton to send an email to both counsel so that Michael Sacksteder can email recently produced supplemental responses to the Court, including an email copy to Christian Hurt.

Christian Hurt argued depositions. Christian Hurt indicated a need for a timeline to depose Terry Ray and Yaniv Azaria and that Dave Woodcock left the company. Christian Hurt indicated that at the current state of discovery that second depositions would be necessary if documents are not produced in advance. The Court noted not to assume the opportunity of a second deposition of anyone without having sought relief in advance.

Christian Hurt indicated that the parties have agreed to remote depositions. Michael Sacksteder indicated that Dave Woodcock is a third party as he no longer works for Imperva and is not represented by Defendant's counsel. The Court noted that further discovery ordered should be produced quickly and then parties can determine the timeline for depositions. The Court asked if counsel had any further topics to discuss.